1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

9
10
11
12
13
14
15
16

| | |
|---|---|
| JIPC Management, Inc.<br><br>                    Plaintiff,<br><br>      v.<br><br>Incredible Pizza Co., Inc.; Incredible Pizza Franchise Group, LLC; and CJM Racing, LLC<br>                    Defendants. | Case No. CV08-04310 MMM (PLAx)<br><br>**ORDER**<br><br>**The Hon. Margaret M. Morrow** |

17
18
19
20
21
22
23
24
25
26
27
28

Upon consideration of the parties' Stipulation re Protective Order, and with good cause appearing,

THEREFORE, IT IS ORDERED:

**1.     SCOPE OF ORDER.**

All production and disclosure of information and documents designated as "Confidential" or "Attorneys' Eyes Only" (collectively "Protected Information") during this litigation shall be governed by this Order.

**2.     MATERIALS SUBJECT TO DESIGNATION AS PROTECTED INFORMATION.**

Materials that may be designated as either Confidential or Attorneys' Eyes Only include, but are not limited to documents, information and materials or things

1

produced or revealed during depositions, during discussions of compromise or settlement, and in response to discovery requests.  Documents, information, or other materials previously produced, disclosed, or exchanged in the Trademark Trial and Appeal Board proceedings between JIPC and IPC, and designated as either Confidential or Attorneys' Eyes Only, shall retain such designations for purposes of these proceedings, subject to the provisions of Paragraph 4, herein.

**A.    Definition of Confidential Information.**

The parties shall limit the use of the Confidential designation to those materials which contain or disclose trade secrets (as that term is defined in California Civil Code § 3426.1, incorporated herein by reference) or confidential research, development, commercial, financial or proprietary information, or which contain or disclose information protected by the right to privacy.  Those documents constituting confidential information include, but are not limited to:

**(a)**    Financial documentation in the form of contracts, commission sheets, vendor A/P lists and other documents which reasonably disclose the overhead, expense and payables of the parties such that profit margins and pricing schedules constituting trade secrets (as that term is defined in California Civil Code § 3426.1, incorporated herein by reference) could be determined by the opposing party or third parties;

**(b)**    Customer lists and other documents containing the identity of customers substantially in a list form which would disclose the parties' trade secrets (as that term is defined in California Civil Code § 3426.1, incorporated herein by reference);

**(c)**    Confidential Information shall not include any document, information, or other material that:

**(i)**    is, at the time of disclosure, in the public domain by

**[PROPOSED] ORDER**

Portlnd2-4749105.2 0061355-00004

publication or otherwise;

(ii)   becomes at any time, through no act or failure to act on the part of the recipient party, part of the public domain by lawful publication or other lawful act;

(iii)   is already in the possession of a party at the time of disclosure and was not acquired directly or indirectly from the disclosing party, except that this exclusion shall not apply to confidential or attorneys' eyes only documents previously produced, disclosed or exchanged in the Trademark Trial and Appeal Board proceedings between JIPC and IPC; or

(iv)   is made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

**B.   Definition of Attorneys' Eyes Only Information.**

The designation of materials as "Attorneys' Eyes Only" as used herein shall be limited to Confidential Information that a competitor would have difficulty disregarding in a competitive situation, including, but not limited to, information about pricing, marketing strategies and approaches, specific financial information, engineering and technical documents, business plans or projections, product development, competition surveys (excluding any likelihood of confusion surveys or other trademark surveys), acquisition offers or expressions of interest and those documents and materials that are solely used in the calculation of the profits of the supplying party, and such other information that the producing party believes in good faith should be designated as Attorneys' Eyes Only.

