1   RONALD P. OINES (SBN 145016)
    roines@rutan.com
2   RUTAN & TUCKER, LLP
    611 Anton Boulevard, 14th Floor
3   Costa Mesa, CA  92626-1931
    Telephone:  (714) 641-5100
4   Facsimile:  (714) 546-9035

5   RANDOLPH C. FOSTER (OSB 784340)
    rcfoster@stoel.com
6   (*pro hac vice*)
    STEVEN E. KLEIN (OSB 051165)
7   seklein@stoel.com
    (*pro hac vice*)
8   STOEL RIVES LLP
    900 SW Fifth Avenue, Suite 2600
9   Portland, OR  97204
    Telephone:  (503) 224-3380
10  Facsimile:  (503) 220-2480

11  EDWARD C. DUCKERS (SBN# 242113)
    ecduckers@stoel.com
12  STOEL RIVES LLP
    555 Montgomery Street, #1288
13  San Francisco, CA  94111
    Telephone:  (415) 617-8900
14  Facsimile:  (415) 617-8907

15  Attorneys for Plaintiff
    JIPC Management, Inc.

16

17

18              UNITED STATES DISTRICT COURT

19             CENTRAL DISTRICT OF CALIFORNIA

20  JIPC MANAGEMENT, INC.,                Case No. CV08-4310 MMM (PLAX)

21              Plaintiff,                **PLAINTIFF'S OPPOSITION TO
                                          DEFENDANTS' MOTION IN
22          v.                            LIMINE NO. 3 RE:  EVIDENCE
                                          OF ALLEGED ACTUAL
23                                        CONFUSION**
    INCREDIBLE PIZZA CO., INC.;
24  INCREDIBLE PIZZA FRANCHISE            **Hon. Margaret M. Morrow**
    GROUP, LLC; CJM RACING, LLC,
25                                        **Date:       July 13, 2009**
                Defendants.               **Time:       9:00 a.m.**
26                                        **Ctrm:       Roybal 780**

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW     PLAINTIFF'S OPPOSITION TO
PORTLAND             DEFENDANTS' MOTION IN LIMINE NO. 3        CV08-4310 MMM (PLAX)

Portlnd2-4767332.3 0061355-00004

1    Plaintiff JIPC Management, Inc. ("JIPC") submits this Opposition to

2  Defendants' Motion in Limine No. 3 Re:  Evidence of Alleged Actual Confusion

3  (MIL No. 3").

4              **MEMORANDUM OF POINTS AND AUTHORITIES**

5  **I.     Introduction.**

6        Defendants' MIL No. 3 constitutes one of several misguided attempts to

7  exclude evidence of actual confusion in this case.

8        It is well-settled that evidence of actual confusion is one of the factors a court

9  must consider in a trademark case to determine whether there is a likelihood of

10 confusion. *AMF Inc. v. Sleekcraft Boats*, 599 F. 2d 341, 348 (9th Cir. 1979).

11 Indeed, the *Sleekcraft* court noted that "[e]vidence that use of the two marks has

12 already led to confusion is persuasive proof that future confusion is likely." *Id*. at

13 352 (*citing Plough, Inc. v. Kreis Labs.*, 314 F.2d 635, 639 (9th Cir. 1963)).  As one

14 commentator has noted:

15              Actual confusion is the best evidence of a likelihood of

16              confusion.  Convincing evidence of significant actual

17              confusion occurring under actual marketplace conditions

18              is the evidence [*sic*] of a likelihood of confusion.  Any

19              evidence of actual confusion is strong proof of the fact of

20              a likelihood of confusion.  No matter how convinced a

21              trial judge may be of the absence of any likelihood of

22              confusion, he or she must at least listen to evidence

23              presented of actual confusion.

24 J. Thomas McCarthy, 4 *McCarthy On Trademarks* § 23:13 at 23-88 to 23-

25 89 (2009) (footnote omitted).

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 3          -1-          CV08-4310 MMM (PLAX)

Portlnd2-4767332.3 0061355-00004

1    Despite these well-settled principles, Defendants seek a broad pretrial

2    Order excluding evidence of actual confusion. Defendants' Motion should

3    be denied.[1]

4    **II.    The Emails, Website Inquiries, and Comment Cards Defendants Address in Their Motion Are Admissible.**

5

6         Relying on *Duluth News-Tribune v. Mesabi Publishing Co.*, 84 F.3d 1093

7    (8th Cir. 1996), Defendants argue that the Court should exclude emails, internet

8    queries, and comment cards because they are allegedly hearsay.[2] Defendants are

9    wrong.

