RONALD P. OINES (SBN 145016)
roines@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626-1931
Telephone: (714) 641-5100
Facsimile: (714) 546-9035

RANDOLPH C. FOSTER (OSB 784340)
rcfoster@stoel.com
(*pro hac vice*)
STEVEN E. KLEIN (OSB 051165)
seklein@stoel.com
(*pro hac vice*)
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

EDWARD C. DUCKERS (SBN# 242113)
ecduckers@stoel.com
STOEL RIVES LLP
555 Montgomery Street, #1288
San Francisco, CA 94111
Telephone: (415) 617-8900
Facsimile: (415) 617-8907

Attorneys for Plaintiff
JIPC Management, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIPC MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> INCREDIBLE PIZZA CO., INC.; INCREDIBLE PIZZA FRANCHISE GROUP, LLC; CJM RACING, LLC, <br><br> Defendants. | Case No. CV08-4310 MMM (PLAx) <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 RE: ALLEGED HARM OR DAMAGES PRIOR TO PLAINTIFF'S CLAIMS** <br><br> **Hon. Margaret M. Morrow** <br><br> **Date:** **July 13, 2009** <br> **Time:** **9:00 a.m.** <br> **Ctrm:** **Roybal 780** |

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 5

Portlnd2-4767449.2 0061355-00004

Plaintiff JIPC Management, Inc. ("JIPC") submits this Opposition to Defendants' Motion in Limine No. 5 ("MIL No. 5") Re: Alleged Harm or Damages Prior to Plaintiff's Claims.

**MEMORANDUM OF POINTS AND AUTHORITIES**

In this motion, Defendants seeks an order precluding Plaintiff from offering any evidence to the effect that it suffered any harm or damages as a result of any action taken or services offered by Defendant prior to the events that gave rise to this lawsuit. Depending on what evidence is offered by Defendants, it is Plaintiff's current intention to seek only damages and injunctive relief related to Defendants' activities directed to California and adjoining states. (*See* Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, Doc. 188, at 27 ("a reasonable jury could infer that as of the date the complaint was filed, JIPC's market penetration extended to the states surrounding California"). It is also Plaintiff's current intention to seek damages only from March 1, 2008 through trial.[1]

What Defendants are really after is a bar against offering the undisputed evidence that Rick Barsness intentionally adopted a mark and name virtually identical to Plaintiff's and that he knew that name would likely cause confusion and harm to Plaintiff should the businesses operate in the same or proximate geographic markets. Defendants argue that Mr. Barsness's intentions and knowledge prior to his decision to enter into business activities geographically proximate to Plaintiff are irrelevant. Mr. Barsness's conduct in adopting and using the marks " [ _____ ] Incredible Pizza Company" for a restaurant concept virtually identical to those marked "John's Incredible Pizza Company" is highly relevant and admissible.

---

[1] Defendants assert that Plaintiff should be precluded from seeking damages prior to April 1, 2008, the day after Defendants entered into a formal sponsorship agreement with CJM Racing. However, the undisputed record demonstrates that prior to entering a formal agreement, Defendants sponsored CJM in four races that occurred in March 2008 and were broadcast nationwide, including a March 1, 2008 race held at Las Vegas Motor Speedway.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 5     -1-

Portlnd2-4767449.2 0061355-00004

1       The fact that damages may be limited proximately and temporally does not mean that evidence going to liability should be so limited. In the Ninth Circuit, a defendant's knowing adoption of a mark similar to the plaintiff's raises a presumption of confusion. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979). If Defendants' position is adopted, people like Mr. Barsness will have license to adopt others' trademarks, use them in regions of the country for a short time, and then enter into the senior user's geographic territories and avoid the legal presumptions associated with intentional adoption of an identical or similar mark.

      Defendants' motion should be denied.

DATED: June 29, 2009

STOEL RIVES LLP

By:/s/Steven E. Klein
   RANDOLPH C. FOSTER
   EDWARD C. DUCKERS
   STEVEN E. KLEIN

RUTAN & TUCKER, LLP
   RONALD P. OINES

   Attorneys for Plaintiff
   JIPC Management, Inc.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 5   -2-

Portlnd2-4767449.2 0061355-00004