1  RONALD P. OINES (SBN 145016)
   roines@rutan.com
2  RUTAN & TUCKER, LLP
   611 Anton Boulevard, 14th Floor
3  Costa Mesa, California 92626-1931
   Telephone: 714-641-5100
4  Facsimile: 714-546-9035

5  RANDOLPH C. FOSTER (OSB 784340)
   rcfoster@stoel.com
6  (*pro hac vice*)
   STEVEN E. KLEIN (OSB 051165)
7  seklein@stoel.com
   (*pro hac vice*)
8  STOEL RIVES LLP
   900 SW Fifth Avenue, Suite 2600
9  Portland, OR 97204
   Telephone: 503-224-3380
10 Facsimile: 503-220-2480

11 EDWARD C. DUCKERS (SBN# 242113)
   ecduckers@stoel.com
12 STOEL RIVES LLP
   555 Montgomery St #1288
13 San Francisco, CA 94111
   Telephone: (415) 617-8900
14 Facsimile: (415) 617-8907

15 Attorneys for Plaintiff
   JIPC Management, Inc.
16

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIPC MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> INCREDIBLE PIZZA CO., INC.; INCREDIBLE PIZZA FRANCHISE GROUP, LLC; CJM RACING, LLC., <br><br> Defendant. | Case No. CV08-4310 MMM (PLAx) <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 8 RE: EVIDENCE OF ALLEGED "BAD FAITH" PRECEDING PLAINTIFF'S CLAIMS** <br><br> **Hon. Margaret M. Morrow** <br><br> **Date: July 13, 2009** <br> **Time: 9:00 a.m.** <br> **Ctrm: Roybal 780** |

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 8

CV08-4310 MMM (PLAX)

Portlnd2-4767329.2 0061355-00004

Plaintiff JIPC Management, Inc. ("JIPC") submits this Opposition to Defendants' Motion in Limine No. 8 ("MIL No. 8") Re: Evidence of Alleged "Bad Faith" Preceding Plaintiff's Claims.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  Defendants' Intent Is Relevant to Several Issues in This Case.**

Defendants seek to exclude any evidence that might suggest bad faith on the part of Defendants prior to 2008. Defendants base this argument on the fact that JIPC has stated that its cause of action did not accrue until April 2008 when Defendants encroached upon JIPC's geographic market. Defendants do not cite a single authority for their position, nor could they. Defendants' intent is relevant to the issue of likelihood of confusion, willful infringement, and laches among other issues.

"It is well established that an intent of the alleged infringer to gain through confusing customers or others is relevant to the issue of likelihood of confusion." 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 23:110, at 23-350 (4th ed. 2009). Indeed, the Defendants' intent in adopting their mark is one of the factors this Court must consider under *AMF Incorporated v. Sleekcraft Boats*, 599 F.2d 341, 349 (9th Cir. 1979). "When the alleged infringer knowingly adopts a mark similar to another's, reviewing courts presume that the defendant can accomplish his purpose: that is, that the public will be deceived." *Id.* at 354 (citation omitted).

Moreover, courts recognize the "progressive encroachment" theory of trademark infringement, pursuant to which an infringer may progressively encroach upon the plaintiff's rights by, for example, expanding into different markets or geographic regions. *See, e.g., ProFitness Physical Therapy Center v. Pro-Fit Orthopedic & Sports Physical Therapy P.C.*, 314 F.3d 62, 69 (2d Cir. 2002). In its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, this Court noted the jury in this case can consider evidence relating to

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 8     -1-     CV08-4310 MMM (PLAX)

Portlnd2-4767329.2 0061355-00004

Defendants' entry into California and "might therefore conclude that defendants acted willfully and in bad faith in expanding their activities into California." (Order, Docket No. 188 at 32, ll. 4-8.)

If Defendants are correct, then in all progressive encroachment cases, an infringer is free to act with willful intent and bad faith in adopting a mark and later encroaching upon the senior user's market. Under Defendants' theory, the Court or jury cannot consider evidence of bad faith that predates the date upon which the plaintiff had a cognizable claim for trademark infringement. This is **not** the law and Defendants have cited **no authority** for such a proposition.

Defendants' intent is relevant to other issues as well. For example, knowledge of JIPC's mark and communications regarding JIPC's objection to Defendants' use of its mark is relevant to the issue of laches. *See, e.g., Champagne Louis Roederer v. J. Garcia Carrion, S.A.*, --- F.3d ---, 2009 WL 1767549, at *3 (8th Cir. June 24, 2009) ("[C]ourts tend to reject a defendant's assertion of the laches defense when the defendant knew that the plaintiff objected to the use of the mark. This rule can be understood either as an analogue to assumption of risk, or as a factor that prevents the defendant from suffering undue prejudice. *See* McCarthy, *supra*, § 31:12. In either event, forewarning of a plaintiff's objections generally prevents a defendant from making a laches defense.").

Defendants' intent is also relevant to the issue of profits and damages. 4 McCarthy, *supra*, § 23:112, at 23-355.

Finally, much of the specific evidence Defendants refer to in their MIL No. 8 is directly relevant to the allegations of Defendants' own Counterclaim. (*See* Doc. 56 ¶¶ 8-64.) Defendants seek to establish that they acted at all times in good faith, yet want to exclude any evidence that would show bad faith. Defendants may not do so.

The two cases cited by Defendants do not support Defendants' position. In *Adidas America, Inc. v. Kmart Corp.*, 2006 U.S. Dist. LEXIS 49766 (D. Or. 2006),

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 8 -2- CV08-4310 MMM (PLAX)

Portlnd2-4767329.2 0061355-00004

the Court merely held that knowledge of a mark, in itself, does not permit an inference of nefarious intent.[1] *Id*. at *13. More importantly, however, the Court did consider the proffered evidence. Moreover, the Court also found that there was sufficient evidence to establish bad intent with respect to subsequent use, which prevented the defendant from relying on a laches defense. *Id*. at *14. *Poling v. Morgan*, 829 F.2d 882 (9th Cir. 1987), is not a trademark case and is completely irrelevant. In *Poling*, the Court simply declined to allow evidence of prior unrelated bad acts to establish fraud under the Arizona RICO statute. *Id.* at 887-88.

## II. Conclusion.

In light of the foregoing, the Court should deny Defendants' MIL No. 8.

DATED: June 29, 2009

STOEL RIVES LLP

By:/s/Steven E. Klein
RANDOLPH C. FOSTER
EDWARD C. DUCKERS
STEVEN E. KLEIN

RUTAN & TUCKER, LLP
RONALD P. OINES

Attorneys for Plaintiff
JIPC Management, Inc.

---

[1] This case does not involve the mere use of a mark with knowledge of another's use. Here, Defendants' principal deliberately copied salient portions of plaintiff's mark with full knowledge that plaintiff had established rights in its mark in connection with the identical restaurant and entertainment services and in the face of plaintiff's repeated objections. *See, e.g. Contemporary Restaurant Concepts, Ltd. v. Las Tapas-Jacksonville, Inc.*, 753 F. Supp. 1560, 1564-64 (M.D. Fla. 1991).

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 8    -3-    CV08-4310 MMM (PLAX)

Portlnd2-4767329.2 0061355-00004