1  RONALD P. OINES (SBN 145016)
   roines@rutan.com
2  RUTAN & TUCKER, LLP
   611 Anton Boulevard, 14th Floor
3  Costa Mesa, CA 92626-1931
   Telephone: (714) 641-5100
4  Facsimile: (714) 546-9035

5  RANDOLPH C. FOSTER (OSB 784340)
   rcfoster@stoel.com
6  (*pro hac vice*)
   STEVEN E. KLEIN (OSB 051165)
7  seklein@stoel.com
   (*pro hac vice*)
8  STOEL RIVES LLP
   900 SW Fifth Avenue, Suite 2600
9  Portland, OR 97204
   Telephone: (503) 224-3380
10 Facsimile: (503) 220-2480

11 EDWARD C. DUCKERS (SBN# 242113)
   ecduckers@stoel.com
12 STOEL RIVES LLP
   555 Montgomery Street, #1288
13 San Francisco, CA 94111
   Telephone: (415) 617-8900
14 Facsimile: (415) 617-8907

15 Attorneys for Plaintiff
   JIPC Management, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIPC MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> INCREDIBLE PIZZA CO., INC.; INCREDIBLE PIZZA FRANCHISE GROUP, LLC; CJM RACING, LLC., <br><br> Defendant. | Case No. CV08-4310 MMM (PLAX) <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 10 RE: RULE 408 COMMUNICATIONS** <br><br> Hon. Margaret M. Morrow <br><br> Date: July 13, 2009 <br> Time: 9:00 a.m. <br> Ctrm: Roybal 780 |

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 10

Portlnd2-4767527.3 0061355-00004

Plaintiff JIPC Management, Inc. ("JIPC") submits this Opposition to Defendants' Motion in Limine No. 10 Re: Rule 408 Communications ("MIL No. 10").

**MEMORANDUM OF POINTS AND AUTHORITIES**

In its MIL No. 10, defendants Incredible Pizza Co., Inc. and Incredible Pizza Franchise Group LLC ("IPC") seek to invoke the provisions of Fed. R. Evid. 408 pertaining to settlement communications to bar plaintiff JIPC Management, Inc. ("JIPC") from introducing six documents into evidence. These documents are relevant and admissible.

## **ARGUMENT**

Federal Rule of Evidence 408(a) generally prohibits settlement communications when offered to prove liability. Evidence of settlement communications is admissible, however, if it is offered for a purpose other than that set forth in Rule 408(a). Fed. R. Evid. 408(b). Specifically, Rule 408(b) provides:

> Permitted uses. This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

It is well-settled that the examples of permitted uses in Rule 408(b) are illustrative and not exhaustive. *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1161 n.9 (9th Cir. 2007) (*citing United States v. Technic Servs.*, 314 F.3d 1031, 1045 (9th Cir. 2007) (admitting settlement agreement to show satisfaction of jurisdiction)); *Brocklesby v. United States*, 767 F.2d 1288, 1293 (9th Cir. 1985) (admitting indemnity agreement between co-defendants to show co-defendants' nonadverse relationship and attack credibility of their witnesses). As set forth below, the documents IPC seeks to exclude are either (1) not settlement communications or (2)

being introduced, not for the purpose of proving liability, but for other proper purposes.

## I. The 2000 Telephone Transcript and March 31, 2004 Letter Are Not Settlement Communications.

The May 2000 transcript of a telephone conversation between John Parlet and Rick Barsness is not settlement communication. Rule 408 requires that settlement communications must show "furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a *valuable consideration* in compromising or attempting to compromise the claim." Fed. R. Evid. 408(a)(1) (emphasis added). The transcript contains no offer or promise to furnish valuable consideration in compromising or attempting to compromise any claim. In the conversation, Parlet demanded that Barsness pick another name. Barsness merely equivocated; on the one hand telling Parlet that "I don't want you to think that I'm not absolutely not headed in that direction," while on the other hand imploring Parlet to let him "have some part of the country and use the name . . . a small piece of real estate anywhere?" (MIL No. 8, Ex. 1 at 33-34.) Parlet refused outright. This hardly constitutes settlement negotiations under Rule 408.

Moreover, even if the 2000 telephone transcript is deemed to reflect settlement communications, the contents of the transcript relates directly to other proper subjects—such as IPC's knowledge and intent—that are relevant to JIPC's defense of laches, the likelihood of confusion, and the award of profits to JIPC. Thus, the content of 2000 telephone transcript is admissible under Rule 408(b).

