RONALD P. OINES (SBN 145016)
roines@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

RANDOLPH C. FOSTER (OSB 784340)
rcfoster@stoel.com
(*pro hac vice*)
STEVEN E. KLEIN (OSB 051165)
seklein@stoel.com
(*pro hac vice*)
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: 503-224-3380
Facsimile: 503-220-2480

EDWARD C. DUCKERS (SBN# 242113)
ecduckers@stoel.com
STOEL RIVES LLP
555 Montgomery St #1288
San Francisco, CA 94111
Telephone: (415) 617-8900
Facsimile: (415) 617-8907

Attorneys for Plaintiff
JIPC Management, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIPC MANAGEMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>INCREDIBLE PIZZA CO., INC.; INCREDIBLE PIZZA FRANCHISE GROUP, LLC; CJM RACING, LLC.,<br><br>Defendant. | Case No. CV08-4310 MMM (PLAx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 11 RE: EVIDENCE OF ALLEGED ACTUAL CONFUSION**<br><br>**Hon. Margaret M. Morrow**<br><br>**Date: July 13, 2009**<br>**Time: 9:00 a.m.**<br>**Ctrm: Roybal 780** |

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 11

CV08-4310 MMM (PLAX)

Portlnd2-4767328.3 0061355-00004

Plaintiff JIPC Management, Inc. ("JIPC") submits this Opposition to Defendants' Motion in Limine No. 11 Re: Actual Confusion After Adoption of a Similar Tagline ("MIL No. 11").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Introduction.**

Defendants' MIL No. 11 is one of several misguided attempts by Defendants to exclude evidence of actual confusion. Defendants' MIL No. 11 seeks to preclude any evidence of any actual confusion that arose after JIPC adopted the tagline "All You Can Eat Food & Fun" because, according to Defendants, such tagline is "strikingly similar" to a tagline allegedly adopted by Defendants in 1999, "Great Food, Fun, Family & Friends." For several reasons, Defendants' MIL No. 11 is meritless and should be denied.

**II. The Court Must Consider Evidence of Actual Confusion.**

Evidence of actual confusion is one of the factors a court must consider in determining whether there is a likelihood of confusion. *AMF Incorporated v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979). Indeed, the *Sleekcraft* Court noted that "[e]vidence that use of the two marks has already lead to confusion is persuasive proof that future confusion is likely." *Id*. at 352 (*citing Plough v. Kreis Laboratories*, 314 F.2d 635, 639 (9th Cir. 1963)). As McCarthy has noted:

> Actual confusion is the best evidence of a likelihood of confusion. Convincing evidence of significant actual confusion occurring under actual marketplace conditions is the evidence [sic] of a likelihood of confusion. Any evidence of actual confusion is strong proof of the fact of a likelihood of confusion. No matter how convinced a trial judge may be of the absence of any likelihood of

|   |   |
|---|---|
| 1 | confusion, he or she must at least listen to evidence |
| 2 | presented of actual confusion. |

4 *McCarthy on Trademarks and Unfair Competition*, Section 23:13, pgs. 23-88 to 23-89 (2009)(citations omitted).

Because evidence of actual confusion is significant and potent evidence of a likelihood of confusion, it is not surprising that Defendants seek to preclude such evidence. But Defendants' MIL No. 11 is misguided, and not supported by the cases cited by Defendants or otherwise.

**III. Defendants' Attempt to Exclude Evidence of Actual Confusion Puts the Cart Before the Horse.**

Defendants' attempt to argue that use of the two taglines may have contributed to actual confusion is a "red herring" and is not supported by any evidence. Among other things, on their face, the two taglines are simply not similar. Moreover, Defendants ignore that both JIPC and Defendants usually use their marks without the taglines. (Klein Dec., Exs. 1 [JIPC examples], 2 [IPC examples].) In short, Defendants will be unable to establish that the taglines are relevant to the issue of confusion or any other issue. But even setting that aside, Defendants' MIL No. 11 puts the cart before the horse.

To the extent Defendants wish to argue at trial that the taglines are somehow relevant, they may do so, but there is absolutely no authority for the relief Defendants seek, *i.e.,* a pretrial Order excluding all evidence of actual confusion. Essentially, by Defendants' MIL No. 11, they are seeking partial summary judgment that use of the tagline prevents JIPC from establishing likelihood of confusion.

The **only** case cited by Defendants, *Kendall-Jackson Winery, Ltd. v. ENJ Winery*, 150 F.3d 1042 (9th Cir. 1998) does not support Defendants' position. In that case, the Ninth Circuit merely affirmed a District Court's finding that the plaintiff was not entitled to equitable relief under state law claims because shortly

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 11 -2- CV08-4310 MMM (PLAX)

Portlnd2-4767328.3 0061355-00004

prior to the trial, the plaintiff had changed its mark to closely resemble the defendant's mark. *Id.* at 1052-53. The plaintiff's trademark infringement claim was decided on other grounds and the Court did **not** preclude evidence of actual confusion occurring after plaintiff's adoption of the similar mark. Thus, even if the *Kendall-Jackson* case were similar factually to this case (which it is not), it does not support Defendants' attempt to preclude introduction of evidence of actual confusion.

Moreover, both the *Kendall-Jackson* case and the portion of McCarthy cited by Defendants apply only to "equitable relief." At most, therefore, these authorities stand for the proposition that, under appropriate facts, a plaintiff may not be able to obtain equitable relief if the plaintiff takes steps to move its own mark closer to defendant's mark. They do not stand for the proposition that a court should exclude all evidence of actual confusion.

Even if Defendants had a legitimate claim that JIPC has sought to move its mark closer to Defendants' mark (they do not), the Court can consider Defendants' argument at trial. But there is no authority for the Court to exclude all evidence of actual confusion.

**IV. Conclusion.**

In light of the foregoing, the Court should deny Defendants' MIL No. 11.

DATED: June 29, 2009

STOEL RIVES LLP

By:/s/Steven E. Klein
RANDOLPH C. FOSTER
EDWARD C. DUCKERS
STEVEN E. KLEIN

RUTAN & TUCKER, LLP
RONALD P. OINES

Attorneys for Plaintiff
JIPC Management, Inc.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 11 -3- CV08-4310 MMM (PLAX)

Portlnd2-4767328.3 0061355-00004