RONALD P. OINES (SBN 145016)
roines@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

RANDOLPH C. FOSTER (OSB 784340)
rcfoster@stoel.com
(*pro hac vice*)
STEVEN E. KLEIN (OSB 051165)
seklein@stoel.com
(*pro hac vice*)
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: 503-224-3380
Facsimile: 503-220-2480

EDWARD C. DUCKERS (SBN# 242113)
ecduckers@stoel.com
STOEL RIVES LLP
555 Montgomery St #1288
San Francisco, CA 94111
Telephone: (415) 617-8900
Facsimile: (415) 617-8907

Attorneys for Plaintiff
JIPC Management, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIPC MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> INCREDIBLE PIZZA CO., INC.; INCREDIBLE PIZZA FRANCHISE GROUP, LLC; CJM RACING, LLC., <br><br> Defendant. | Case No. CV08-4310 MMM (PLAx) <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 6 RE: EVIDENCE OF ALLEGED ACTUAL CONFUSION** <br><br> **Hon. Margaret M. Morrow** <br><br> **Date: July 13, 2009** <br> **Time: 9:00 a.m.** <br> **Ctrm: Roybal 780** |

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 6

CV08-4310 MMM (PLAX)

Portlnd2-4767331.2 0061355-00004

Plaintiff JIPC Management, Inc. ("JIPC") submits this Opposition to Defendants' Motion in Limine No. 6 Re: Evidence of Alleged Confusion by Non Consumers ("MIL No. 6").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Evidence of Actual Confusion by Nonconsumers Is Relevant and Admissible.

By their MIL No. 6, Defendants seek an Order excluding any evidence of alleged actual confusion by any "non-consumer." Defendants' Motion should be denied.

As a threshold matter, Defendants have failed to make any showing that the individuals who experienced confusion do not qualify as actual or potential purchasers of the restaurant and entertainment services at issue in this case. *See, e.g., Jockey International, Inv. v. Burkard*, 185 U.S.P.Q. 201, 207-08 (S.D. Cal. 1975) ("Retail store salespersons are prospective underwear purchasers and are members of the purchasing public the Lanham Act is designed to protect.")

This is not a case involving luxury goods or some other esoteric product. The relevant consumers include parents with kids, members of business and church groups, teachers and school officials, and a host of others. That the parties' restaurant and entertainment services are targeted to a broad demographic is confirmed by Rick Barsness, Defendants' founder and CEO, who recently commented on the overlap between the defendants' customer base and fans of NASCAR. (Ex. 1 (February 09, 2009 Nation's Restaurant News Article) ("'The people that follow NASCAR are our customers,' Barsness said. 'It's a blue-collar and lower-white-collar market that ties well to the NASCAR community.'"))

Moreover, even if the individuals experiencing confusion that Defendants target by this motion did not qualify as "consumers," evidence of their confusion is still relevant and admissible. Numerous courts have found that actual confusion

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 6  -1-  CV08-4310 MMM (PLAX)

Portlnd2-4767331.2 0061355-00004

among those that are not direct customers is pertinent and should be considered. This is because, among other reasons:

> The law recognizes that injury from confusion can be caused, not just by loss of sales, but also by damage to reputation and good will. Damage to reputation and good will can be triggered by confusion among non-purchasers. That is, actionable confusion need not be limited to potential purchasers whose confusion could cause a direct loss of sales.

4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 23: 5, at 23-24 (4th ed. 2009).

For example, courts have found that confusion on the part of investors can support a claim of infringement. *See, e.g., Waterman-Bic Pen Corp. v. Beisinger Indus. Corp.*, 321 F. Supp. 178, 180 (S.D.N.Y. 1970); *Commc'ns Satellite Corp. v. Comcet, Inc.*, 429 F.2d 1245, 1251 (4th Cir. 1970) ("The likelihood of confusion among investors is an adequate predicate for relief.").

Courts also have recognized that confusion on the part of suppliers and other "non-consumers" can support a finding of infringement. *See, e.g., Powder River Oil Co. v. Powder River Petroleum Corp.*, 830 P.2d 403, 416, 23 U.S.P.Q.2d 1037, 1047 (Wyo. 1992) ("The view that infringement requires a likelihood of confusion among customers is too restrictive . . . . If a likelihood of confusion among suppliers, distributors, service companies or other relevant classifications exists, it deserves consideration as a relevant factor in determining infringement."); *Champions Golf Club, Inc. v. The Champions Golf Club, Inc.*, 78 F.3d 1111, 1119 (6th Cir. 1996) (District Court should have considered actual confusion among suppliers); *see also Freling Enterprises, Inc. v. International Select Group, Inc.*, 192 F.3d 1330, 1341 (11th Cir. 1999) ("it is not the number of people actually confused by the marks that is important, but rather the type of person confused"; finding that "the confusion of someone very familiar with the enterprise (the like professional buyer in the instant case) is relevant evidence of actual confusion."), *cert. denied*, 530 U.S. 1214 (2000).

