Lawrence P. Ebiner (State Bar No. 122293)
larry.ebiner@hro.com
Blaine J. Benard (UT State Bar No. 005661) (Admitted *pro hac vice*)
blaine.benard@hro.com
HOLME ROBERTS & OWEN LLP
800 West Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal (AZ State Bar No. 006812) (Admitted *pro hac vice*)
glenn.bacal@hro.com
Steven C. Lawrence (AZ State Bar No. 022551) (Admitted *pro hac vice*)
steve.lawrence@hro.com
HOLME ROBERTS & OWEN LLP
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599
*Attorneys for Incredible Pizza Co., Inc.; and Incredible Pizza Franchise Group, LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JIPC Management, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Incredible Pizza Co., Inc.; Incredible Pizza Franchise Group, LLC;<br><br>Defendants. | Case No. CV08-04310 MMM (PLAx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 1**<br><br>**Pretrial Conference**<br>**Date: July 13, 2009**<br>**Time: 9:00 a.m.**<br>**Courtroom: Roybal 780**<br>**Judge: Hon. Margaret R. Morrow** |

Defendants Incredible Pizza Co., Inc. and Incredible Pizza Franchise Group LLC ("Defendants") submit their Reply in support of Motion in Limine No. 1 to exclude the expert reports of Dr. Bruce R. Isaacson, and to preclude him from testifying.

## ARGUMENT

Plaintiff's Opposition to Motion in Limine No. 1 ("Opposition") spends much time defending the credentials of the Plaintiff's expert in relation to the opinions he has rendered [Opposition to MIL No. 1 at pp. 1-8, 9],[1] and the purported value of the analysis that was offered [Id. at pp. 8-19], without any underlying scientific analysis or study of this particular situation, or correct application to the factors outlined in *Daubert*. The Opposition's analysis is based largely on conjecture and observations of an expert who had not personally visited or viewed both of the stores or storefronts in question, but who felt it appropriate to opine about such things as what consumers *might* think as they drove by each store. These speculative opinions regarding the ultimate issue of likely confusion are fatal flaws that render the Isaacson's report and his testimony unhelpful.

The Opposition further confirms why a survey was necessary to provide a legitimate basis for the untethered opinions of likely confusion rendered by Isaacson. In a demonstration of his unfamiliarity with the process and the subject matter of qualified experts in this area, Isaacson spent most of the time in his first, timely submitted report subjectively speculating, without any scientific study of the subject area, on why he personally thought there would be a likelihood of confusion.[2] Plaintiff's Opposition completely fails to explain why jurors could not view the same evidence and draw their own conclusions without the help of an expert.

---

[1] The amount of paper spent in defending Isaacson's credentials merely confirms how flimsy Isaacson's credentials are with respect to the opinions rendered.

[2] Plaintiff alleges that Defendants Motion provides only selective quotations, showing instances where Isaacson's opinions are speculative. However, Isaacson's Initial Report is so full of speculations about what consumers *may*, *might*, or *could* infer, believe, see, or do, that it is nearly impossible to find any concrete conclusions.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 1**

The Opposition's analysis of the six factors for determining the admissibility of expert evidence outlined in *U.S. v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) [see Opposition pp. 12-13] also is conclusory and provides no real explanation for why the Court should allow Plaintiff to introduce Isaacson's expert reports and testimony. Merely listing these factors and stating that they apply does not make it so. Most importantly, as outlined in Motion in Limine No. 1, Isaacson's reports and testimony are unsupported by any consumer survey or other relevant marketing research that is based on generally accepted principles. Instead, these reports repeatedly rely on sheer speculation and Isaacson's subjective views regarding the parties and their marks.

The Opposition argues that a survey is not necessary to establish likelihood of confusion, and cites *Dr. Seuss Enterps. v. Penguin Books USA*, 109 F.3d 1394 (9th Cir. 1997) for the proposition that likelihood of confusion may be established through three types of proof: (1) survey evidence, (2) evidence of actual confusion, and (3) a judicial determination of the similarity between the marks and use in the marketplace. [Opposition at p. 14] However, Isaacson's own reports and testimony provide no admissible evidence falling under any of these categories, apart from evidence provided to him by Plaintiff. Thus, the Opposition further confirms why Isaacson's reports and testimony would be unhelpful to the jury: Isaacson provides nothing more than his subjective opinions about evidence offered by Plaintiff.

Plaintiff's excuses for not conducting a survey also do not hold water. Notably, while Plaintiff complains that surveys are expensive [see Opposition p. 17], Plaintiff has never suggested that it did not have the financial means to conduct a survey. Indeed, such an excuse would not be credible based on Plaintiff's prior statements that it spends "hundreds of thousands of dollars annually in the promotion of its services identified and distinguished by [the JOHN'S Marks]." [Doc. 9 at p. 7] Further, while Plaintiff's expert lamented that he did not have time to conduct a survey, Plaintiff itself does not explain its reason for waiting just ten days prior to the deadline for expert disclosures to retain an expert. [Doc. 171 Exh. 3 at 17-18] Thus, Plaintiff cannot

escape the inferences and presumptions that arise from its failure to conduct a proper survey. *See e.g.*, *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1040 (C.D. Cal. 1998) (concluding that plaintiffs' "failure to conduct a survey" gives rise to a "***presumption*** that . . . the results of such a survey would be unfavorable to plaintiffs") (emphasis added); *Instant Media, Inc. v. Microsoft Corp.*, 2007 U.S. Dist. LEXIS 61443 (N.D. Cal. Aug. 13, 2007) (concluding that plaintiff's "failure to submit its own survey may support an ***inference*** that [plaintiff] predicted that the results of such a survey would be unfavorable") (emphasis added).

