Lawrence P. Ebiner (State Bar No. 122293)
larry.ebiner@hro.com
Blaine J. Benard (UT State Bar No. 005661) (Admitted *pro hac vice*)
blaine.benard@hro.com
HOLME ROBERTS & OWEN LLP
800 West Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal (AZ State Bar No. 006812) (Admitted *pro hac vice*)
glenn.bacal@hro.com
Steven C. Lawrence (AZ State Bar No. 022551) (Admitted *pro hac vice*)
steve.lawrence@hro.com
HOLME ROBERTS & OWEN LLP
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599
*Attorneys for Incredible Pizza Co., Inc.; and Incredible Pizza Franchise Group, LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JIPC Management, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Incredible Pizza Co., Inc.; Incredible Pizza Franchise Group, LLC;<br><br>Defendants. | Case No. CV08-04310 MMM (PLAx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 2**<br><br>**Pretrial Conference**<br>**Date: July 13, 2009**<br>**Time: 9:00 a.m.**<br>**Courtroom: Roybal 780**<br>**Judge: Hon. Margaret R. Morrow** |

## I. Introduction

Given the Court's June 25, 2009 Order that significantly narrows the issues to be tried to the jury and Defendants' decision to no longer pursue its defenses of laches and statute of limitations, evidence from unrelated legal proceedings in the 1997 to 2003 time period is not relevant and should be excluded. Plaintiff's Opposition to Motion In Limine No. 2 reveals how Plaintiff intends to try to confuse the jury by introducing certain documents from unrelated litigation involving Rick Barsness and Mr. Gatti's from 2003 and before. What Plaintiff fails to disclose in the Opposition's extended discussion of the facts of the Gatti's litigation is the fact that the Gatti's litigation did not involve any claims between Parlet and Barsness (or between Plaintiff and Defendants) and had *nothing* to do with Plaintiff's current claims that Defendants infringed Plaintiff's trademark by allegedly expanding into California beginning in 2008. Indeed, the Gatti's litigation, insofar as it tangentially involved Parlet at all, concerned only the sharing of recipes, the hiring away of certain personnel, and the legally unobjectionable use of mere restaurant concepts, none of which are remotely relevant to this case. Because evidence of the Gatti's litigation is not relevant to the claims or defenses in this case and would cause confusion of the issues and unfair prejudice to Defendants, all such evidence should be excluded.

Most of the documents referenced or attached to Plaintiff's opposition are easily excluded because they were not disclosed or listed by Plaintiff among its hundreds of exhibits in the Joint Exhibit List. The remaining two that were disclosed should be excluded because the main reason they were in there at all was to refute laches, which is no longer in the case. Also, introduction of these documents would be unfair and highly prejudicial to Defendants and neither of them is relevant to any issue in this case.

## II. Plaintiff's Claimed Reasons for Offering this Evidence Are Unsupportable.

In its Opposition, Plaintiff claims the need to introduce evidence of the Gatti's litigation primarily to defeat Defendants' affirmative defense of laches by showing when Plaintiff's claims first arose. Plaintiff also claims such evidence is relevant to show

Defendants' intent in adopting the marks, both to prove Plaintiff's claims and to establish its entitlement to attorneys' fees. None of these explanations are sufficient to allow introduction of anything from the unrelated and temporally remote Gatti's litigation.

First and foremost, Defendants no longer intend to assert the affirmative defenses of laches or the statute of limitations defense at trial. Hence the primary reason given by Plaintiff for introduction of Gatti's litigation documents has evaporated. Because there is no longer dispute over Plaintiff's contention that it had no claim until April 2008, any alleged conduct by Defendants prior to that time, especially from five or more years prior to filing of the suit, cannot possibly be relevant to the specific activities that gave rise to this suit: (1) Defendants' sponsorship of a NASCAR racing team whose races have been broadcast into California, and (2) Defendants' offering of franchises into California. Thus, evidence of litigation involving disputes wholly unrelated to the conduct that gave rise to Plaintiff's lawsuit and not even involving any trademark dispute, much less the marks at issue here, cannot be relevant to this litigation. With the dropping of laches and the statute of limitations, Plaintiff no longer needs to show that it did not unreasonably delay in bringing suit. Evidence of unrelated litigation from years ago is simply not relevant to the narrow issues left to be tried.

Second, as to the purported need to use the Gatti's litigation to establish Defendants' intent, the focus now is clearly on Defendants' alleged intent in entering into California with the IPC Mark in 2008. As the Court stated in its recent order of June 25, the relevant bad faith inquiry here is whether Defendants "acted willfully and in bad faith in expanding their activities into California." [Doc. 188, p. 32] Plaintiff concedes it had no legal claim against Defendants at the time of the Gatti's litigation and that its claims arose *for the first time in 2008* because of Defendants' alleged entry into California. As such, information, pleadings, and orders from the Mr. Gatti's Actions, which involved different parties and ended five years before Plaintiff filed this lawsuit, is irrelevant to Plaintiff's claims and would result in unfair prejudice to Defendants. *See U.S. v. Sine*, 483 F.3d 990, 1002-04 (9th Cir. 2007) (prejudicial

3
**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 2**

value of government's repeated use of derogatory factual findings and comments made by a judge who presided over a related civil suit—in our case it is an *unrelated* civil suit—outweighed any possible probative value and should have been excluded; "the likely impact on the jury of a sitting state court judge pronouncing the existence of an essential element of a crime, while vigorously denouncing the defendant and his credentials, is difficult to ignore"); *Nipper v. Snipes*, 7 F.3d 415, 416 (7th Cir. 1993) ("[J]udicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice"). [See also Reply in Support of Motion in Limine No. 8, filed concurrently herewith].

