Lawrence P. Ebiner (State Bar No. 122293)
larry.ebiner@hro.com
Blaine J. Benard (UT State Bar No. 005661) (Admitted *pro hac vice*)
blaine.benard@hro.com
HOLME ROBERTS & OWEN LLP
800 West Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal (AZ State Bar No. 006812) (Admitted *pro hac vice*)
glenn.bacal@hro.com
Steven C. Lawrence (AZ State Bar No. 022551) (Admitted *pro hac vice*)
steve.lawrence@hro.com
HOLME ROBERTS & OWEN LLP
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599

*Attorneys for Incredible Pizza Co., Inc.; and Incredible Pizza Franchise Group, LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JIPC Management, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Incredible Pizza Co., Inc.; Incredible Pizza Franchise Group, LLC;<br><br>Defendants. | Case No. CV08-04310 MMM (PLAx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3**<br><br><u>**Pretrial Conference**</u><br>**Date: July 13, 2009**<br>**Time: 9:00 a.m.**<br>**Courtroom: Roybal 780**<br>**Judge: Hon. Margaret R. Morrow** |

1
**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3**

Defendants submit their Reply in support of Motion in Limine No. 3 Re: Evidence of Alleged Actual Confusion.

## **INTRODUCTION**

Plaintiff opposes this Motion in two ways. First, Plaintiff contends that the Court should not grant "a broad pretrial order to exclude all evidence of actual confusion." [Opposition, p. 2 n. 1] At the same time, however, Plaintiff intentionally lumps all of its documentary evidence of alleged actual confusion into two exhibits, one labeled "Customer Confusion Correspondence" and another labeled "Confusion Emails and Website Inquiries." [Doc. 206-2, Exhs. 58, 195] Plaintiff should not be heard to complain about the breadth of what Defendants seek to exclude, when Plaintiff fails to separately identify and list its own evidence. Both of these broad exhibits should be excluded.

Second, Plaintiff contends that "the vast majority of courts" admit the kinds of evidence of actual confusion Plaintiff seeks to introduce in this case, but cites only two district court opinions in support of its contention. In each of those cases, the actual confusion evidence in question was admitted under the far more lenient standard governing ***preliminary injunction proceedings***. Here, in contrast, Plaintiff seeks to introduce several types of evidence ***at trial***, including (1) allegedly misdirected emails from unknown persons (whose identifying information Plaintiff has redacted in many cases),[1] (2) inquiries made through Plaintiff's website by unknown persons, and (3) testimony from John Parlet and a loyal vendor, E. Brooks Lilly, claiming that unnamed others told them that they were allegedly confused for unknown reasons. [Docs. 139, 146, 206-2 Exhs. 58, 195] As explained below, these specific types of evidence are not only hearsay, they also are vague and therefore lack any significant probative value. Introduction of such evidence would also unfairly prejudice Defendants before a jury. As such, this evidence should be excluded.

---

[1] See, e.g., Doc. 206-2, Exh. 58.

For the convenience of the Court, below is a chart showing the specific evidence Defendants ask the Court to exclude, and the bases for excluding this evidence:

| Description of Evidence | Found At | Discussed by Plaintiff in Opposition | Why Plaintiff Seeks to Admit | Why They Should Be Excluded |
|---|---|---|---|---|
| "Customer Confusion Correspondence" | Doc. 206-2, Exh. 58 | p. 3 | To establish actual confusion | Irrelevant; Plaintiff has no evidence to establish that the reason for any of these inquiries were the result of the similarity of the marks, or that these inquiries establish actual confusion as opposed to inattentiveness or carelessness. |
| "Confusion Emails and Website Inquiries" | Doc. 206-2, Exh. 195 | p. 3 | To establish actual confusion | Irrelevant; Plaintiff has no evidence to establish that the reason for any of these inquiries were the result of the similarity of the marks, or that these inquiries establish actual confusion as opposed to inattentiveness or carelessness. |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3**

| | | | | |
|---|---|---|---|---|
| "JIPC Employment Application" | Doc. 206-2, Exh. 196 | No | To establish actual confusion | Irrelevant; Plaintiff has no evidence to establish that the reason for this application was the result of the similarity of the marks, or that this application establishes actual confusion as opposed to inattentiveness or carelessness; Applicant not a prospective purchaser. |
| "JIPC Customer Comment Cards" | Doc. 206-2, Exh. 55 | p. 4 | "To rebut Defendants' expert." | Exclude for purposes of establishing actual confusion because Plaintiff concedes they will not be used for that purpose |
| Testimony of John Parlet regarding confusion allegedly suffered by others | Doc. 139; JIPC's Response to Interrogatory No. 2 | No | To establish actual confusion | Hearsay; Unreliable account of biased witness; Irrelevant, unnamed persons Parlet would testify about not shown to be prospective purchasers |
| Testimony of E. Brooks Lilly regarding confusion allegedly suffered by others | Doc. 146 | No | To establish actual confusion | Hearsay; Unreliable account of biased witness; Irrelevant, unnamed persons Lilly would testify about not shown to be prospective purchasers |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3**

