Lawrence P. Ebiner (State Bar No. 122293)
larry.ebiner@hro.com
Blaine J. Benard (UT State Bar No. 005661) (Admitted *pro hac vice*)
blaine.benard@hro.com
HOLME ROBERTS & OWEN LLP
800 West Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal (AZ State Bar No. 006812) (Admitted *pro hac vice*)
glenn.bacal@hro.com
Steven C. Lawrence (AZ State Bar No. 022551) (Admitted *pro hac vice*)
steve.lawrence@hro.com
HOLME ROBERTS & OWEN LLP
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599

*Attorneys for Incredible Pizza Co., Inc.; and Incredible Pizza Franchise Group, LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JIPC Management, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Incredible Pizza Co., Inc.; Incredible Pizza Franchise Group, LLC;<br><br>Defendants. | Case No. CV08-04310 MMM (PLAx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 5**<br><br>**Pretrial Conference**<br>**Date: July 13, 2009**<br>**Time: 9:00 a.m.**<br>**Courtroom: Roybal 780**<br>**Judge: Hon. Margaret R. Morrow** |

Defendants Incredible Pizza Co., Inc. and Incredible Pizza Franchise Group LLC ("Defendants") submit their Reply in support of Motion in Limine No. 5 Re: Alleged Harm or Damages prior to Plaintiff's Claims.

## INTRODUCTION

Defendants' Motion in Limine No. 5 seeks exclusion of any evidence that Plaintiff suffered any alleged harm or damages as a result of any action taken or services offered by Defendants prior to April 2008, the time when Plaintiff asserts its claims first arose. Plaintiff concedes "it is Plaintiff's current intention to seek only damages and injunctive relief related to Defendants' activities directed to California and adjoining states" and "to seek damages only from March 1, 2008 through trial." [Opposition to MIL No. 5 at p. 1] Based on Plaintiff's concessions, any alleged harm or damages prior to March 2008 or outside of California and the adjoining states is not relevant to this dispute and should be excluded. Such evidence is even more irrelevant now that that Defendants no longer are asserting laches or statute of limitations as affirmative defenses in this case, thus making any evidence of alleged harm or damages suffered by Plaintiff prior to March 2008 irrelevant and unfairly prejudicial.

## ARGUMENT

The Court's June 25 Order effectively limited the ***geographic scope*** of the issues to be decided at trial and the relief available to Plaintiff.[1] Defendants' abandonment of their affirmative defenses of laches and the statute of limitations further serves to limit the ***temporal scope*** of the issues to be decided at trial. Plaintiff's claims are based entirely on two activities by Defendants' beginning in March 2008: (1) Defendants'

---

[1] In its June 25 Order, the Court established the following for purposes of trial: (1) "JIPC's market penetration does not extend to any state in which defendants currently operate, and [JIPC] is therefore not entitled to injunctive relief precluding defendants from using the 'Incredible Pizza Company' mark in those states" [June 25 Order p. 27]; (2) "[D]efendants' use of their marks in states in which they operate presently restaurants has not caused JIPC actual damage" [Id. at 28]; and (3) "JIPC did not experience any lost sales as a result of defendants' conduct" [Id. at 30].

offering of franchises in California; and (2) Defendants' sponsorship of a NASCAR team (CJM Racing) whose car has appeared in broadcasts in California and surrounding states. Plaintiff also has argued to this Court that it "had ***no ability*** . . . to bring suit" prior to these activities. [Doc. Opposition to Motion for Summary Judgment 11]

If Plaintiff had no claim prior to March 2008, as it has contended, there could have been no likelihood of confusion prior to that time because "[t]he touchstone of [a claim for] infringement is whether the use creates a likelihood of confusion." *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 543 (5th Cir. 1998); *see also Self-Insurance Inst. of Am. v. Software & Info. Indus. Ass'n*, 208 F. Supp. 2d 1058 (C.D. Cal. 2000) ("Without a likelihood of confusion, there can be no claim for infringement."). Thus, the only possible evidence of likelihood of confusion that could be relevant to Plaintiff's claims is evidence regarding Defendants' two activities that Plaintiff itself asserts gave rise to its claims.

