Lawrence P. Ebiner (State Bar No. 122293)
larry.ebiner@hro.com
Blaine J. Benard (UT State Bar No. 005661) (Admitted *pro hac vice*)
blaine.benard@hro.com
HOLME ROBERTS & OWEN LLP
800 West Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal (AZ State Bar No. 006812) (Admitted *pro hac vice*)
glenn.bacal@hro.com
Steven C. Lawrence (AZ State Bar No. 022551) (Admitted *pro hac vice*)
steve.lawrence@hro.com
HOLME ROBERTS & OWEN LLP
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599

*Attorneys for Incredible Pizza Co., Inc.; and Incredible Pizza Franchise Group, LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JIPC Management, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Incredible Pizza Co., Inc.; Incredible Pizza Franchise Group, LLC;<br><br>Defendants. | Case No. CV08-04310 MMM (PLAx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 6**<br><br>**Pretrial Conference**<br>**Date: July 13, 2009**<br>**Time: 9:00 a.m.**<br>**Courtroom: Roybal 780**<br>**Judge: Hon. Margaret R. Morrow** |

1
**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 6**

Defendants submit their Reply in support of Motion in Limine No. 6 Re: Evidence of Alleged Actual Confusion by Non-Consumers.

## **INTRODUCTION**

Plaintiff relies exclusively in its Opposition on out-of-circuit cases. Contrary to the cases cited by Plaintiff, in the Ninth Circuit, ***only confusion suffered by prospective purchasers is relevant to the likelihood of confusion analysis***. *Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1535 (9th Cir. 1989). For this reason alone, proffered testimony from John Wyson and Larry Turner regarding their own alleged confusion, as well as testimony from John Parlet and E. Brooks Lilly regarding the alleged confusion of unnamed contractors, vendors, and random people at trade shows, is irrelevant, unreliable, vague and should be excluded.

Plaintiff claims that Defendants cannot prove that unnamed people who allegedly were confused, who are described in Parlet's and Lilly's declarations, were not prospective purchasers. [Opposition, p. 1 ll. 10-12] Plaintiff fails to cite any authority to show that the burden of proof lies with a defendant to show that unidentified persons who Plaintiff claims may have been confused were not prospective purchasers. In any event, as Plaintiff well knows, such proof would be impossible to provide as to people that Plaintiff has not even identified.

Finally, Plaintiff again trots out the same two district court cases it relied on in its Opposition to Defendants' Motion in Limine No. 3 to broadly assert that none of its evidence of actual confusion is hearsay. Plaintiff again ignores that the evidence it offers is ***not from the allegedly confused persons themselves***; rather, Plaintiff primarily offers conclusory statements from Plaintiff itself and its loyal vendors to try to prove that other people told them that they were confused. As explained below, such attenuated, unreliable and vague testimony is inadmissible hearsay and should be excluded.

# ARGUMENT

## A. Plaintiff Mistakenly Relies On Out-Of-Circuit Authorities and Disregards the Ninth Circuit Authority Set Forth in the Motion.

As set forth in Defendants' Motion, the Ninth Circuit has determined that only confusion suffered by prospective purchasers is relevant to the question of likelihood of confusion. *Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1535 (9th Cir. 1989); *see also Glow Industries, Inc. v. Lopez*, 252 F. Supp. 2d 962, 999 (C.D. Cal. 2002) (rejecting *de minimis* evidence of actual confusion in part because "some of it … involves 'sophisticated' wholesalers who might be expected to inquire about the affiliation, if any, between the companies"); *Instant Media, Inc. v. Microsoft Corp.*, 2007 U.S. Dist. LEXIS 61443, at * 38 (N.D. Cal. Aug. 13, 2007) ("Relevant confusion is that which affects purchasing decisions, not confusion generally") (citing *Echo Drain v. Newsted*, 307 F. Supp. 2d 1116, 1126-27 (C.D. Cal. 2003)).

