Lawrence P. Ebiner (State Bar No. 122293)
larry.ebiner@hro.com
Blaine J. Benard (UT State Bar No. 005661) (Admitted *pro hac vice*)
blaine.benard@hro.com
HOLME ROBERTS & OWEN LLP
800 West Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal (AZ State Bar No. 006812) (Admitted *pro hac vice*)
glenn.bacal@hro.com
Steven C. Lawrence (AZ State Bar No. 022551) (Admitted *pro hac vice*)
steve.lawrence@hro.com
HOLME ROBERTS & OWEN LLP
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599
*Attorneys for Incredible Pizza Co., Inc.; and Incredible Pizza Franchise Group, LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JIPC Management, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Incredible Pizza Co., Inc.; Incredible Pizza Franchise Group, LLC;<br><br>Defendants. | Case No. CV08-04310 MMM (PLAx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 7**<br><br>**Pretrial Conference**<br>**Date: July 13, 2009**<br>**Time: 9:00 a.m.**<br>**Courtroom: Roybal 780**<br>**Judge: Hon. Margaret R. Morrow** |

1    In opposing Defendants' Motion in Limine No. 7, Plaintiff concedes that it will "confine its evidence regarding the scope of recoverable damages and injunctive relief to those arising from Defendants' activities directed to California and the surrounding states." [Opposition to MIL No. 7 at 1-2] Based on Plaintiff's concession, which it previously did not make when informed of Defendants' intent to file this Motion in Limine, the Court should grant Motion in Limine No. 7 to the extent it seeks to exclude evidence of harm or damages to Plaintiff outside of California and the surrounding states.

Plaintiff also opposes Motion in Limine No. 7 by suggesting that Defendants are attempting "to relitigate [their] motion for summary judgment," and pointing to the Court's June 25 Order, which narrowed the scope of certain geographic issues at trial. Of course, Defendants did not have the benefit of the Court's June 25 Order when they filed their motions in limine on June 22, 2009. The Court's Order is consistent with Motion in Limine No. 7 because it finds (1) "JIPC's market penetration does not extend to any state in which defendants currently operate, and [JIPC] is therefore not entitled to injunctive relief precluding defendants from using the 'Incredible Pizza Company' mark in those states" [June 25 Order p. 27]; (2) "[D]efendants' use of their marks in states in which they operate presently restaurants has not caused JIPC actual damage" [Id. at 28]; and (3) "JIPC did not experience any lost sales as a result of defendants' conduct" [Id. at 30].

Finally Plaintiff further opposes Motion in Limine No. 7 by contending that "Defendants' motion is intended to insulate a new America's Incredible Pizza Company store currently scheduled to open this summer in Phoenix, Arizona." [Opposition to MIL No. 7 at 1] Plaintiff attempts to infer some kind of bad intent by also adding that Defendants' removed reference to the Phoenix store from the "Locations" page of its website. [Id. at FN 1] However, as Plaintiff is now aware, for reasons wholly unrelated to this lawsuit, Defendants and their franchisees no longer have any plans to open a store in Phoenix.

2
**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 7**

Based on the foregoing, Defendants respectfully request that the Court issue an order in limine excluding evidence of alleged harm or damages to Plaintiff outside of California and the surrounding states (Arizona, Nevada, and Oregon). For the Court's convenience, Defendants are aware of the following documents listed on the Joint Exhibit List that relate primarily to alleged harm or damages to Plaintiff outside of California and the surrounding states:

| Description of Evidence | Found At | Why Plaintiff Seeks to Admit | Why They Should Be Excluded |
|---|---|---|---|
| "Examples of Expansion Efforts" | Exh. 68 | To establish harm to alleged expansion effort allegedly caused by Defendants' use and franchising in other states | Legally insufficient to establish a "natural zone of expansion" |
| "Indiana Uniform Franchise Registration Application" | Exh. 150 | Unknown | Defendants' activities in Indiana are irrelevant |
| "Springfield Business Journal article re 'Incredible Pizza Co. Targets $500 Million in 10 Years" | Exh. 153 | To establish baseline for damages claim based on total revenues of IPC as opposed to amounts in California | Plaintiff concedes that it will "confine its evidence regarding the scope of recoverable damages and injunctive relief to those arising from Defendants' activities directed to California and the surrounding states." |
| "Photos of IPC Phoenix Store" | Exh. 185 | To establish alleged harm in Arizona | Exhibit does not exist; IPC Phoenix will not open |
| "Video of IPC Phoenix Store" | Exh. 186 | To establish alleged harm in Arizona | Exhibit does not exist; IPC Phoenix will not open |

| | | | |
|---|---|---|---|
| "Summary of Amarillo's Incredible Pizza Co. Revenues" | Exh. 228 | To establish baseline for damages claim based on total revenues of IPC as opposed to amounts in California | Plaintiff concedes that it will "confine its evidence regarding the scope of recoverable damages and injunctive relief to those arising from Defendants' activities directed to California and the surrounding states." |
| "Summary of IPC Revenues" | Doc. 206-2, Exhs. 229, 230 | To establish baseline for damages claim based on total revenues of IPC as opposed to amounts in California | Plaintiff concedes that it will "confine its evidence regarding the scope of recoverable damages and injunctive relief to those arising from Defendants' activities directed to California and the surrounding states." |
| Various Incredible Pizza Company Franchise Agreements and Area Development Agreements | Doc. 206-2, Exhs. 265-281, 302-310 | To establish harm from Defendants' franchising activities outside of California and the surrounding states | Irrelevant to the extent they relate to Defendants' franchising activities outside of California and the surrounding states. |
| IPC webpage promoting Phoenix store | Opposition, Exh. 1, not listed on Joint Exhibit List | To establish alleged harm in Arizona | IPC Phoenix will not open |
| Article publicizing IPC Phoenix store | Opposition, Exh. 2; not listed on Joint Exhibit List | To establish alleged harm in Arizona | IPC Phoenix will not open |

Dated: July 6, 2009          HOLME ROBERTS & OWEN LLP

By: *s/Steven C. Lawrence*
Lawrence P. Ebiner
Blaine J. Benard
800 W. Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal
Steven C. Lawrence
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599

Attorneys for Incredible Pizza Co., Inc. and Incredible Pizza Franchise Group, LLC

# PROOF OF SERVICE

## 1013 A(3) CCP REVISED 5/1/88

STATE OF ARIZONA, COUNTY OF MARICOPA

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to the within action. My business address is 16427 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

On July 6, 2009, I served the foregoing document described as **DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 7** on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Scottsdale, Arizona in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I caused the above-mentioned document to be personally served to the offices of the addressee.

☐ BY FACSIMILE: I communicated such document via facsimile to the addressee as indicated on the attached service list.

☐ BY FEDERAL EXPRESS: I caused said document to be sent via Federal Express to the addressee as indicated on the attached service list.

☒ BY ELECTRONIC MAIL: I caused the above-referenced document to be served to the addressee on the attached service list.

Executed on July 6, 2009, at Scottsdale, Arizona.

X (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Jamie Tuccio_
Jamie Tuccio

# SERVICE LIST

**VIA EMAIL**
Ronald Oines, Esq.
Rutan & Tucker, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-1931
roines@rutan.com
Telephone: (714) 641-5100
Facsimile: (714) 546-9035

*Attorneys for JIPC MANAGEMENT, INC.*

**VIA EMAIL**
Randolph C. Foster, Esq.
Steven E. Klein, Esq.
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
rcfoster@stoel.com
seklein@stoel.com
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

*Attorneys for JIPC MANAGEMENT, INC.*