Lawrence P. Ebiner (State Bar No. 122293)
larry.ebiner@hro.com
Blaine J. Benard (UT State Bar No. 005661) (Admitted *pro hac vice*)
blaine.benard@hro.com
HOLME ROBERTS & OWEN LLP
800 West Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal (AZ State Bar No. 006812) (Admitted *pro hac vice*)
glenn.bacal@hro.com
Steven C. Lawrence (AZ State Bar No. 022551) (Admitted *pro hac vice*)
steve.lawrence@hro.com
HOLME ROBERTS & OWEN LLP
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599
*Attorneys for Incredible Pizza Co., Inc.; and Incredible Pizza Franchise Group, LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JIPC Management, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Incredible Pizza Co., Inc.; Incredible Pizza Franchise Group, LLC;<br><br>Defendants. | Case No. CV08-04310 MMM (PLAx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 8**<br><br>**Pretrial Conference**<br>**Date: July 13, 2009**<br>**Time: 9:00 a.m.**<br>**Courtroom: Roybal 780**<br>**Judge: Hon. Margaret R. Morrow** |

Defendants Incredible Pizza Co., Inc. and Incredible Pizza Franchise Group LLC ("Defendants") submit their Reply in support of Motion in Limine No. 8 Re: Evidence of Alleged "Bad Faith" Preceding Plaintiff's Claims.

## INTRODUCTION

Plaintiff opposes Defendants' Motion in Limine No. 8 by arguing that evidence of bad faith prior to March 2008 "is relevant to the issue of [1] likelihood of confusion, [2] willful infringement, and [3] laches." Because Plaintiff has conceded that there was no likelihood of confusion and therefore no infringement (willful or otherwise) prior to March 2008, and because Defendants' no longer assert the affirmative defenses of laches or the statute of limitations, any evidence of Defendants' alleged bad faith prior to March 2008 has no relevance to this case and should be excluded.

## ARGUMENT

Plaintiff has argued before this Court that Plaintiff not only had ***no obligation*** to sue prior to March 2008, but that it "had ***no ability*** . . . to bring suit" prior to that time. [Doc. Opposition to Motion for Summary Judgment 11] In other words, instead of merely claiming that it was not required to sue prior to March 2008, Plaintiff has conceded that it could not have sued because it had ***no claim*** prior to March 2008. If Plaintiff had no claim for infringement prior to March 2008, there could have been no likelihood of confusion as well because "[t]he touchstone of [a claim for] infringement is whether the use creates a likelihood of confusion." *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 543 (5th Cir. 1998); *see also Self-Insurance Inst. of Am. v. Software & Info. Indus. Ass'n*, 208 F. Supp. 2d 1058 (C.D. Cal. 2000) ("Without a likelihood of confusion, there can be no claim for infringement."). If there was no likelihood of confusion prior to March 2008, any argument that Defendants' adopted or used their marks in bad faith prior to that time is not relevant. According to Plaintiff, there was no likelihood of confusion, no overlap in markets, and no ability to trade on Plaintiff's mark, yet Plaintiff believes it still can try to increase its relief by pointing to conduct prior to March 2008 and calling it "bad faith." Allowing Plaintiff to do this would not

only be unfair, but would confuse the jury by putting before it a case that is tangled by numerous legally inconsistent positions.

Plaintiff cites *AMF Incorporated v. Sleekcraft Boats*, 599 F.2d 341, 349 (9th Cir. 1979), to argue that Defendants' intent prior to March 2008 is relevant because a defendant's intent in adopting and using their mark is one of the factors to be considered in a likelihood of confusion analysis. [Opposition to MIL No. 8 at 1] However, if Plaintiff had no claim for infringement prior to March 2008 and therefore there was no likelihood of confusion prior to March 2008, evidence of Defendants' intent prior to that time is not relevant. If Defendants had adopted or used their marks in bad faith prior to March 2008 (as Plaintiff wishes to argue before the jury), Plaintiff may have had a valid claim for infringement at that time. *See Fleischmann Distilling Corp.*, 314 F.2d 149, 158 (9th Cir. 1963). However, because Plaintiff has conceded it did not have any such claim for infringement prior to March 2008, and not merely that it chose not to pursue such claims, Plaintiff cannot now be heard to argue that evidence of bad faith prior to 2008 is somehow relevant to this action. Plaintiff cannot have it both ways. It cannot simultaneously argue that it had "no ability" to sue Defendants prior to March 2008 ***and*** that Barsness and Defendants somehow still unlawfully adopted their marks in bad faith well before March 2008.

