Lawrence P. Ebiner (State Bar No. 122293)
larry.ebiner@hro.com
Blaine J. Benard (UT State Bar No. 005661) (Admitted *pro hac vice*)
blaine.benard@hro.com
HOLME ROBERTS & OWEN LLP
800 West Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal (AZ State Bar No. 006812) (Admitted *pro hac vice*)
glenn.bacal@hro.com
Steven C. Lawrence (AZ State Bar No. 022551) (Admitted *pro hac vice*)
steve.lawrence@hro.com
HOLME ROBERTS & OWEN LLP
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599

*Attorneys for Incredible Pizza Co., Inc.; and Incredible Pizza Franchise Group, LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JIPC Management, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Incredible Pizza Co., Inc.; Incredible Pizza Franchise Group, LLC;<br><br>Defendants. | Case No. CV08-04310 MMM (PLAx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 9**<br><br>**Pretrial Conference**<br>**Date: July 13, 2009**<br>**Time: 9:00 a.m.**<br>**Courtroom: Roybal 780**<br>**Judge: Hon. Margaret R. Morrow** |

## I. Introduction

In opposing Motion in Limine No. 9, Plaintiff admits that the Joyce Julius reports [listed on the Joint Exhibit List, Doc. 206-2, as Exhibit No. 218] constitute hearsay, but wrongly suggests these reports fall under two exceptions to the hearsay rule, namely 803(6) (business records) and 803(17) (market reports). Plaintiff fails to meet the fundamental requirements of either of these exceptions. Further, in direct contradiction to Plaintiff's intended use of these reports (to show the actual value of the IPC Mark's exposure during NASCAR broadcasts), **according to an explicit disclaimer in the reports themselves**, these reports were created "**for comparative purposes only**" and therefore do not and cannot indicate anything about the actual value of racing sponsorships. Thus, introduction of the Joyce Julius reports would serve only to confuse and to prejudice the jury because they were never prepared or intended for the purpose for which Plaintiff intends to use them at trial.

## II. The Business Records Exception, FRE 803(6), Does Not Apply

Plaintiff's Opposition incorrectly suggests that the business records exception to the hearsay rule applies to the Joyce Julius reports. However, on its face, this exception does not apply because it requires that the record be authenticated "by the testimony of the custodian or other qualified witness or by certification that complies with Rule 902(11) . . . ." FED. R. EVID. 803(6). Plaintiff ignores this requirement. First, Plaintiff fails to identify a single witness who can testify regarding the content or accuracy of these reports. Second, Plaintiff has provided no certification authenticating these reports as required by Rule 902(11). Indeed, Plaintiff seems to concede its failure to comply with the rules of evidence by requesting leave to conduct additional depositions to authenticate these otherwise inadmissible reports. [Opposition to MIL No. 9 at p. 5] Such a desperate attempt well past discovery cutoff and on the eve of trial demonstrates the weakness of Plaintiff's position. There is no

basis for extending discovery in this case simply to excuse Plaintiff's own failure to conduct proper discovery on its own.[1]

Further, Plaintiff falsely suggests, without any supporting information, that the Joyce Julius reports were generated, kept, and relied upon by Defendants as a regular practice and in the ordinary course of business. [Id. at p. 2-3] Defendants only obtained some of these reports after it learned that CJM Racing had access to them. By no means do Defendants keep these reports as a regular practice in the ordinary course of business, and Plaintiff has no evidence to suggest otherwise except its own bald assertions. Plaintiff also contends, without citing any authority, that these reports are somehow admissible because they were produced to Plaintiff by Defendants.[2] Regardless of who produced the reports, neither Defendants nor CJM Racing generated these reports and therefore could not authenticate their content or accuracy.[3]

## III. The "Market Reports" Exception, FRE 803(17), Does Not Apply.

Fed. R. Evid. 803(17) applies only to "market quotations, tabulations, lists, directories, or other published compilations, generally used or relied upon by the public or by persons in particular occupations." This exception to the hearsay rule pertains to

---

[1] Plaintiff falsely suggests that Defendants purposefully withheld these reports until after discovery and treated its discovery obligations as "discretionary." The truth is that the vast majority of these reports came from CJM Racing and not Plaintiffs. In an attempt to ascribe bad motives to Defendants, Plaintiff mischaracterizes the discovery process. For example, Plaintiff fails to reveal that while Defendants timely served their discovery responses, Plaintiff failed to do so. If Plaintiff had any legitimate complaints, it could have filed a timely motion to compel with the Court. Plaintiff cannot be heard to cry foul now after its own inaction.