//

//

**[PROPOSED] ORDER**

**3.     MEANS AND MANNER OF DESIGNATING PROTECTED INFORMATION.**

A party, or a non-party agreeing to be bound by the terms of this Stipulation and Order, supplying information or materials designated Confidential or Attorneys' Eyes Only shall designate the information as such in the following manner:

**(a)**     with respect to documents or information revealed in discussions of compromise or settlement or produced in response to discovery requests, the supplying party or non-party shall either (i) before the production clearly and prominently mark the information as "Confidential" or "Attorneys' Eyes Only", or (ii) if designated after the production, identify the information as Confidential or Attorneys' Eyes Only by specific bates range or interrogatory number;

**(b)**     with respect to deposition testimony, the designating party or non-party shall identify the information contained in the testimony on the record, if possible, or as soon as possible after the preparation of the deposition transcript by page and line number as "Confidential" or "Attorneys' Eyes Only" by written notice to all other parties.

**4.     OBJECTIONS TO DESIGNATIONS OF PROTECTED INFORMATION.**

Either party may object to the designation of any information as either Confidential or for Attorneys' Eyes Only at any time.  If the parties are unable to resolve the objection, either party may move the Court to rule on the objection pursuant to the procedures set forth in local Rule 37. The party or non-party making the designation shall have the burden of justifying that designation to the Court. Until an objection to the designation of information has been resolved by agreement or by order of the Court, the information shall be treated by the parties as subject to the terms of this Order.

**[PROPOSED] ORDER**

Portlnd2-4749105.2 0061355-00004

**5.     NO STIPULATION TO CORRECTNESS OF DESIGNATIONS.**

Nothing in this Stipulation and Order shall be construed in any way as a finding by the Court that material designated as Confidential or for Attorneys' Eyes Only by a party, or by a non-party agreeing to be bound by the terms of this Stipulation and Order, is confidential or meets the standards of Fed. R. Civ. P. 26(c). Further, nothing in this Stipulation and Order shall be deemed a waiver of either party's right to object that information that has been produced or will be produced in this action is not authentic, admissible or discoverable.

**6.     RESTRICTIONS ON USE AND DISCLOSURE OF PROTECTED INFORMATION.**

Information that is designated as Confidential or for Attorneys' Eyes Only shall be used exclusively and solely for preparation for and conduct of this litigation and shall not be disclosed, made available or disseminated in any manner for any other purpose.  Individuals authorized to review such information pursuant to this Order shall hold the information in confidence and shall not divulge the information, either verbally or in writing, to any person or entity not otherwise authorized to receive the information under this Order unless authorized to do so by order of the Court.

**7.     PERMITTED USE AND DISCLOSURE OF CONFIDENTIAL OR FOR ATTORNEYS' EYES ONLY INFORMATION.**

    **A.     Information Designated Confidential**

Information that is designated as Confidential shall be shown or made available only to the following persons:

        **(a)**     Outside counsel and inside counsel for the parties to this litigation, and employees of such counsel, who are actively engaged in connection with the preparation for and trial of this litigation, or in monitoring such activities;

        **(b)**     Officers, directors and employees of the parties who are assisting

**[PROPOSED] ORDER**

Portlnd2-4749105.2 0061355-00004

in the preparation of or actively engaged in connection with or making decisions with respect to the preparation for and trial of this litigation, or in monitoring such activities, provided that any such individuals have first agreed to be bound by this Order;

(c)     Court personnel and/or court reporters who are actively engaged in connection with the preparation for and trial of this litigation;

(d)     To the extent deemed necessary by counsel, independent experts or consultants (including their employees or clerical assistants) who are employed, retained or otherwise consulted by counsel of record or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in any way in the litigation, provided that such individuals have first agreed to be bound by this Order by executing an undertaking in the form attached hereto as Exhibit A;

(e)     To the extent deemed necessary by counsel, to a trial witness during the taking of the witness's testimony;

(f)     To the extent deemed necessary by counsel, witnesses, in preparation for giving testimony in this litigation by deposition or at trial relating to information designated as Confidential or who are believed to possess information deemed necessary for the prosecution or defense of the litigation, provided that the witness has first agreed to be bound by this Order and has executed an undertaking in the form attached hereto as Exhibit A;

(g)     The author of the document and anyone shown on the document as having received it in the ordinary course of business.