10        First, as one Judge in the Eastern District of California recently noted, *Duluth*

11   is in the minority, and the vast majority of courts hold that testimony from the

12   plaintiff's employees regarding confusion—including confusion expressed in

13   emails received by the plaintiff—is admissible because it is not hearsay. *Cytosport,*

14   *Inc. v. Vital Pharms., Inc.*, --- F. Supp. 2d ---, No. CIV. S-08-2632, 2009 WL

15   1444535, at *15-16 (E.D. Cal. 2009). The court in *Cytosport* noted the *Duluth*

16   opinion was inconsistent with the majority of courts and cited numerous cases in

17   which the courts have held statements regarding confusion are not hearsay because

18   they were offered to show the state of mind of the confused person, not to prove the

19   truth of the matter asserted. *Id.*

20   _____

21       [1]    To the extent there is particular evidence, testimony, or documents that Defendants believe is inadmissible, Defendants will have an opportunity at trial to
22   object, as appropriate. However, Defendants' attempt to obtain a broad pretrial Order to exclude all evidence of actual confusion is unwarranted, particularly
23   because the authorities discussed below confirm that the particular evidence Defendants address in their MIL No. 3 is admissible.

24       [2] Defendants once again attempt to characterize customer comments and inquiries submitted through Plaintiff's website as akin to "misdirected phone calls
25   and mail." But these communications were not received by Plaintiff because of alleged carelessness in typing an email address (which here would have to be
26   "inadvertently" typing "Comments-From-Web-Site@johnspizza.com" instead of "info@incrediblepizza.com.") Rather, these communications were submitted
27   through a form on the JIPC website that the user reaches only after clicking the "Contact" link on the main page, which has the John's Incredible Pizza Co. name
28   and mark prominently displayed. (*See* Doc. 139 ¶¶ 47, 48.)

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 3          -2-                    CV08-4310 MMM (PLAX)

Portlnd2-4767332.3 0061355-00004

1    The court noted: "Defendant objects to the above evidence on hearsay

2    grounds, arguing plaintiff's employees cannot proffer this evidence of customer

3    confusion. Defendant's objection is unavailing." *Id*. at *15 (footnote and citation

4    omitted). The court further noted that only the Eighth Circuit, in *Duluth*, has held

5    such testimony to be inadmissible, and that the Second, Third, Fourth, and Fifth

6    Circuits have all held that such evidence is admissible. *Id*.

7    The *Cytosport* court also noted that other courts have held that such evidence

8    is not hearsay because employee statements regarding a customer's confusion is

9    evidence of the customer's state of mind. *Id*. Regardless of the reason, the vast

10   majority of courts admit such evidence.

11   Under *Cytosport* and the numerous cases cited therein, none of the evidence

12   about which Defendants complains is hearsay because none of it will be offered to

13   prove the truth of the matter asserted. *See also Conversive, Inc. v. Conversagent,*

14   *Inc.,* 433 F. Supp. 2d 1079, 1091 (C.D. Cal. 2006) (in admitting employee

15   testimony about customer confusion, court refused to follow *Duluth* and, instead,

16   "[found] the reasoning of the Second, Third, Fourth and Fifth Circuits to be

17   persuasive").

18   To the extent JIPC will seek to introduce any of the emails or website

19   inquiries attached to Defendants' Motion (or any other emails or inquiries for that

20   matter), JIPC will not be offering them to prove the truth of the matter stated in the

21   emails or inquiries. The evidence, therefore, is simply not hearsay. *Id.*

22   The other cases cited by Defendants confirm that such evidence is

23   admissible. *See Toys "R" Us, Inc. v. Lamps R Us*, 219 U.S.P.Q. 340, 346 (USPTO

24   1983) (Trademark Trial and Appeal Board rejected hearsay objection and admitted

25   evidence); *Therma-Scan, Inc. v. Thermoscan, Inc*., 295 F.3d 623, 634-35 (6th Cir.

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 3          -3-          CV08-4310 MMM (PLAX)

Portlnd2-4767332.3 0061355-00004

1   2002) (court admitted and considered numerous emails offered to show persons

2   sending emails were confused).[3]

3        In light of the foregoing, emails and internet queries that tend to show

4   confusion are admissible. To the extent "comment cards" show confusion, they are

5   also admissible for the same reasons. But Defendants miss the point regarding the

6   "comment cards."

7        JIPC has not argued that the comment cards show confusion. Rather, JIPC

8   intends to introduce the comment cards to rebut Defendants' expert. In particular,

9   Defendants' expert opined that JIPC's customers always refer to JIPC as "John's

10  Incredible Pizza Company." These comment cards refute that opinion. Thus, the

11  comment cards are not offered to prove the truth of the matter asserted therein and,

12  therefore, are not hearsay.