As for the March 31, 2004 letter from the former counsel for IPC to the former counsel for JIPC, this Court has expressly rejected IPC's argument that the letter contains settlement communications protected by Rule 408. *See* Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment, Doc. 188 at 32 n.87.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 10     -2-

Portlnd2-4767527.3 0061355-00004

## II. The Settlement Communications Are Relevant to IPC's Defense That JIPC's Claims Are Barred by Laches.

IPC argues that these communications are not "continuous and bilateral discussions" and thus may not be admitted for the purpose of excusing undue delay in filing suit, as set forth in Rule 408(b). This straw man argument misses the point. As discussed above, settlement communications clearly may be offered for other purposes not expressly stated in Rule 408(b), so long as they are not offered to prove liability.[1]

It is well established that the running of laches is tolled during periods when the parties are engaged in settlement negotiations. IPC fully concedes the rule, but argues that such negotiations need to be "continuously and bilaterally progressing, with a fair chance of success" to be relevant, citing *A.C. Aukerman Co. v. Miller Formless Co.*, 693 F.2d 697 (7th Cir. 1982). IPC misstates the law. The rule stated in *A.C. Aukerman* is that, generally, *license negotiations* do not necessarily push back the running of time in a laches defense for patent infringement unless the negotiations are continuous and bilaterally progressing, with a fair chance of success. *Id.* at 700.

In trademark infringement cases laches is an equitable defense which is left to the discretion of the district court. *Liquid Glass Enterprises, Inc. v. Dr. Ing. h.c.F. Porsche AG,* 8 F. Supp. 2d 398, 405 (D.N.J. 1998). Settlement negotiations are not counted towards laches because settlement of legal disputes is a preferred course of conduct for which a party should be rewarded, not penalized. 6 *McCarthy on Trademarks and Unfair Competition* §31:15 (2009). Moreover, the factual nature of laches defense indicates that the nature of the settlement efforts is

---

[1] Further, IPC may not categorically reject as irrelevant all settlement communications based on its blanket allegation that such communications are not sufficient to constitute an excuse for JIPC's delay. *See In re Bay Area Material Handling, Inc.*, No. 94-15815, 1996 WL 29262, at *3 (9th Cir. Jan. 25, 1996) (unpublished) ("[T]he settlement offer was relevant to the conflict of interest alleged, notwithstanding Bay Area's assertion that such a conflict was logically impossible.").

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 10     -3-

Portlnd2-4767527.3 0061355-00004

relevant to whether it was, in fact, excusable delay, as the information contained therein is relevant to the reasonableness of the delay.

In this case, evidence of settlement negotiations is relevant to determine whether any delay in filing suit was excusable due to settlement negotiations and other good faith efforts on the part of the plaintiff to amicably resolve the dispute. The communications illustrate that JIPC made ongoing attempts to resolve potential claims between the parties *before* the JIPC could assert a cause of action for infringement. As such, the communications are further evidence that JIPC was diligently pursuing its rights and attempted in good faith to prevent future conflicts that could arise between the parties. *See Citibank, N.A. v. Citibanc Group, Inc.*, 724 F.2d 1540, 1546-47 (11th Cir. 1984) (finding no laches where plaintiff notified defendants of possible infringement problem before defendants adopted infringing mark, but defendants proceeded despite plaintiff's complaints).

Accordingly, the settlement communications are relevant and admissible and are not offered for an improper purpose under Rule 408(a). Fed. R. Evid. 401, 402, 408; *see also PRL USA Holdings, Inc. v. U.S. Polo Ass'n, Inc.*, 520 F.3d 109, 115-16 (2d Cir. 2008) (holding that evidence of parties' settlement discussions was admissible to prevent defense of estoppel in infringement case).

### III. Evidence of the Settlement Communications Is Not Unfairly Prejudicial.

IPC argues that these settlement communications are unfairly prejudicial because they did not "occur within the current context of this case." No authority warrants exclusion on these grounds, and IPC cites to none. Indeed, such an assertion could be made about *every* settlement offer prior to litigation.

IPC also contends that the specific content of settlement communications could confuse or mislead the jury. However, JIPC does not offer the settlement communications for their content. Rather, JIPC offers the settlement communications to show that JIPC took action to resolve potential or likely infringement claims between the parties. Further, any likelihood of prejudice or

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 10     -4-

Portlnd2-4767527.3 0061355-00004

confusion from the contents of the settlement communications can be addressed by an instruction to the jury. *PRI USA Holdings, Inc.*, 520 F.3d at 116.

## **CONCLUSION**

For the foregoing reasons, JIPC respectfully requests that the Court deny IPC's motion in limine or defer ruling on the motion until trial when the factual context for such evidence is developed.

DATED: June 29, 2009

STOEL RIVES LLP

By:/s/Steven E. Klein
   RANDOLPH C. FOSTER
   EDWARD C. DUCKERS
   STEVEN E. KLEIN

RUTAN & TUCKER, LLP
   RONALD P. OINES

   Attorneys for Plaintiff
   JIPC Management, Inc.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 10 -5-

Portlnd2-4767527.3 0061355-00004