These courts have recognized that a change to the Lanham Act in 1967 made it clear that Congress intended that the Lanham Act would protect against all confusion, not just confusion by "purchasers." For example, the Court in *Champions Golf* noted:

> There is no requirement that evidence of actual confusion, to be relevant, "must be confusion at the point of sale—purchaser confusion—and not the confusion of nonpurchasing, casual observers. . . . The Lanham Act . . . was intended to do more than protect consumers at the point of sale. When the Lanham Act was enacted in 1946, its protection was limited to the use of marks 'likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods or services.' In 1967, Congress deleted this language and broadened the Act's protection to include the use of marks 'likely to cause confusion or mistake or to deceive.' Thus. Congress intended 'to regulate commerce within [its control] by making actionable the deceptive and misleading use of marks in such commerce; [and] . . . to protect persons engaged in such commerce against unfair competition . . . .' 15 U.S.C. § 1127.

*Id.* (*quoting S.P.A. Esercizio v. Roberts*, 944 F.2d 1235, 1243-44 (6th Cir. 1991)); *see also Marathon Mfg. Co. v. Enerlite Products Corp.*, 767 F.2d 214, 221 (5th Cir. 1985) ("Prior to 1962, § 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1), required confusion, mistake or deception by 'purchasers as to the source or origin of such goods or services.' In 1962, the quoted words were deleted . . . specifically to allow any kind of confusion in support of a trademark infringement action.").

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 6 -3- CV08-4310 MMM (PLAX)

Portlnd2-4767331.2 0061355-00004

Moreover, numerous courts have considered evidence of confusion among dealers and investors to be relevant, especially where the individuals experiencing the confusion are more sophisticated and knowledgeable about the particular goods and services than the average consumer. *See, e.g., Imagineering, Inc. v. Van Klassens, Inc.*, 53 F.3d 1260, 1265 (Fed. Cir. 1995) ("Because dealers and experts are more sophisticated about the origins and sources of product lines than average consumers, their confusion is 'highly proactive on the question of whether a likelihood of confusion exists.'"); *Contemporary Restaurant Concepts, Ltd. v. Las Tapas-Jacksonville, Inc.*, 753 F. Supp. 1560, 1565 (M.D. Fla. 1991) (considering evidence of actual confusion experienced by potential restaurant investor).

In addition, Defendants' cases are distinguishable. In *Rearden LLC v. Reardon Commerce, Inc.*, 597 F. Supp. 2d 1006 (N.D. Cal. 2009), the Court apparently was considering "source confusion" only.[1] Thus, although the District Court in *Rearden* questioned whether the principles discussed in section 23:5 of McCarthy (discussed above) apply in the Ninth Circuit, *Rearden* is distinguishable from this case because the *Rearden* Court considered only confusion as to the source of goods or services. In this case, JIPC has also alleged and will seek to prove confusion as to sponsorship, association, affiliation, etc., which clearly is actionable under 11 U.S.C. § 1125(a)(1). (JIPC's Memorandum of Contentions of Fact and Law at 2, ll. 15-19.) As set forth above, such a claim is not limited to "consumer" confusion.

Defendants' other cases are distinguishable as well. The courts in *Accuride International, Inc. v. Accuride Corp.*, 871 F.2d 1531 (9th Cir. 1989), and *Spectrum Vision Systems, Inc. v. Spectera, Inc.*, 35 F. Supp. 2d 797 (D. Kan. 1998), also were

---

[1] "The critical determination is whether an alleged trademark infringer's use of a mark creates a likelihood that the consuming public will be confused as to who makes what product." *Id.* at 1015 (internal quotation marks and citation omitted). "To constitute trademark infringement, use of a mark must be likely to confuse an appreciable number of people as to the source of a product." *Id.* at 1023 (internal quotation marks and citation omitted).

1  addressing only source confusion. *Accuride*, 871 F.2d at 1535; *Spectrum*, 35 F.
2  Supp. 2d at 801.