Plaintiff's Opposition also provides no clear explanation or excuse for Isaacson offering impermissible opinions on the issue of likelihood of confusion. [see Opposition pp. 17-18] Plaintiff also offers no explanation at all for Isaacson's completely speculative guess that a survey would have resulted in upwards of 20 percent confusion [Doc. 171 Exh. 3 at 140], which is perhaps the most telling example of Isaacson's speculative opinions for which he has no factual basis. Still, Plaintiff quickly concedes, as it must, that if parts of the opinion are deemed not admissible, other portions may still be admissible. The problem with the Opposition at this key juncture is that Plaintiff fails to identify any specific part of the report that would fall into the latter category. Accordingly, the whole thing should be excluded.

As to Issacson's Sur-Rebuttal Report, Plaintiff uses the words "timely" and "proper" without even attempting to explain how such an additional report, which was submitted long after the expert disclosure deadline *and* the rebuttal expert disclosure deadline, could possibly be either timely or proper. [Opposition p. 19] Just because Isaacson's Sur-Rebuttal purports to respond to Simonson's expert rebuttal and its criticisms of Isaacson's Initial Report does not mean that such a supplemental report is permitted under the rules. Nor does Plaintiff explain why, if it felt the need for such a report after the deficiencies of the initial report were so clearly exposed, it failed to seek or obtain approval from the Court for the submitting of such a Rebuttal of the Rebuttal

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 1**

Report. Instead Plaintiff served on Defendants an additional report that was not contemplated by or included in the Scheduling Order or in any rule governing this case.

Moreover, Plaintiff makes no attempt in its Opposition to contest the specific points and authorities cited by Defendants regarding the improper methodologies and principles relied upon by Isaacson to support his conclusions. Specifically, Plaintiff's Opposition does not contest, and thereby appears to concede, (1) that Isaacson's review of random statements from comment cards and emails is not a survey, (2) that Isaacson's untimely analysis fails to show any link in consumers' minds between the parties or their marks, (3) that Isaacson improperly relied on comment cards or emails written by people who were looking at or had just seen Plaintiff's marks, (4) that Isaacson had made no attempt to quantify a likelihood of confusion by consumers that had been exposed to both marks, (5) that Isaacson merely relied on little more than a "memory test" by consumers, and (6) that Isaacson treated inconclusive and unqualified responses as reliable evidence to support his speculative conclusions. Instead, Plaintiff merely makes the conclusory claim that Isaacson applied proper methodologies and principles, and attaches a nine-page declaration from Dr. Isaacson further attempting to explain himself and his qualifications. This declaration is yet another untimely attempt to supplement Isaacson's report and should be disregarded by the Court.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court issue an order in limine excluding Isaacson's reports and declarations, and precluding Isaacson from testifying at trial.

Dated: July 6, 2009         HOLME ROBERTS & OWEN LLP


By: *s/Steven C. Lawrence*
    Lawrence P. Ebiner
    Blaine J. Benard
    800 W. Olympic Blvd., 4th Floor
    Los Angeles, CA 90015
    Telephone: (213) 572-4300
    Facsimile: (213) 572-4400

    Glenn S. Bacal
    Steven C. Lawrence
    Promenade Corporate Center
    16427 North Scottsdale Road, Suite 300
    Scottsdale, AZ 85254-1597
    Telephone: (480) 624-4500
    Facsimile: (480) 624-4599

    Attorneys for Incredible Pizza Co., Inc.
    and Incredible Pizza Franchise Group,
    LLC

**PROOF OF SERVICE**

**1013 A(3) CCP REVISED 5/1/88**

STATE OF ARIZONA, COUNTY OF MARICOPA

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to the within action. My business address is 16427 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

On July 6, 2009, I served the foregoing document described as **DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 1** on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Scottsdale, Arizona in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I caused the above-mentioned document to be personally served to the offices of the addressee.

☐ BY FACSIMILE: I communicated such document via facsimile to the addressee as indicated on the attached service list.

☐ BY FEDERAL EXPRESS: I caused said document to be sent via Federal Express to the addressee as indicated on the attached service list.

☒ BY ELECTRONIC MAIL: I caused the above-referenced document to be served to the addressee on the attached service list.

Executed on July 6, 2009, at Scottsdale, Arizona.

X (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Jamie Tuccio*
Jamie Tuccio

---

7

DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 1

# SERVICE LIST

**VIA EMAIL**
Ronald Oines, Esq.
Rutan & Tucker, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-1931
roines@rutan.com
Telephone: (714) 641-5100
Facsimile: (714) 546-9035

*Attorneys for JIPC MANAGEMENT, INC.*

**VIA EMAIL**
Randolph C. Foster, Esq.
Steven E. Klein, Esq.
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
rcfoster@stoel.com
seklein@stoel.com
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

*Attorneys for JIPC MANAGEMENT, INC.*

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 1**