### III. The Court Should Exclude Gatti's Documents Plaintiff Now Seeks to Introduce

While Plaintiff is quick to claim that there is a "treasure trove" of allegedly relevant information from the Gatti's litigation, Plaintiff actually listed ***only two*** documents from the Mr. Gatti's Actions on the parties' Joint Exhibit List, namely, (1) a May 24, 2000 deposition transcript (Doc. 179-2, Exh. 121) and (2) Barsness' Motion for Partial Summary Judgment in Mr. Gatti's v. Scott (Doc. 179-2, Exh. 124). However, Plaintiff attached to its Opposition ***nine additional documents*** from the Mr. Gatti's Actions, ***none*** of which are listed as exhibits on the parties' Joint Exhibit List. These additional nine documents referenced in the Opposition should be excluded due to Plaintiff's failure to timely disclose these documents.[1]

The following table outlines why each of the eleven documents from the Gatti's litigation that Plaintiff now seeks to introduce are irrelevant, would confuse the issues before the jury, and would unfairly prejudice Defendants:

---

[1] Plaintiff's attempt to include documents not on the Joint Exhibit List is not only contrary to the rules, *see* L.R. 16-2.3, but also is precisely why Defendants asked to exclude not just the two specific documents relating to the prior Gatti's litigation that were on the Joint Exhibit List, but any evidence from that unrelated matter.

| Description of Document | Where Found | Why Plaintiff Seeks to Admit It | Why It Should Be Excluded |
|---|---|---|---|
| Oral Deposition of Rick Barsness, May 24, 2000 (Referred to in Opposition at p. 2) | Doc. 206-2, Exh. 121 | Not explained, but it is presumed that Plaintiff offers this deposition to refute laches because it contains a transcription of May 2000 telephone conversation between Parlet and Barsness. | Laches defense withdrawn and therefore irrelevant; unfairly prejudicial and would confuse the issues regarding the only events giving rise to Plaintiff's claims. |
| Barsness' Motion for Partial Summary Judgment in Mr. Gatti's v. Scott (referred to in Opposition at p. 5) | Doc. 206-2, Exh. 124 | Allegedly to rebut contention that public refers to Plaintiff as "John's" by using IPC lawyer's reference to "John's Incredible Pizza," and to rebut contention that Parlet copied nonproprietary concepts from Barsness | Irrelevant; unfairly prejudicial. IPC's lawyer's single reference to Plaintiff in a pleading has no bearing on what the consuming public knows Plaintiff's business by today; whether Parlet copied nonproprietary concepts from Barsness is unrelated to any claim or defense in this case. |
| Order in Mr. Gatti's v. Barsness dated August 2, 2003 (Attached to Opposition as Exhibit 1) | Doc. 190-2 | To rebut laches (Opposition p.5) | Not disclosed as a trial exhibit; unfairly prejudicial; laches defense withdrawn and therefore irrelevant; this document does not even mention the IPC Mark, Plaintiff, or John Parlet |
| Petition for Declaratory Judgment in Barsness v. Mr. Gatti's (Attached to Opposition as Exhibit 2) | Doc 190-3 | To rebut laches (Opposition p.5) | Not disclosed as a trial exhibit; unfairly prejudicial; laches defense withdrawn and therefore irrelevant; declaratory relief sought by Barsness in unrelated litigation has no bearing on this case. |

| **Description of Document** | **Where Found** | **Why Plaintiff Seeks to Admit It** | **Why It Should Be Excluded** |
|---|---|---|---|
| Excerpts from December 13, 2001 deposition of Madison Scott in Mr. Gatti's v. Scott (Opposition p. 2 and Attached to Opposition as Exhibit 3) | Doc. 190-4 | To rebut laches (Opposition p.5) | Not disclosed as a trial exhibit; unfairly prejudicial; laches defense withdrawn and therefore irrelevant; these portions of the deposition relate to a recipe that Madison Scott allegedly was to receive from JIPC and has no possible relevance to this case, which deals with trademark infringement and not recipes. |
| "Modified Award" in Scott v. Barsness (Opposition p. 2 and Attached to Opposition as Exhibit 4) | Doc. 190-5 | To rebut laches (Opposition p.5) | Not disclosed as a trial exhibit; unfairly prejudicial; laches defense withdrawn and therefore irrelevant; this document does not even mention the IPC Mark, Plaintiff, or John Parlet |
| Copy of Court of Appeal of Texas opinion in Barsness v. Scott dated November 5, 2003 (Opposition p. 2 and Attached to Opposition as Exhibit 5) | Doc. 190-6 | To rebut laches (Opposition p.5) | Not disclosed as a trial exhibit; hearsay; unfairly prejudicial; laches defense withdrawn and therefore irrelevant; this appellate review of an arbitration panel's award has no relevance whatsoever to the issues in this case. |
| Order on Defendant's Motion to Exclude Evidence dated July 24, 2003 in Mr. Gatti's v. Barsness (Opposition p. 2 and Attached to Opposition as Exhibit 6) | Doc. 190-7 | To rebut laches (Opposition p.5) | Not disclosed as a trial exhibit; unfairly prejudicial; laches defense withdrawn and therefore irrelevant; a Texas state court's denial of a motion in limine in an unrelated case has no relevance to this case, which did not arise until 2008. |