# ARGUMENT

## A. The Emails and Website Inquiries Are Inadmissible and Unreliable Hearsay.

Plaintiff cites to two district court opinions to support its claim that the emails and web inquiries it wishes to offer as evidence at trial of alleged actual confusion are not hearsay. Plaintiff fails to tell the Court that both of these opinions were rendered at the preliminary injunction stage, when, as the Court well knows, the standard for admissibility is far more lenient. *See Cytosport, Inc. v. Vital Pharmaceuticals, Inc.*, 2009 U.S. Dist. LEXIS 38343. at *48 n. 8 (E.D. Cal. May 6, 2009) ("[T]he court noted that even if CS's declarations included inadmissible hearsay, it is well within the discretion of the district court to accept … hearsay for purposes of deciding whether to issue [a] preliminary injunction") (internal quotation marks omitted); *Conversive, Inc. v. Conversagent, Inc*., 433 F. Supp. 2d 1079, 1083 (C.D. Cal. 2006) ("Plaintiff also seeks a preliminary injunction …").

The *Cytosport* case also noted that "the Ninth Circuit has not addressed this issue, and the circuit courts are split with respect to whether employee testimony regarding consumer confusion is hearsay." 2009 U.S. Dist. LEXIS 38343, at *44. Thus Plaintiff's assertion that the vast majority of Courts admit such evidence at trial is not accurate.

Furthermore, unlike the situation in *Cytosport*, Plaintiff does not seek to introduce employee testimony regarding actual confusion by customers at a John's Incredible Pizza Co. restaurant, but something far more attenuated. Rather, Plaintiff seeks to introduce what amounts to random inquiries on numerous topics from people who are not necessarily consumers at all, and/or who are merely asking about the relationship or lack thereof between Plaintiff and Defendants (rather than expressing any confusion). For example, Plaintiff seeks to introduce as evidence of alleged actual confusion the following:

5
**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3**

- an October 2004 inquiry from "Tabitha Monson" expressing interest in starting and managing a pizza place in the Los Angeles area, where Plaintiff has locations but Defendants do not [Doc. 206-2, Exh. 195, JIPC0106 attached as Exhibit 1];
- an April 2006 inquiry from "Brittany" asking if Plaintiff "Has any Link to Incredible Pizza in Tulsa Ok, Sugerland, Waracres, 1950s, or Siloam Springs just wondering" [Id., JIPC0678];
- a May 2008 inquiry from "Ray Rakubian" asking "Are you related to this chain?" and including a link to Defendants' website [Id., JIPC1628];
- a June 2008 inquiry from "Amy" asking if Plaintiff was "a franchise related to the original John's Pizza in Ridgecrest, CA," which was owned by John Parlet; and
- a June 2008 inquiry from "kalaan fitzhugh" asking whether Plaintiff has a location in Las Vegas, Nevada, when neither Plaintiff nor Defendants currently have a location in Nevada.

Plaintiff still has not shown that the reason for any of these questions as to affiliation were the result of the similarity of the marks, as is required. *Toys "R" Us, Inc. v. Lamps R Us*, 219 U.S.P.Q. 340 (TTAB 1983). Plaintiff also fails to provide any evidence to suggest that these inquiries or comments establish actual confusion as opposed to inattentiveness or carelessness. *Therma-Scan, Inc. v. Thermoscan, Inc.* 295 F.3d 623, 635 (6th Cir. 2002).

Plaintiff itself recognizes that most of the evidence it seeks to introduce primarily is the product of inattentiveness, and does not show actual confusion. Plaintiff argues that "most of the evidence of actual confusion prior to March 2008 was as the result of potential consumers of one party ***stumbling*** onto the website of the other party, presumably as the result of a keyword search." [Opposition, p. 5 ll. 24-26; emphasis added] "Stumbling" onto another's website "as the result of a keyword search" that apparently used the descriptive words or phrase incredible

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3**

and/or pizza[2] is not evidence of actual confusion in a trademark infringement action; rather, stumbling around is a product of inattentiveness and any resulting level of confusion is not addressable by, nor can it be reasonably related to, an infringement claim. *See Reed-Union Corp. v. Turtle Wax, Inc.*, 77 F.3d 909, 912 (7th Cir. 1996) ("Befuddlement is part of the human condition. No matter how clear the markings, no matter how different the names, no matter how distinctive the bottles, some confusion is inevitable"). Furthermore, one can only speculate as to what these people were thinking when they accessed Plaintiff's website, as none of these people who claim to have stumbled upon Plaintiff's website are listed as witnesses for trial, it would be entirely speculative as to what they were thinking when they accessed Plaintiff's website.