Plaintiff misconstrues Defendants' Motion in Limine No. 5 by claiming that "[w]hat Defendants are really after is a bar against offering the *undisputed evidence* that Rick Barsness intentionally adopted a mark and name virtually identical to Plaintiff's and that he knew that name would likely cause confusion and harm to Plaintiff should the business operate in the same or proximate geographic markets." [Id. emphasis added)] Plaintiff knows or should know that such evidence does not exist, and even if it did, that it surely could not be characterized as "undisputed."[2] In

---

[2] Plaintiff's claim that it is undisputed that Rick Barsness "intentionally adopted a mark and name virtually identical to Plaintiff's" and that he "knew the name would likely cause confusion and harm to Plaintiff should the businesses operate in the same or proximate geographic markets," is of course completely false, and is highly disputed. Plaintiff's claim that the mark and name was "virtually identical" is contrary to every finding of this Court thus far in the case with respect to the differences between Plaintiff's mark and Defendants'. The allegation that Barsnsess knew that the name would cause confusion and harm has been hotly contested from the first time the allegation was made.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 5**

any event, as addressed more fully in Defendants' Motion in Limine No. 8, evidence or arguments regarding alleged bad faith prior to 2008 also is irrelevant to Plaintiff's claims in this action and should be excluded at trial.

Plaintiff states, but cites no authority for its proposition, that "[t]he fact that damages may be limited proximately and temporally does not mean that evidence going to liability should be so limited." [Id. at 2] For such "evidence going to liability" to be relevant, however, it must relate to a "fact that is of consequence to the determination of" Plaintiff's claims. Fed. R. Evid. 401. Based on Plaintiff's own admissions, any alleged evidence of liability or damages prior to March 2008 is irrelevant because it is of no consequence to a determination of the ***only*** two issues to be decided with respect to Plaintiff's claims: (1) whether there is a likelihood of confusion caused by (a) Defendants' offering of franchises in California; or (b) Defendants' sponsorship of a NASCAR team whose car has appeared in broadcasts in California and surrounding states; and (2) whether Plaintiff has suffered any harm or is entitled to any relief from these activities. Therefore, allowing the introduction of alleged evidence of damages or harm suffered by Plaintiff unrelated to these activities would be unfairly prejudicial and would serve only to confuse the jury.

Exclusion of such evidence also is consistent with the Court's June 25 Order, which focused on the possible harm to Plaintiff from (1) broadcasts of NASCAR races into California; and (2) the offering of franchises in California after being put on notice of Plaintiff's claims. Exclusion of this evidence also is consistent with the only damages sought by Plaintiff, namely (1) Defendants' profits from development and franchise fees in California, Washington, Oregon, Nevada, and Arizona from April 2008 forward; and (2) corrective advertising based on the value to Defendants of NASCAR broadcasts into these states. [Plaintiff's Supplemental Response to Interrogatory No. 2]. Because Plaintiff already has conceded that it "does not seek monetary relief for conduct predating

2008," [see Doc. 131, p. 23], Defendants conduct before April 2008 is irrelevant to this case, particularly if laches and the statute of limitations are not at issue.

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court issue an order in limine excluding all evidence Plaintiff intends to offer regarding damages or harm suffered prior to March 2008. For the Court's convenience, Defendants are aware of the following documents on the Joint Exhibit List that should be excluded because they relate primarily to damages or harm suffered by Plaintiff prior to March 2008:

| Description of Evidence | Found At | Why Plaintiff Seeks to Admit | Why They Should Be Excluded |
| --- | --- | --- | --- |
| Summary of JIPC Net Sales under the JIPC Marks (1997-April 2007) | Doc. 206-2, Exh. 59 | To establish actual damages or lost profits from 1997 to 2007 | Plaintiff concedes that it "does not seek monetary relief for conduct predating 2008" |
| Sublease Agreement – Las Vegas, NV | Doc. 206-2, Exh. 67 | To establish harm to alleged expansion effort allegedly caused by Defendants' use and franchising in Nevada | Irrelevant if attempting to show damages prior to 2008. |
| "Examples of Expansion Efforts" | Doc. 206-2, Exh. 68 | To establish harm to alleged expansion effort allegedly caused by Defendants' use and franchising in other states | Irrelevant if such expansion efforts were prior to April 2008. |
| Statement of Use Under 37 CFR 2.88, With Declaration | Doc. 206-2, Exh. 122 | Pertains to alleged harm to Plaintiff from Barsness' alleged "fraud" in applying for registration of the IPC Mark in 2001 and/or the America's IPC Mark in 2004 | Irrelevant; Plaintiff concedes it had no claim prior to 2008 and there could have been no fraud that caused harm to Plaintiff from these trademark applications |