Plaintiff ignores this authority, and instead cites cases from various other courts that have admitted evidence of confusion by non-purchasers in other situations, including the Southern District of New York, the Fourth Circuit, and a Wyoming state court. However, Plaintiff fails to cite a single case within the Ninth Circuit for the proposition that confusion suffered by anyone at all is admissible, nor is there any such case. *See Rearden LLC v. Rearden Commerce, Inc.*, 2009 U.S. Dist. LEXIS 14836, at *34 n. 9 (N.D. Cal. Jan. 27, 2009) (rejecting plaintiff's argument that "confusion of investors, vendors, and suppliers can support a finding of infringement, even in the absence of consumer confusion" because "[t]his court is bound to apply the law of the Ninth Circuit, ***whose precedents clearly hold that the key inquiry is confusion of prospective purchasers***") (emphasis added).

Simply put, the only relevant actual confusion under Ninth Circuit law is confusion suffered by prospective purchasers. As such, random instances of confusion from contractors, vendors (including John Wyson), and people at trade shows, as Plaintiff wishes to introduce, is irrelevant and should be excluded.

Plaintiff then attempts to distinguish *Accuride* and *Rearden* by claiming that these cases dealt solely with "source confusion," whereas Plaintiff here intends to establish "confusion as to sponsorship, association, affiliation, etc." [Opposition, pp. 4-5] Plaintiff fails to explain how "confusion as to sponsorship, association, affiliation, etc." is different from "source confusion," and fails to cite any authority distinguishing between the two. Plaintiff also fails to cite any authority for its theory that "confusion as to sponsorship, association, affiliation, etc." suffered by anyone would possibly be relevant if "source confusion" from these same people would not be relevant under *Accuride* and *Rearden*. Plaintiff's attempts to avoid clear Ninth Circuit precedent should not be countenanced by the Court. The evidence that Plaintiff seeks to introduce here should be excluded. Purported evidence of confusion suffered by persons other than prospective purchasers is simply not relevant in the Ninth Circuit.

**B.     Vague Evidence of Actual Confusion Is Unreliable and Inadmissible.**

Plaintiff also argues that "Defendants have failed to make any showing that the individuals who expressed confusion do not qualify as actual or potential purchasers" of Plaintiff's or Defendants' services, citing *Jockey International, Inc. v. Burkard*, 185 U.S.P.Q. 201 (S.D. Cal. 1975). [Opposition, p. 1 ll. 10-12] *Burkard* did not hold that a defendant must show that a plaintiff's evidence of alleged actual confusion does not come from purchasers. Rather, that case merely found that retail salespersons "are prospective underwear purchasers." As such, the *Burkard* court allowed these particular retail salespersons to testify as to their own confusion regarding two underwear products.[1] *Id*.

Moreover, Plaintiff knows it would be impossible for Defendants to "prove" that these unidentified people are not prospective purchasers because Plaintiff refuses

---

[1] It should be noted that *Burkard* predates *Accuride*, which, as noted above, held that the "critical focus" of the likelihood of confusion analysis was the effect on prospective purchasers in the marketplace. 871 F.2d at 1535.

to specifically identify any of them other than John Wyson, Parlet's accountant. Plaintiff has only identified the others as "a contractor," a "vendor's representative," people "at trade shows and during sales calls," "employees, owners and operators of [family entertainment centers] and other entertainment venues," and "other vendors to the FEC/entertainment industry." [See Motion, "Relevant Facts"]

Thus, it is impossible to tell whether or not any of these people were prospective purchaser because Plaintiff has offered only vague identifications of who they were generally, and thereby failed to demonstrate that the evidence relating to these unidentified persons is relevant. This evidence thus should be excluded. *See Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 290 F. Supp. 2d 1083, 1093-94 (C.D. Cal. 2003) (excluding statement of plaintiff's CEO as inadmissible hearsay because he "could not provide any further information, such as names of people who were allegedly confused, the dates of any inquiries, the nature of the alleged confusion, or any documentary evidence supporting MMC's allegations"); *Avery Dennison Corp. v. ACCO Brands, Inc.,* 1999 U.S. Dist. LEXIS 21464, at *18 (C.D. Cal. Oct. 12, 1999) (declarations regarding comments made by unknown confused third parties and misdirected phone calls were inadmissible hearsay; moreover, there was no identification of the confused people, and there was no reason or explanation as to why they were confused); *Platinum Home Mortgage Corp. v. Platinum Financial Group, Inc*., 149 F.3d 722, 729 (7th Cir. 1998) ("[E]vidence of actual confusion must refer to the confusion of reasonable and prudent consumers, and not confusion among sophisticated members of the mortgage service industry").