Plaintiff continues to rely on the mere fact that Barsness knew of the John's Marks as evidence that Defendants adopted and used their marks in bad faith. Once again, however, Barsness' mere knowledge of the John's Marks cannot serve as a basis for showing that Defendants acted in bad faith. *See Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 755 (9th Cir. 2006); *see also Sweats Fashions v. Pannill Knitting Co.*, 833 F.2d 1560, 1565 (Fed. Cir. 1987) (holding that "an inference of 'bad faith' requires something more than mere knowledge of a prior similar mark"); *Troy Biosciences v. DowElanco*, 1997 U.S. Dist. LEXIS 23190 (D. Ariz. 1996) ("[I]t is well-established that mere knowledge of a prior mark with similar components to the applicant's mark is

3
**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 8**

not a basis for finding bad faith adoption of the applicant's mark."), *vacated only by stipulation of parties*, 1997 U.S. Dist. LEXIS 23190 (D. Ariz. 1997).

Plaintiff also cannot continue to rely on the mere fact that Defendants' continued to use their marks after Plaintiff's cease-and-desist demands to establish bad faith. *See, e.g.*, *King of the Mtn. Sports, Inc. v. Chrysler Corp.*, 968 F. Supp. 568, 574 (D. Colo. 1997) ("Nor can plaintiff show malevolent intent through defendants' refusal to stop using their logo after receiving notice from plaintiff."); *Parenting Unlimited, Inc. v. Columbia Pictures Television, Inc.*, 743 F. Supp. 221, 230 (S.D.N.Y. 1990) ("[D]efendant's continued use of the mark after learning of plaintiff's prior registration . . . and in the face of plaintiff's vehement protests is not evidence of bad faith."); *see also Southland Corp. v. Schubert*, 297 F. Supp. 477, 481 (C.D. Cal. 1968).

Instead, a showing of "bad faith" requires evidence of an "intent to deceive the consuming public," *Rearden LLC v. Rearden Commerce, Inc.*, 597 F. Supp. 2d 1006 (N.D. Cal. 2009) (noting that the record was "devoid" of such evidence), or "some intent to benefit from and capitalize on [Plaintiff]'s goodwill." *Adidas Am., Inc. v. Kmart Corp.*, 2006 U.S. Dist. LEXIS 49766 (D. Or. 2006). Once again, Plaintiff's claims are based entirely on two activities by Defendants' beginning in March 2008 and relate only to the consuming public in California and possibly in surrounding states, namely: (1) Defendants' offering of franchises in California; and (2) Defendants' sponsorship of a NASCAR team whose car has appeared in broadcasts in California and surrounding states. Therefore, the only intent that would be relevant to Plaintiff's claims is evidence suggesting that Defendants intended to deceive the public or to capitalize on Plaintiff's goodwill by (1) offering of franchises in California or (2) sponsoring CJM Racing.[1] All

---

[1] Consistent with the section of the Court's June 25 Order discussing the issue of willful infringement, the only possibly relevant "bad faith" following Defendants' abandonment of their affirmative defenses of laches and statute of limitations defenses

4
**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 8**

other evidence of alleged "bad faith" intent is not relevant to Plaintiff's claims and should be excluded by the Court. ***Because Plaintiff has developed and presented no evidence of "bad faith" relevant to the two activities that gave rise to its claims, it seeks to introduce evidence of alleged "bad faith" well prior to the time when Plaintiff itself asserts it even had a claim for likelihood of confusion.*** Such evidence should be excluded not only because it is irrelevant and unduly prejudicial but also because it would require significant time and expense at trial to present and ultimately would confuse the jury.

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court issue an order in limine excluding all evidence Plaintiff intends to offer regarding any alleged "bad faith" prior to March 2008. For the Court's convenience, Defendants are aware of the following documents that should be excluded because they relate to Defendants' alleged "bad faith" prior to March 2008:

| Description of Document | Where Found | Why Plaintiff Seeks to Admit It | Why It Should Be Excluded |
|---|---|---|---|
| Oral Deposition of Rick Barsness, May 24, 2000 (Referred to in Opposition at p. 2) | Doc. 179-2, Exh. 121 | Pertains to Barsness' Mr. Gatti's franchises, or his relationship with Mr. Gatti's | Irrelevant; unfairly prejudicial; Mr. Gatti's cases not relevant to this action |
| Barsness' Motion for Partial Summary Judgment in Mr. Gatti's v. Scott (referred to in Opposition at p. 5) | Doc. 179-2, Exh. 124 | Pertains to Barsness' Mr. Gatti's franchises, or his relationship with Mr. Gatti's | Irrelevant; unfairly prejudicial; Mr. Gatti's cases not relevant to this action |