[2] Plaintiff's statement also is misleading because only a few of these reports were produced by Defendants, while the rest were produced by CJM Racing.

[3] Plaintiff misconstrues the relationship between CJM Racing and Defendants, which is not a typical advertising sponsorship whereby a company pays a fee to advertise on a race car. Rather, the relationship between Defendants and CJM Racing is one of franchisor/franchisee in which the actual race car plays a minor role.

3
**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 9**

"publication[s] which incorporate or rely solely on objective facts." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 1990 U.S. Dist. LEXIS 19207, 1990-2 Trade Cas. (CCH) P69, 141 (D. Ariz. 1990). This is not the case with the Joyce Julius reports. Plaintiff would have the Court believe the Joyce Julius reports fall under the same category a list of VIN numbers from a criminal database or a compilation of real estate sales prices. [Opposition to MIL No. 9 at p.4] In contrast, however, the Joyce Julius reports are the result of a detailed and subjective analysis to determine such statistics as on-screen time, verbal mentions, and a comparative advertising value of sponsorships. Once again, however, without proper testimony to authenticate and provide foundation for these reports, they are inadmissible hearsay.

## IV. The Joyce Julius Reports Would Confuse and Prejudice the Jury.

Plaintiff indicates in its Opposition, that it intends to use these reports "to show the estimated dollar value of the exposure achieved by IPC's marks during broadcasts of NASCAR races in California, Washington, Oregon, Nevada, and Arizona." [Id. at 1] Allowing these reports into evidence would mislead and confuse the jury because the reports themselves confirm that they are not to be used to assess the value of a single sponsorship, and the reports are not broken down by states in this manner. In referring to the calculated exposure time of the various sponsors in the reports, the reports state that the "the assessed value of this exposure is related to the estimated or non-discounted commercial rate for the designated telecast and is ***for comparison purposes only***." [*See* Exhibit 1] In other words, the figures in these reports reflect only the comparative value of one sponsorship versus another, and do not even purport to indicate the actual value of the exposure time itself. Therefore, these reports are not even probative to the fact for which JIPC seeks to introduce them, namely, the actual value of the exposure of the IPC Marks during NASCAR broadcasts.

Because the Joyce Julius reports do not break down the figures by state, any minimal probative value that these reports might provide would be strongly outweighed by the prejudice to, and confusion by, the jury that would result. Plaintiff failed to

identify any evidence or any witness that would break down these statistics by state, or that would allow jurors to do so. For example, JIPC has introduced no evidence of where viewers of these broadcasts are located, and it cannot do so at this late juncture. Once again, having failed to conduct discovery about these reports during the time period provided by the Court, Plaintiff improperly seeks to reopen discovery now so it can conduct additional discovery regarding these issues. Plaintiff has even stated on the parties' joint exhibit list that it will try to produce documents at trial to establish a foundation for these reports. [See Doc. 206-2, Exh. Nos. 224-227] The Court should reject all these efforts by JIPC to rely on purported "evidence" that it would like to spring on Defendants at trial and that was not disclosed by the deadline for making pretrial disclosures. Nor should the Court be sympathetic to Plaintiff's efforts to reopen discovery at the eleventh hour in order to correct Plaintiff's acknowledged failure to develop its case and its evidence *during the lengthy and now closed discovery period*. There is no basis, equitable or otherwise, to allow Plaintiff to do so.