**B.     Information Designated Attorneys' Eyes Only.**

Information that is designated as Attorneys' Eyes Only shall be shown or made available only to the following persons:

**[PROPOSED] ORDER**

**(a)**     Outside counsel for the parties to this litigation, and employees of such counsel, who are actively engaged in connection with the preparation for and trial of this litigation, or in monitoring such activities;

**(b)**     Court personnel and/or court reporters who are actively engaged in connection with the preparation for and trial of this litigation;

**(c)**     To the extent deemed necessary by counsel, independent experts or consultants (including their employees or clerical assistants) who are employed, retained or otherwise consulted by counsel of record or a party (but who may not be an employee of a party or corporate affiliate of a party, or someone who is otherwise involved in or consulted regarding the business of the party) for the purpose of analyzing data, conducting studies or providing opinions to assist in any way in the litigation, provided that such individuals have first agreed to be bound by this Order by executing an undertaking in the form attached hereto as Exhibit A.

**(d)**     The author of the document and anyone shown on the document as having received it in the ordinary course of business.

**8.     STORAGE OF PROTECTED INFORMATION.**

Except as otherwise provided herein, information designated Confidential or for Attorneys' Eyes Only by a producing party shall not be stored on the premises of the receiving party or on the premises of any corporate affiliate of the receiving party. Outside counsel for the receiving party may temporarily transfer information designated as Confidential or for Attorneys' Eyes Only to the premises of the receiving party for purposes of meeting with the receiving party regarding this litigation, provided such information is returned to outside counsel after the conclusion of such meeting and the provisions of this [Proposed] Order are strictly adhered to.

**[PROPOSED] ORDER**

**9.     ATTORNEYS' EYES ONLY INFORMATION IN DEPOSITIONS.**

If a deposition taken on behalf of any party involves a disclosure of information that is designated Attorneys' Eyes Only, then in addition to any other limitations in this Order as to whether such information may be disclosed to the deponent during the deposition, the party or non-party that produced such information shall have the right to exclude from attendance at said deposition (only during such time as Attorneys' Eyes Only information is to be disclosed) any person other than persons authorized by this Order to have access to such Attorneys' Eyes Only information.

**10.     RETURN AND DESTRUCTION OF PROTECTED INFORMATION.**

Within sixty (60) days after the conclusion of this litigation by dismissal, disposition of appeal, or settlement, all copies of documents that have been produced and designated as Confidential or Attorneys' Eyes Only, and all documents reflecting information that is Confidential or Attorneys' Eyes Only, shall be returned to the supplying party, or the parties may agree upon appropriate methods of destruction, except that documents reflecting attorney work product that contain material or information designated as "Confidential" or "Confidential-Attorneys' Eyes Only" may be retained in outside counsel's files.

**11.     FILING OF PROTECTED INFORMATION WITH THE COURT.**

In the event that any papers to be filed or lodged with the Court include Protected Information, the proposed filing or lodging of such papers shall be accompanied by an application pursuant to Local Rule 79-5.1, or such other rules as may then be in effect, to file or lodge the papers or the portions thereof containing Protected Information under seal; such application shall be directed to the judge to whom the papers are directed.  Any application seeking to file documents under seal must demonstrate "good cause" for documents attached to non-dispositive motions, or "compelling reasons" for documents attached to dispositive motions, as those standards

Portlnd2-4749105.2 0061355-00004

1  are defined by Ninth Circuit case law.  *See Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792,

2  801 (9th Cir. 2007); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th

3  Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir.

4  2003).