13  **III.    Employee Testimony About Actual Confusion Is Admissible.**

14       As set forth above, the vast majority of courts, including courts in the Ninth

15  Circuit, hold that employees of the plaintiff may testify as to confusion of third

16  parties. Such testimony is simply not hearsay. JIPC will offer detailed testimony

17  of employees and other witnesses who encountered confusion by others. Under the

18  authorities discussed above, such testimony is admissible.

19       Defendants cite three older cases from the Central District of California to

20  support their argument, but those cases and the reasoning therein, have been

21  rejected by the more recent cases cited above. For example, in *Conversive*, the

22  Court explicitly rejected all three of the cases cited at page five of Defendants'

23  Motion (the *Avery Dennison, Fierberg*, and *Alchemy II* cases). *Conversive*, 433 F.

24  Supp. 2d at 1092. In rejecting these cases, the *Conversive* Court noted that "none

25  of these cases discuss the issue of whether the statements are offered for their truth

26  _____

27       [3]   *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 290 F. Supp.
     2d 1083 (C.D. Cal. 2003), is not relevant here. In that case, the court simply held a
     declaration stating that several people were confused without any other supporting

28  information whatsoever was inadmissible.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 3          -4-                    CV08-4310 MMM (PLAX)

Portlnd2-4767332.3 0061355-00004

1    or whether the state-of-mind exception to the hearsay rule applies. For that reason,

2    the Court does not find them persuasive." *Id.*

3          JIPC submits that the more recent Central and Eastern District cases,

4    *Conversive* and *Cytosport*, properly apply the hearsay rule and are consistent with

5    the vast majority of courts from other circuits. Pursuant to these authorities,

6    testimony from JIPC's employees regarding confusion is admissible. Yet, even if

7    this Court were to follow the reasoning of *Duluth* or the earlier cases from the

8    Central District, a broad pretrial Order excluding all testimony regarding actual

9    confusion is not warranted.

10   **IV.    Evidence of Actual Confusion Occurring Prior to April 2008 Is
            Admissible.**
11

12         Finally, relying on a single case that is not on point, Defendants argue that

13   JIPC should be precluded from introducing any evidence of actual confusion prior

14   to April 2008. Defendants' argument is based on the fact that JIPC has stated in

15   this case that, because the parties were in geographically separate areas until March

16   2008, JIPC's cause of action for trademark infringement did not accrue until that

17   time. According to Defendants, if there was no "likelihood of confusion" prior to

18   March 2008, there could be no relevant "actual confusion" prior to that time.

19   Defendants are wrong.

20         Defendants argument is grounded on the unsupported premise that every

21   instance of actual confusion creates a likelihood of confusion. But courts recognize

22   that it is possible to have instances of "actual confusion" without a "likelihood of

23   confusion." *See, e.g., Glow Indus. v. Lopez*, 252 F. Supp. 2d 962, 999 (C.D. Cal.

24   2002). Moreover, it is significant that most of the evidence of actual confusion

25   prior to March 2008 was as the result of potential customers of one party stumbling

26   onto the website of the other party, presumably as the result of a keyword search.

27   The only difference between those instances of confusion and the similar instances

28   that have occurred since March 2008 is that, prior to March 2008, Defendants'

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 3          -5-          CV08-4310 MMM (PLAX)

Portlnd2-4767332.3 0061355-00004

1  operations and activities were not deliberately targeted at potential purchasers in

2  California and the surrounding states such that there was sufficient overlap to

3  support a cause of action.

4          It was only in March 2008, when Defendants actively began targeting

5  potential purchasers in California and the surrounding states by, among other

6  things, utilizing the "Incredible Pizza.Com" mark in connection with its NASCAR

7  sponsorship in an effort to advertise and direct attention to Defendants' website,

8  that a cause of action for infringement arose.

9          The single case cited by Defendants (the *Taj Mahal* case from the District of

10  New Jersey) does not support Defendants' position.  That case did not even involve

11  the issue of whether particular evidence of actual confusion is admissible.

12          JIPC is unaware of any case—and Defendants have not cited one—in which

13  a court excluded evidence of actual confusion simply because that confusion

14  occurred before the plaintiff had a cognizable infringement claim.

15  **V.      Conclusion.**

16          In light of the foregoing, the Court should deny Defendants' MIL No. 3.

17

18  DATED:  June 29, 2009                    STOEL RIVES LLP

19                                          By:/s/Steven E. Klein

20                                             RANDOLPH C. FOSTER
                                               EDWARD C. DUCKERS
21                                             STEVEN E. KLEIN

22                                          RUTAN & TUCKER, LLP
                                               RONALD P. OINES
23

24                                             Attorneys for Plaintiff
                                               JIPC Management, Inc.
25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 3          -6-          CV08-4310 MMM (PLAX)

Portlnd2-4767332.3 0061355-00004