3        The Court in *Japan Telecom, Inc. v. Japan Telecom America, Inc.*, 287 F.3d
4  866 (9th Cir. 2002), considered declarations that were intended to establish
5  secondary meaning. *Id*. at 873-74. Moreover, although the Court found the
6  declarations were not sufficient to establish secondary meaning, the Court did, in
7  fact, consider the testimony. Likewise, the Court in *Icon Enterprises International,*
8  *Inc. v. American Products Company*, 2004 U.S. Dist. LEXIS 31080 (C.D. Cal.
9  2004), did not adopt a general rule that evidence of confusion by nonconsumers is
10 inadmissible. Instead, the Court considered the circumstances surrounding the
11 confusion, and ultimately held that testimony from a **retailer** regarding confusion
12 he experienced upon seeing an advertisement was **admissible**. *Id*. at *53 ("Lee will
13 testify that he was confused after seeing an ad for Icon Wheels in a Keystone
14 catalogue. Since a consumer is likely to encounter Defendants' product in the same
15 context, Lee's confusion after reading the ad is probative of consumer confusion.
16 Thus, the Court will allow Lee's testimony as to his own confusion.").

17       In short, none of the cases cited by Defendants support a broad pretrial Order
18 precluding the introduction of evidence of actual confusion by nonconsumers.
19 Defendants' MIL No. 6 should be denied.

20 **II.    Evidence of Third-Party Confusion Is Not Hearsay and Is Admissible.**

21       As they did in their Motion in Limine No. 3, Defendants argue in their MIL
22 No. 6 that testimony regarding third-party confusion is also not admissible because
23 it is hearsay. As JIPC established in its Opposition to Defendants' MIL No. 3,
24 Defendants are wrong.

25       As one judge in the Eastern District of California recently noted, the vast
26 majority of courts hold that testimony from plaintiff's employees regarding
27 confusion is admissible because it is not hearsay. *Cytosport, Inc. v. Vital*
28 *Pharmaceuticals, Inc.*, --- F. Supp. 2d ---, 2009 WL 1444535, at *15-16 (E.D. Cal.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 6   -5-   CV08-4310 MMM (PLAX)

Portlnd2-4767331.2 0061355-00004

2009). The Court in *Cytosport* cited numerous cases in which the courts have held that statements regarding confusion are not hearsay because they were offered to show the state of mind of the confused person, not to prove the truth of the matter asserted. *Id.*

The Court noted: "Defendant objects to the above evidence on hearsay grounds, arguing plaintiff's employees cannot proffer this evidence of customer confusion. . . . Defendant's objection is unavailing." *Id.* The Court further noted that only the Eighth Circuit has held such testimony to be inadmissible, and that the Second, Third, Fourth and Fifth Circuits have all held that such evidence is admissible. *Id.*

The *Cytosport* Court also noted that other courts hold such evidence is not hearsay because employee statements regarding a customer's confusion is evidence of the customer's state of mind.[2] *Id.* Regardless of the reason, the vast majority of courts admit such evidence.

Under *Cytosport* and the numerous cases cited therein, none of the evidence about which Defendants complain is hearsay because none of it will be offered to prove the truth of the matter asserted. *See also Conversive, Inc. v. Conversagent, Inc.*, 433 F. Supp. 2d 1079, 1091 (C.D. Cal. 2006) (in admitting employee testimony about customer confusion, Court refused to follow Eighth Circuit and, instead, "[found] the reasoning of the Second, Third, Fourth and Fifth Circuits to be persuasive").

---

[2] Defendants appear to presume that evidence of the confusion experienced by Larry Turner and John Wyson, and encountered by Brooks Lilly, will only be introduced through the testimony of Plaintiff's employees. However, as the Court is aware, Plaintiff has previously submitted declarations from Messrs. Turner and Lilly setting out their testimony directly and has included each of these witnesses on its Witness List.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 6 -6- CV08-4310 MMM (PLAX)

Portlnd2-4767331.2 0061355-00004

### III. Conclusion.

In light of the foregoing, the Court should deny Defendants' MIL No. 6.

DATED: June 29, 2009

STOEL RIVES LLP

By: /s/Steven E. Klein
RANDOLPH C. FOSTER
EDWARD C. DUCKERS
STEVEN E. KLEIN

RUTAN & TUCKER, LLP
RONALD P. OINES

Attorneys for Plaintiff
JIPC Management, Inc.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 6

-7-

CV08-4310 MMM (PLAX)

Portlnd2-4767331.2 0061355-00004