| Description of Document | Where Found | Why Plaintiff Seeks to Admit It | Why It Should Be Excluded |
|---|---|---|---|
| Findings of Fact and Conclusions of Law in Barsness v. Scott, dated October 29, 2002 (referred to in Opposition at page 3-4 and Attached to Opposition as Exhibit 7) | Doc. 190-8 | To rebut laches (Opposition p.3-4) | Not disclosed as a trial exhibit; unfairly prejudicial; laches defense withdrawn and therefore it is irrelevant whether the sale to Madison Scott's company was a sale of stock or a sale of assets. |
| Agreed Order Setting Aside Settlement Agreement dated November 11, 2002 in Mr. Gatti's v. Scott (Attached to Opposition as Exhibit 8) | Doc. 190-9 | To rebut laches (Opposition p.5); to "confirm" that the arbitration panel's award was confirmed by a Texas court. | Not disclosed as a trial exhibit; unfairly prejudicial; laches defense withdrawn and therefore irrelevant; this document is as irrelevant as the arbitration award it confirmed. |
| Franchise Disclosure Document (Attached to Opposition as Exhibit 9) | Doc. 190-10 | To support contention that Defendants do not view the Mr. Gatti's Actions as irrelevant | Not disclosed as a trial exhibit; unfairly prejudicial; laches defense withdrawn and therefore irrelevant; Defendants disclosure of the Gatti's litigation to franchisees was required by law and has no bearing in this case. |

## IV. <u>Conclusion</u>

Plaintiff's Opposition confirms that Plaintiff intended, if allowed by the Court, to introduce various things from the Mr. Gatti's litigation, necessarily taken out of context as that dispute has little or no relation to this case, in an effort to confuse or mislead the jury with unrelated documents and testimony from unrelated pre-2008 cases. Such an improper effort should not be countenanced by the Court. Moreover, Defendants have now withdrawn their laches and statute of limitations affirmative

defenses thus making moot the principal basis upon which JIPC claims a need to introduce and rely upon other evidence from the 1997 to 2003 period.  Based on the foregoing, Defendants respectfully request that the Court issue an order in limine excluding all of the evidence Plaintiff indicated in its Opposition that it intends to offer from the Mr. Gatti's Actions.

Dated:  July 6, 2009                                        HOLME ROBERTS & OWEN LLP

By: *s/Steven C. Lawrence*
Lawrence P. Ebiner
Blaine J. Benard
800 W. Olympic Blvd., 4th Floor
Los Angeles, CA  90015
Telephone:  (213) 572-4300
Facsimile: (213) 572-4400


Glenn S. Bacal
Steven C. Lawrence
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ  85254-1597
Telephone:  (480) 624-4500
Facsimile: (480) 624-4599


Attorneys for Incredible Pizza Co., Inc. and Incredible Pizza Franchise Group, LLC

## PROOF OF SERVICE

### 1013 A(3) CCP REVISED 5/1/88

STATE OF ARIZONA, COUNTY OF MARICOPA

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to the within action. My business address is 16427 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

On July 6, 2009, I served the foregoing document described as **DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 2** on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Scottsdale, Arizona in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I caused the above-mentioned document to be personally served to the offices of the addressee.

☐ BY FACSIMILE: I communicated such document via facsimile to the addressee as indicated on the attached service list.

☐ BY FEDERAL EXPRESS: I caused said document to be sent via Federal Express to the addressee as indicated on the attached service list.

☒ BY ELECTRONIC MAIL: I caused the above-referenced document to be served to the addressee on the attached service list.

Executed on July 6, 2009, at Scottsdale, Arizona.

X (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Jamie Tuccio*
Jamie Tuccio

---

10
DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 2

#9088 v3 phx

# SERVICE LIST

**VIA EMAIL**
Ronald Oines, Esq.
Rutan & Tucker, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-1931
roines@rutan.com
Telephone: (714) 641-5100
Facsimile: (714) 546-9035

*Attorneys for JIPC MANAGEMENT, INC.*

**VIA EMAIL**
Randolph C. Foster, Esq.
Steven E. Klein, Esq.
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
rcfoster@stoel.com
seklein@stoel.com
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

*Attorneys for JIPC MANAGEMENT, INC.*