As such, Plaintiff's proffered actual confusion evidence is speculative in nature and neither reliable nor admissible. These random inquiries do not establish actual confusion by themselves, and none of the persons who actually sent these inquiries were listed by Plaintiff on its witness list. As a result, the jury would never know why any of these people sent their messages, or whether they were really confused (or if so by what) and it would be extremely prejudicial to allow these messages into evidence. All of these messages should be excluded.

Plaintiff also includes on the joint exhibit list "JIPC Customer Comment Cards," but now contends that it does not intend to offer any of these comment cards

---

[2] Plaintiff's proffered evidence confirms that at least some of these alleged instances of confusion emanated from simple Internet searches for "incredible pizza" alone. [See, e.g., Doc. 206-2, Exh. 195, JIPC0494 attached as Exhibit 1 ("when I was looking for information I went to google and typed in Incredible Pizza and found your website!"); JIPC0680 ("The only thing I can tell you is I did a search on INCREDIBLE PIZZA and received John's IP")] The fact that certain persons did a search using common words and happened to find Plaintiff, Defendants, and/or a number of other "Incredible" restaurants is not competent evidence of actual confusion. These emails are merely a consequence of how searches using common words can trigger many different results.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3**

to establish actual confusion. [Opposition, p. 4; Doc. 206-2, Exh. 55] At the same time, however, Plaintiff argues that "to the extent 'comment cards' show confusion, they are admissible for the same reasons," indicating that Plaintiff's disclaimer may not be accurate. [Id.] The Court should hold Plaintiff to its word and prevent Plaintiff from introducing any of these "comment cards" to show alleged actual confusion.

Plaintiff now states that it instead seeks to introduce these "comment cards" to "rebut Defendants' expert. In particular, Defendants' expert opined that JIPC's customers always refer to JIPC as 'John's Incredible Pizza Co.'" [Opposition, p. 4] Dr. Simonson does not make any such claim. However, Defendants agree with Plaintiff that these "comment cards" do have limited probative value solely to determine how consumers refer to Plaintiff (i.e. as "John's," "John's Incredible Pizza," or "John's Incredible Pizza Company").

**B.  Testimony About the Alleged Confusion of Others Is Inadmissible Double Hearsay.**

Plaintiff also claims that testimony of John Parlet and E. Brooks Lilly [Docs. 139 and 146] claiming that unnamed others expressed alleged confusion to them is not hearsay because it is offered merely to prove that these unnamed others made the statements. *See Cytosport*, 2009 U.S. Dist. LEXIS 38343, at *46 ("If the significance of an offered statement lies solely in the fact that it was made … the statement is not hearsay"). This is untenable.

Plaintiff does not seek to introduce Parlet's and Lilly's statements merely to prove that unnamed others merely said they were confused. Instead, Plaintiff offers them to convince the jury that those unnamed others were in fact confused, and if admitted, that is surely what the jury will conclude. No matter what Plaintiff claims, such statements clearly would be offered for the truth of the matter asserted, or would be perceived as such by every juror, and therefore are inadmissible. *See Fierberg v. Hyundai Motor America*, 44 U.S.P.Q.2d 1305 (C.D. Cal. 1997) (letters evidencing confusion "not by those who wrote the letters, but unidentified others" were

inadmissible); *Instant Media, Inc. v. Microsoft Corp.*, 2007 U.S. Dist. LEXIS 61443, at *37-*38 (C.D. Cal. Aug. 13, 2007) (declaration from the plaintiff's CEO claiming that the company had received "a number of phone calls and website inquiries" constituted inadmissible hearsay); *see also Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 502 F.3d 504, 518 (6th Cir. 2007) (testimony of employee regarding instance of actual confusion relayed to him by another employee was "hearsay" and "lack[ed] the details necessary to establish actual confusion"); *Sunfield Engineering, Inc. v. L & R Sunfield Industries, Inc.*, 1990 U.S. Dist. LEXIS 11484, at *11-12 (W.D. Mich. Aug. 30, 1990) ("The court agrees with defendants that plaintiff's evidence concerning these incidents, much of which is based on hearsay and the vague impressions of plaintiff's principals, is far from overwhelming").