| | | | |
|---|---|---|---|
| "Declaration of Use of Mark in Commerce Under Section 8 "Incredible Pizza Company Great Good, Fun, Family & Friends (stylized and/or with design)" | Doc. 206-2, Exh. 152 | Pertains to alleged harm to Plaintiff from Barsness' alleged "fraud" in applying for registration of the IPC Mark in 2001 and/or the America's IPC Mark in 2004 | Irrelevant; Plaintiff concedes it had no claim prior to 2008 and there could have been no fraud that caused harm to Plaintiff from these trademark applications |
| Letter from Rodney Worrel to Rick Barsness; Letter from Rodney Worrel to Robin French; Letter from Jere Webb to Benjamin | Doc. 206-2, Exhs. 138, 139, 147 | To show alleged infringement by Defendants in 2004. | Irrelevant; Plaintiff concedes it had no claim prior to 2008 and there could have been no infringement |
| Springfield Business Journal Article dated 3/12/2007 re "Incredible Pizza Co. Targets $500 Million in 10 Years" | Doc. 206-2, Exh. 153 | To show profits by Defendants prior to 2008 | Irrelevant; prejudicial; Plaintiff cannot prejudice the jury by showing Defendants' substantial success prior to 2008. |
| Incredible Pizza Franchise Group, LLC Uniform Franchise Offering Circulars from 2005-2007 | Doc. 206-2, Exhs. 145, 151, 157 | To show alleged harm from Defendants' franchising activities prior to 2008 | Irrelevant; Plaintiff concedes it had no claim prior to 2008 and there could have been no harm from such activities |
| Correspondence between Rick Barsness and Robin French; Email to Karen Fohn from Lana Dial re New Store Signage – Franchisees. | Doc. 206-2, Exhs. 158-161 | To show alleged harm from Defendants' franchising activities prior to 2008 | Irrelevant; Plaintiff concedes it had no claim prior to 2008 and there could have been no harm from such activities |

| Summary of IPC Revenues from 2002-2007 | Doc. 206-2, Exh. 229 | To show IPC's profits prior to 2008. | Irrelevant; Plaintiff is not entitled to any of IPC's profits prior to 2008, as Plaintiff is not seeking monetary relief for IPC's activities prior to 2008 |
|---|---|---|---|
| IPC franchise and development agreements prior to 2008 | Doc. 206-2, Exhs. 265-281; 302-310 | To show alleged harm from Defendants' franchise agreements predating 2008 | Irrelevant; Plaintiff concedes it had no claim prior to 2008 and there could have been no harm from such activities |

Dated: July 6, 2009

HOLME ROBERTS & OWEN LLP

By: *s/Steven C. Lawrence*
Lawrence P. Ebiner
Blaine J. Benard
800 W. Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal
Steven C. Lawrence
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599

Attorneys for Incredible Pizza Co., Inc. and Incredible Pizza Franchise Group, LLC

## PROOF OF SERVICE

### 1013 A(3) CCP REVISED 5/1/88

STATE OF ARIZONA, COUNTY OF MARICOPA

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to the within action. My business address is 16427 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

On July 6, 2009, I served the foregoing document described as **DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 5** on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Scottsdale, Arizona in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I caused the above-mentioned document to be personally served to the offices of the addressee.

☐ BY FACSIMILE: I communicated such document via facsimile to the addressee as indicated on the attached service list.

☐ BY FEDERAL EXPRESS: I caused said document to be sent via Federal Express to the addressee as indicated on the attached service list.

☒ BY ELECTRONIC MAIL: I caused the above-referenced document to be served to the addressee on the attached service list.

Executed on July 6, 2009, at Scottsdale, Arizona.

X (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Jamie Tuccio

# SERVICE LIST

**VIA EMAIL**
Ronald Oines, Esq.
Rutan & Tucker, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-1931
roines@rutan.com
Telephone: (714) 641-5100
Facsimile: (714) 546-9035

*Attorneys for JIPC MANAGEMENT, INC.*

**VIA EMAIL**
Randolph C. Foster, Esq.
Steven E. Klein, Esq.
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
rcfoster@stoel.com
seklein@stoel.com
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

*Attorneys for JIPC MANAGEMENT, INC.*