Moreover, there can be no dispute that neither Larry Turner nor John Wyson were prospective purchasers at the time that each allegedly suffered confusion. As explained in the Motion, Turner is the CEO of Vision Capital Corp., which provided financing for Plaintiff sometime in 2000. [Doc. 141, ¶¶ 2-4] Having lost contact with Plaintiff for several years, Turner claims he suffered some degree of confusion after running a Google search for " Incredible Pizza" alone and uncovering Defendants'

5

website instead of Plaintiff's. [Id., ¶ 7] Turner further contends that his alleged confusion was not remedied until he spoke with John Parlet. Thus, Turner cannot possibly be seen as a prospective purchaser of other company's services because (1) he had never even heard of IPC before he stumbled across the website, and (2) he had not had any contact with Plaintiff for several years.

Moreover, Turner's testimony is suspect in light of the fact that he allegedly reviewed the IPC website, which Turner acknowledges contains an overwhelming amount of information that distinguishes IPC from Plaintiff, including the facts that (1) IPC uses America's before the IPC Mark," and does not use "John's" or any mark owned by Plaintiff, and (2) IPC was founded by Rick and Cheryl Barsness, not John Parlet. [Id., ¶¶ 9-11]

Likewise, Wyson, Plaintiff's outside accountant, allegedly expressed to Parlet that he "did a double-take" when he saw the CJM Racing car in a NASCAR broadcast, and "had to pause my TIVO to confirm that the smaller letters actually said 'America's' and not 'John's.'" [Doc. 12, ¶ 50] Wyson then allegedly did a Google search to "confirm" that the race car was not in fact sponsored by Plaintiff – a fact one would expect Plaintiff's outside accountant to already know. [Id.] The veracity of this claim aside, it is clear that Wyson was not a prospective purchaser of Plaintiff's services when he saw the race car; rather, he was (and likely still is) an outside contractor for Plaintiff who is quite familiar with Plaintiff's business. Nor does Wyson evidence any confusion at all, as he purposefully confirmed almost immediately that the racecar said America's and not John's, and thus distinguished between the two businesses. Thus, Turner's and Wyson's alleged confusion, to the extent either truly was confused, is irrelevant and should be excluded. *See Instant Media*, 2007 U.S. Dist. LEXIS 61443, at * 38 (N.D. Cal. Aug. 13, 2007) ("Relevant confusion is that which affects purchasing decisions, not confusion generally").

## C. Parlet's and Lilly's Testimony Regarding the Alleged Confusion of Others Is Inadmissible Hearsay.

Plaintiff then claims that Parlet's and Lilly's testimony about how unnamed others expressed confusion would not be hearsay because they will not be offered for the truth of the matter asserted. Plaintiff is wrong. These statements clearly would be offered for the truth of the matter asserted; namely, that that person was in fact confused, and would certainly be regarded as such by a jury. As such, Parlet's and Lilly's testimony regarding those statements would be inadmissible hearsay. *See Fierberg v. Hyundai Motor America*, 44 U.S.P.Q.2d 1305 (C.D. Cal. 1997) (letters evidencing confusion "not by those who wrote the letters, but unidentified others" were inadmissible); *Instant Media, Inc. v. Microsoft Corp.*, 2007 U.S. Dist. LEXIS 61443, at *37-*38 (C.D. Cal. Aug. 13, 2007) (declaration from the plaintiff's CEO claiming that the company had received "a number of phone calls and website inquiries" constituted inadmissible hearsay); *see also Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 502 F.3d 504, 518 (6th Cir. 2007) (testimony of employee regarding instance of actual confusion relayed to him by another employee was "hearsay" and "lack[ed] the details necessary to establish actual confusion"); *Sunfield Engineering, Inc. v. L & R Sunfield Industries, Inc.*, 1990 U.S. Dist. LEXIS 11484, at *11-12 (W.D. Mich. Aug. 30, 1990) ("The court agrees with defendants that plaintiff's evidence concerning these incidents, much of which is based on hearsay and the vague impressions of plaintiff's principals, is far from overwhelming").