---

would be whether or not "defendants acted willfully and in bad faith in expanding their activities into California." [June 25 Order, p. 32]

| | | | |
|---|---|---|---|
| Order in Mr. Gatti's v. Barsness dated August 2, 2003 (Attached to Opposition to MIL 2 as Exhibit 1) | Doc. 190-2 | Pertains to Barsness' Mr. Gatti's franchises, or his relationship with Mr. Gatti's | Not disclosed as a trial exhibit; unfairly prejudicial; Mr. Gatti's cases not relevant to this action |
| Petition for Declaratory Judgment in Barsness v. Mr. Gatti's (Attached to Opposition to MIL 2 as Exhibit 2) | Doc 190-3 | Pertains to Barsness' Mr. Gatti's franchises, or his relationship with Mr. Gatti's | Not disclosed as a trial exhibit; unfairly prejudicial; Mr. Gatti's cases not relevant to this action |
| Excerpts from December 13, 2001 deposition of Madison Scott in Mr. Gatti's v. Scott (Opposition to MIL 2 p. 2 and Attached to Opposition to MIL 2 as Exhibit 3) | Doc. 190-4 | Pertains to Barsness' Mr. Gatti's franchises, or his relationship with Mr. Gatti's | Not disclosed as a trial exhibit; unfairly prejudicial; Mr. Gatti's cases not relevant to this action |
| "Modified Award" in Scott v. Barsness(Opposition to MIL 2 p. 2 and Attached to Opposition to MIL 2 as Exhibit 4) | Doc. 190-5 | Pertains to Barsness' Mr. Gatti's franchises, or his relationship with Mr. Gatti's | Not disclosed as a trial exhibit; unfairly prejudicial; Mr. Gatti's cases not relevant to this action |

| | | | |
|---|---|---|---|
| Copy of Court of Appeal of Texas opinion in Barsness v. Scott dated November 5, 2003 (Opposition p. 2 and Attached to Opposition as Exhibit 5) | Doc. 190-6 | Pertains to Barsness' Mr. Gatti's franchises, or his relationship with Mr. Gatti's | Not disclosed as a trial exhibit; hearsay; unfairly prejudicial; Mr. Gatti's cases not relevant to this action |
| Order on Defendant's Motion to Exclude Evidence dated July 24, 2003 in Mr. Gatti's v. Barsness (Opposition to MIL 2 p. 2 and Attached to Opposition to MIL 2 as Exhibit 6) | Doc. 190-7 | Pertains to Barsness' Mr. Gatti's franchises, or his relationship with Mr. Gatti's | Not disclosed as a trial exhibit; unfairly prejudicial; Mr. Gatti's cases not relevant to this action |
| Findings of Fact and Conclusions of Law in Barsness v. Scott, dated October 29, 2002 (referred to in Opposition to MIL 2 at page 3-4 and Attached to Opposition to MIL 2 as Exhibit 7) | Doc. 190-8 | Pertains to Barsness' Mr. Gatti's franchises, or his relationship with Mr. Gatti's | Not disclosed as a trial exhibit; unfairly prejudicial; Mr. Gatti's cases not relevant to this action |

| | | | |
|---|---|---|---|
| Agreed Order Setting Aside Settlement Agreement dated November 11, 2002 in Mr. Gatti's v. Scott (Attached to Opposition to MIL 2 as Exhibit 8) | Doc. 190-9 | Pertains to Barsness' Mr. Gatti's franchises, or his relationship with Mr. Gatti's | Not disclosed as a trial exhibit; unfairly prejudicial; Mr. Gatti's cases not relevant to this action |
| Franchise Disclosure Document (Attached to Opposition to MIL 2 as Exhibit 9) | Doc. 190-10 | Pertains to Barsness' Mr. Gatti's franchises, or his relationship with Mr. Gatti's | Not disclosed as a trial exhibit; unfairly prejudicial; Mr. Gatti's cases not relevant to this action |
| "Letter from John Parlet to Rick Barsness" | Joint Exhibit List (Doc. 206-2), Exh. 115 | Pertains to Barsness' alleged knowledge of Parlet's plans to use JOHN'S INCREDIBLE PIZZA CO. in connection with his restaurants | Irrelevant to alleged "bad faith" in entering into California |
| "Barsness Side Letter Agreement with Madison Scott re purchase of restaurant" | Doc. 206-2, Exh. 119 | Pertains to Barsness' alleged communications with Madison Scott, the operator and owner of the Amarillo IPC, regarding Barsness' knowledge of Parlet's plans to use JOHN'S INCREDIBLE PIZZA CO. in connection with his restaurants | Irrelevant to alleged "bad faith" in entering into California |