**V.     Conclusions**

Based on the foregoing, the Joyce Julius reports should be excluded because they are inadmissible hearsay and would serve only to prejudice and confuse the jury. For the Court's convenience, the following is a list of exhibits that should be excluded at trial:

| Description of Document | Where Found | Why Plaintiff Seeks to Admit It | Why It Should Be Excluded |
|---|---|---|---|
| NASCAR Sponsorship Reports (i.e. the "Joyce Julius Reports") | Doc. 206-2, Exh. 218 | To establish the value of the exposure of the IPC Mark on the CJM Racing car. | Hearsay; not a business record under FRE 803(6); not a "market report" under FRE 803(17); confusion of issues, unfairly prejudicial; not probative of facts sought to be proven. |
| Documents to be Produced by NASCAR at trial re: Purchaser Demographics | Doc. 206-2, Exh. 224 | To authenticate and provide foundation for Joyce Julius Reports | Still not produced; untimely; unfair prejudice |

| **Description of Document** | **Where Found** | **Why Plaintiff Seeks to Admit It** | **Why It Should Be Excluded** |
|---|---|---|---|
| Documents to be Produced by NASCAR at trial re: Nationwide Series broadcast viewership nationwide and in CA, AZ, NV, OR, and WA | Doc. 206-2, Exh. 225 | To authenticate and provide foundation for Joyce Julius Reports | Still not produced; untimely; unfair prejudice |
| Documents to be Produced by NASCAR at trial re: Proportion of Nationwide fan base located in CA, AZ, NV, OR, and WA | Doc. 206-2, Exh. 226 | To authenticate and provide foundation for Joyce Julius Reports | Still not produced; untimely; unfair prejudice |
| Documents to be Produced by Nielsen at trial re: Nationwide Series broadcast viewership nationwide and in CA, AZ, NV, OR, and WA | Doc. 206-2, Exh. 227 | To authenticate and provide foundation for Joyce Julius Reports | Still not produced; untimely; unfair prejudice |

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: July 6, 2009 | HOLME ROBERTS & OWEN LLP |
| 3 | | |
| 4 | | By: *s/Steven C. Lawrence* |
| 5 | | Lawrence P. Ebiner |
| 6 | | Blaine J. Benard |
| | | 800 W. Olympic Blvd., 4th Floor |
| 7 | | Los Angeles, CA 90015 |
| 8 | | Telephone: (213) 572-4300 |
| | | Facsimile: (213) 572-4400 |
| 9 | | |
| 10 | | |
| 11 | | Glenn S. Bacal |
| 12 | | Steven C. Lawrence |
| | | Promenade Corporate Center |
| 13 | | 16427 North Scottsdale Road, Suite 300 |
| 14 | | Scottsdale, AZ 85254-1597 |
| | | Telephone: (480) 624-4500 |
| 15 | | Facsimile: (480) 624-4599 |
| 16 | | |
| 17 | | Attorneys for Incredible Pizza Co., Inc. |
| 18 | | and Incredible Pizza Franchise Group, LLC |

# PROOF OF SERVICE

## 1013 A(3) CCP REVISED 5/1/88

STATE OF ARIZONA, COUNTY OF MARICOPA

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to the within action. My business address is 16427 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

On July 6, 2009, I served the foregoing document described as **DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 9** on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Scottsdale, Arizona in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I caused the above-mentioned document to be personally served to the offices of the addressee.

☐ BY FACSIMILE: I communicated such document via facsimile to the addressee as indicated on the attached service list.

☐ BY FEDERAL EXPRESS: I caused said document to be sent via Federal Express to the addressee as indicated on the attached service list.

☒ BY ELECTRONIC MAIL: I caused the above-referenced document to be served to the addressee on the attached service list.

Executed on July 6, 2009, at Scottsdale, Arizona.

X (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Jamie Tuccio_
Jamie Tuccio

8
DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 9

# SERVICE LIST

| | |
|---|---|
| **VIA EMAIL**<br>Ronald Oines, Esq.<br>Rutan & Tucker, LLP<br>611 Anton Boulevard, Suite 1400<br>Costa Mesa, CA 92626-1931<br>roines@rutan.com<br>Telephone: (714) 641-5100<br>Facsimile: (714) 546-9035 | *Attorneys for JIPC MANAGEMENT, INC.* |
| **VIA EMAIL**<br>Randolph C. Foster, Esq.<br>Steven E. Klein, Esq.<br>Stoel Rives LLP<br>900 SW Fifth Avenue, Suite 2600<br>Portland, OR 97204<br>rcfoster@stoel.com<br>seklein@stoel.com<br>Telephone: (503) 224-3380<br>Facsimile: (503) 220-2480 | *Attorneys for JIPC MANAGEMENT, INC.* |