5         When submitting to the Court any application to file under seal pleadings,

6  memoranda or other papers containing or referring to Protected Information, the

7  papers that are subject to the application shall be delivered to the Clerk of the Court in

8  sealed envelopes in compliance with Local Rule 79.5-1 and bearing the word

9  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", as appropriate, and a

10  statement substantially in the following form:

11             "FILED UNDER SEAL PURSUANT TO PROTECTIVE

12             ORDER ISSUED BY THE COURT.  THIS ENVELOPE IS

13             NOT TO BE OPENED NOR ARE THE CONTENTS TO BE

14             EXAMINED, DISPLAYED, REVEALED, OR COPIED

15             EXCEPT IN COMPLIANCE WITH THE PROTECTIVE

16             ORDER."

17         Either party may request that any Court hearing that refers to or describes

18  Protected Information be held in camera.  The manner of presentation and use of

19  Protected Information at any such hearing and/or at trial shall be addressed by the

20  presiding judge.

21  **12.     EFFECT OF INADVERTENT DISCLOSURES.**

22         The inadvertent or unintentional disclosure by the designating party or non-

23  party of Protected Information, regardless of whether the information was so

24  designated at the time of disclosure, shall not be deemed a waiver in whole or in part

25  of the claim of confidentiality either as to the specific information disclosed or as to

26  any other information relating thereto or on the same or related subject matter.

**[PROPOSED] ORDER**

Portlnd2-4749105.2 0061355-00004

**13.    GENERAL PROVISIONS.**

This Stipulation and Order may be executed in any number of counterparts each of which shall be deemed to be an original and all of which shall constitute one and the same agreement.

This Stipulation and Order shall not preclude the parties or their attorneys from making any applicable claims of privilege during discovery or at trial, nor shall the order preclude the filing of any motion with the Court for additional protections not provided by this Stipulation and Order, or for revisions of this Stipulation and Order.

The provisions of this Stipulation and Protective Order shall survive the termination of the action, and shall remain enforceable by the parties.

This Protective Order may be modified by subsequent Order of the Court.

Dated:  April 23, 2009

_____

Paul L. Abrams
UNITED STATES MAGISTRATE JUDGE

**[PROPOSED] ORDER**

Portlnd2-4749105.2 0061355-00004

# EXHIBIT A

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| **JIPC MANAGEMENT, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**INCREDIBLE PIZZA CO., INC.; INCREDIBLE PIZZA FRANCHISE GROUP, LLC; CJM RACING,  LLC.;**<br><br>**Defendants.** | **Case No. CV08-4310 MMM(PLAx)**<br><br>**ACKNOWLEDGMENT OF PROTECTIVE ORDER GOVERNING USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION**<br><br>**EXHIBIT A TO STIPULATION RE PROTECTIVE ORDER**<br><br>**The Hon. Margaret M. Morrow** |

I, _____ [print name], declare that I have been provided with a copy of the Protective Order regarding the disclosure of, and protection of, certain types of information and documents during and after the above-captioned action before the U.S. District Court for the Central District of California.

I have read the Protective Order and understand its terms and provisions, by which I agree to be bound. Specifically, I agree to hold in confidence any information or documents disclosed to me in conjunction with any part I take in this proceeding.   I hereby submit to the jurisdiction of the U.S. District Court for the Central District of California for the purposes of enforcing the terms of this Acknowledgement and the Protective Order.

I declare under the penalty of perjury that these statements are true and correct.

Signature:   _____

Name:        _____

Title:         _____

Date:         _____

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **[PROPOSED] ORDER** on the following

named persons on the date indicated below by

☐ mailing with postage prepaid

☐ hand delivery

☐ facsimile transmission

☐ overnight delivery

☒ email

☒ notice of electronic filing using the Cm/ECF system

Glenn S. Bacal
Holme Roberts & Owen LLP
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ  85254-1597

Lawrence P. Ebiner
Holme Roberts & Owen LLP
800 West Olympic Boulevard, 4th Floor
Los Angeles, CA  90015

Attorneys for Incredible Pizza Co., Inc. and
Incredible Pizza Franchise Group, LLC

DATED:  April 22, 2009.              STOEL RIVES LLP

_____
STEVEN E. KLEIN
OSB No. 051165
Telephone:  (503)-294-9138
Attorneys for Plaintiff
JIPC Management, Inc.

Page 1   -   CERTIFICATE OF SERVICE