As such, Parlet's and Lilly's testimony regarding these statements is inadmissible hearsay, and should be excluded.

**C. Alleged Actual Confusion Prior to April 2008 Is Irrelevant.**

Rather than respond to Defendants' argument that pre-2008 actual confusion is not relevant to Plaintiff's 2008 claims, Plaintiff instead cites *Glow Indus. v. Lopez* for the proposition that "it is possible to have instances of 'actual confusion' without a 'likelihood of confusion.'" [Opposition, p. 5 ll. 21-24] *Lopez* did not hold that instances of alleged confusion predating the alleged infringing conduct are relevant or admissible; rather, the Court merely found that "two facsimiles from a wholesale customer and the handwritten notes of employees who recorded comments made by retail customers … [was] not sufficient to support a general likelihood of confusion finding," consistent with the general rule that *de minimis* actual confusion does not establish a likelihood of confusion. 252 F. Supp. 2d 962, 999 (C.D. Cal. 2002). Thus, *Lopez* is not on point.

Plaintiff fails to cite any authority to support its contention that alleged actual confusion dating back to 2004 somehow would be relevant to Plaintiff's current infringement claim, which Plaintiff admits ***did not exist*** until Defendants allegedly

"invaded" California in 2008. Rather, as explained above, Plaintiff's actual confusion evidence predating 2008 might show, *at most,* that some people inquired about a possible relationship between Plaintiff and Defendants based almost entirely on Internet searches for "incredible pizza" and other descriptive phrases. It does not show, and Plaintiff offers no evidence to show that this happened even once, that any potential customers of Plaintiff's restaurants were actually diverted to Defendants' restaurants. *Taj Mahal Enterprises, Ltd. v. Trump*, 745 F. Supp. 240, 249 (D.N.J. 1990).

In *Taj Mahal* the Court stated:

> There is no evidence on the record that anyone has arrived in Atlantic City, eaten dinner at the TRUMP TAJ MAHAL, and then been surprised to find out that plaintiff did not own and operate the casino restaurant. Thus, any such evidence is not relevant and should be excluded.[3]

Likewise, none of Plaintiff's pre-2008 actual confusion evidence demonstrates that any single consumer ever walked into one of Defendants' restaurants, ate at the buffet, and then expressed surprised that Plaintiff did not own it, nor the reverse experience at Plaintiff's stores. Plaintiff's pre-2008 actual confusion evidence is irrelevant and should be excluded.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court issue an order in limine excluding any purported evidence of actual confusion predating the events that gave rise to Plaintiff's claims in early 2008.

---

[3] Given this express statement, it is hard to see how Plaintiff could argue, as it did in the Opposition, that the *Taj Mahal* case "did not even involve the issue of whether particular evidence of actual confusion is admissible." [Opposition, p. 6 ll. 9-11]

| | |
|---|---|
| Dated: July 6, 2009 | HOLME ROBERTS & OWEN LLP |

By: *s/Steven C. Lawrence*
Lawrence P. Ebiner
Blaine J. Benard
800 W. Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal
Steven C. Lawrence
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599

Attorneys for Incredible Pizza Co., Inc. and Incredible Pizza Franchise Group, LLC

# PROOF OF SERVICE

## 1013 A(3) CCP REVISED 5/1/88

STATE OF ARIZONA, COUNTY OF MARICOPA

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to the within action. My business address is 16427 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

On July 6, 2009, I served the foregoing document described as **DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3** on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Scottsdale, Arizona in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I caused the above-mentioned document to be personally served to the offices of the addressee.

☐ BY FACSIMILE: I communicated such document via facsimile to the addressee as indicated on the attached service list.

☐ BY FEDERAL EXPRESS: I caused said document to be sent via Federal Express to the addressee as indicated on the attached service list.

☒ BY ELECTRONIC MAIL: I caused the above-referenced document to be served to the addressee on the attached service list.

Executed on July 6, 2009, at Scottsdale, Arizona.

X (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Jamie Tuccio

# SERVICE LIST

**VIA EMAIL**
Ronald Oines, Esq.
Rutan & Tucker, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-1931
roines@rutan.com
Telephone: (714) 641-5100
Facsimile: (714) 546-9035

*Attorneys for JIPC MANAGEMENT, INC.*

**VIA EMAIL**
Randolph C. Foster, Esq.
Steven E. Klein, Esq.
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
rcfoster@stoel.com
seklein@stoel.com
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

*Attorneys for JIPC MANAGEMENT, INC.*