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court issue an order *in limine* excluding (1) evidence of alleged actual confusion suffered by persons other than prospective purchasers, and (2) the hearsay testimony of Parlet and Lilly regarding the alleged confusion of unnamed others. For the convenience of the Court, the following chart summarizes the specific evidence that was the subject of the Motion and the Opposition, and which Defendants are asking the Court to exclude:

| Description of Testimony | Disclosed At | Discussed by Plaintiff in Opposition | Why Plaintiff Seeks to Admit | Why It Should Be Excluded |
|---|---|---|---|---|
| Testimony of John Parlet regarding confusion allegedly suffered by others | Doc. 12; Doc. 139; JIPC's Response to Interrogatory No. 2 | No | To establish actual confusion of unidentified persons who will not testify at trial | Hearsay; Vague and unreliable account of a biased witness; Irrelevant, the unnamed persons Parlet would testify about not shown to be prospective purchasers |
| Testimony of E. Brooks Lilly regarding confusion allegedly suffered by others | Doc. 146 | p. 6, n. 2 | To establish actual confusion of unidentified persons who will not testify at trial | Hearsay; Vague and Unreliable account of a biased witness; Irrelevant, the unnamed persons Lilly would testify about not shown to be prospective purchasers |
| Testimony of Larry Turner regarding alleged confusion | Doc. 141 | p. 6, n. 2 | To establish actual confusion | Irrelevant; Turner was not a prospective purchaser; does not evidence confusion |
| Testimony of John Wyson regarding alleged confusion | Doc. 12 (declaration of John Parlet) | p. 6, n. 2 | To establish actual confusion | Irrelevant; Wyson was not a prospective purchaser; does not evidence confusion |

| | | |
|---|---|---|
| 1 | Dated: July 6, 2009 | HOLME ROBERTS & OWEN LLP |
| 2 | | |
| 3 | | By: *s/Steven C. Lawrence* |
| 4 | | Lawrence P. Ebiner |
| | | Blaine J. Benard |
| 5 | | 800 W. Olympic Blvd., 4th Floor |
| | | Los Angeles, CA 90015 |
| 6 | | Telephone: (213) 572-4300 |
| | | Facsimile: (213) 572-4400 |
| 7 | | |
| 8 | | Glenn S. Bacal |
| | | Steven C. Lawrence |
| 9 | | Promenade Corporate Center |
| | | 16427 North Scottsdale Road, Suite 300 |
| 10 | | Scottsdale, AZ 85254-1597 |
| | | Telephone: (480) 624-4500 |
| 11 | | Facsimile: (480) 624-4599 |
| 12 | | |
| 13 | | Attorneys for Incredible Pizza Co., Inc. and Incredible Pizza Franchise Group, LLC |

# PROOF OF SERVICE

## 1013 A(3) CCP REVISED 5/1/88

STATE OF ARIZONA, COUNTY OF MARICOPA

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to the within action. My business address is 16427 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

On July 6, 2009, I served the foregoing document described as **DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 6** on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Scottsdale, Arizona in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I caused the above-mentioned document to be personally served to the offices of the addressee.

☐ BY FACSIMILE: I communicated such document via facsimile to the addressee as indicated on the attached service list.

☐ BY FEDERAL EXPRESS: I caused said document to be sent via Federal Express to the addressee as indicated on the attached service list.

☒ BY ELECTRONIC MAIL: I caused the above-referenced document to be served to the addressee on the attached service list.

Executed on July 6, 2009, at Scottsdale, Arizona.

**X** (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Jamie Tuccio*
Jamie Tuccio

10
DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 6

# SERVICE LIST

| | |
|---|---|
| **VIA EMAIL**<br>Ronald Oines, Esq.<br>Rutan & Tucker, LLP<br>611 Anton Boulevard, Suite 1400<br>Costa Mesa, CA 92626-1931<br>roines@rutan.com<br>Telephone: (714) 641-5100<br>Facsimile: (714) 546-9035 | *Attorneys for JIPC MANAGEMENT, INC.* |
| **VIA EMAIL**<br>Randolph C. Foster, Esq.<br>Steven E. Klein, Esq.<br>Stoel Rives LLP<br>900 SW Fifth Avenue, Suite 2600<br>Portland, OR 97204<br>rcfoster@stoel.com<br>seklein@stoel.com<br>Telephone: (503) 224-3380<br>Facsimile: (503) 220-2480 | *Attorneys for JIPC MANAGEMENT, INC.* |