| | | | |
|---|---|---|---|
| "Statement of Use Under 37 CFR 2.88, With Declaration" | Doc. 206-2, Exh. 122 | Pertains to alleged "fraud" in applying for registration of the IPC Mark in 2001 or the America's IPC Mark in 2004 | Irrelevant to alleged "bad faith" in entering into California |
| "Declaration of Use of Mark in Commerce Under Section 8 "Incredible Pizza Company Great Good, Fun, Family & Friends (stylized and/or with design)" | Doc. 206-2, Exh. 152 | Pertains to alleged "fraud" in applying for registration of the IPC Mark in 2001 or the America's IPC Mark in 2004 | Irrelevant to alleged "bad faith" in entering into California |
| "Letter from Rodney Worrel to Rick Barsness;" Letter from Rodney Worrel to Robin French" | Doc. 206-2, Exhs. 138, 139 | Pertains to Plaintiff's claim that any use after demand is made is in "bad faith" | Irrelevant to alleged "bad faith" in entering into California |
| "Incredible Pizza Franchise Group, LLC Uniform Franchise Offering Circular, R3-21" dated 3/21/2005 | Doc. 206-2, Exh. 145 | Pertains to Defendants' offering of franchises prior to April 2008, which does not specifically target expansion into California | Irrelevant to alleged "bad faith" in entering into California |

| | | | |
|---|---|---|---|
| "Incredible Pizza Franchise Group, LLC Uniform Franchise Offering Circular" dated 11/2/2006 | Doc. 206-2, Exh. 151 | Pertains to Defendants' offering of franchises prior to April 2008, which does not specifically target expansion into California | Irrelevant to alleged "bad faith" in entering into California |
| "Incredible Pizza Franchise Group, LLC May 4, 2007, As Amended September 12, 2007 Information For Prospective Franchisees Required By Federal Trade Commission" | Doc. 206-2, Exh. 157 | Pertains to Defendants' offering of franchises prior to April 2008, which does not specifically target expansion into California | Irrelevant to alleged "bad faith" in entering into California |
| IPC franchise and development agreements for locations outside of California and surrounding states | Doc. 206-2, Exhs. 265-281; 302-310 | Pertains to Defendants' offering of franchises prior to April 2008, which does not specifically target expansion into California | Irrelevant to alleged "bad faith" in entering into California |

| | | |
|---|---|---|
| Dated: July 6, 2009 | | HOLME ROBERTS & OWEN LLP |

By: *s/Steven C. Lawrence*
Lawrence P. Ebiner
Blaine J. Benard
800 W. Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal
Steven C. Lawrence
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599

Attorneys for Incredible Pizza Co., Inc. and Incredible Pizza Franchise Group, LLC

## PROOF OF SERVICE

### 1013 A(3) CCP REVISED 5/1/88

STATE OF ARIZONA, COUNTY OF MARICOPA

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to the within action. My business address is 16427 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

On July 6, 2009, I served the foregoing document described as **DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 8** on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Scottsdale, Arizona in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I caused the above-mentioned document to be personally served to the offices of the addressee.

☐ BY FACSIMILE: I communicated such document via facsimile to the addressee as indicated on the attached service list.

☐ BY FEDERAL EXPRESS: I caused said document to be sent via Federal Express to the addressee as indicated on the attached service list.

☒ BY ELECTRONIC MAIL: I caused the above-referenced document to be served to the addressee on the attached service list.

Executed on July 6, 2009, at Scottsdale, Arizona.

X (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_/s/ Jamie Tuccio_
Jamie Tuccio

12
DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 8

# SERVICE LIST

**VIA EMAIL**
Ronald Oines, Esq.
Rutan & Tucker, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-1931
roines@rutan.com
Telephone: (714) 641-5100
Facsimile: (714) 546-9035

*Attorneys for JIPC MANAGEMENT, INC.*

**VIA EMAIL**
Randolph C. Foster, Esq.
Steven E. Klein, Esq.
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
rcfoster@stoel.com
seklein@stoel.com
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

*Attorneys for JIPC MANAGEMENT, INC.*

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 8**