Lawrence P. Ebiner (State Bar No. 122293)
larry.ebiner@hro.com
Blaine J. Benard (UT State Bar No. 005661) (Admitted *pro hac vice*)
blaine.benard@hro.com
HOLME ROBERTS & OWEN LLP
800 West Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal (AZ State Bar No. 006812) (Admitted *pro hac vice*)
glenn.bacal@hro.com
Steven C. Lawrence (AZ State Bar No. 022551) (Admitted *pro hac vice*)
steve.lawrence@hro.com
HOLME ROBERTS & OWEN LLP
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599

*Attorneys for Incredible Pizza Co., Inc.; and Incredible Pizza Franchise Group, LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JIPC Management, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Incredible Pizza Co., Inc.; Incredible Pizza Franchise Group, LLC;<br><br>Defendants. | Case No. CV08-04310 MMM (PLAx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 10**<br><br>**Pretrial Conference**<br>**Date: July 13, 2009**<br>**Time: 9:00 a.m.**<br>**Courtroom: Roybal 780**<br>**Judge: Hon. Margaret R. Morrow** |

## I. Introduction

Plaintiff opposes Motion in Limine No. 10 on two grounds. First, Plaintiff contends that two of the six settlement communications Plaintiff offers are not true "settlement communications." However, as explained below, the plain language of both communications shows that an offer of compromise was in fact made, bringing both within the ambit of Rule 408.

Second, Plaintiff contends that it sought to offer these six communications for a proper purpose under Rule 408; namely, to refute Defendants' contention that Plaintiff unduly delayed in bringing this suit. This issue is now moot because Defendants have voluntarily withdrawn their affirmative defenses of laches and the statute of limitations. With laches no longer at issue in this case, given that laches is the *sole reason* Plaintiff advanced in its Opposition for introducing these communications, all six of these communications are irrelevant and should be excluded.

## II. Argument

As noted in the Motion, "[i]f a compromise or offer to compromise is offered for a purpose other than to prove liability for, or invalidity of, the claim or its amount, and an objection is raised on such grounds, the burden is on the proffering party to make an offer of proof informing the court of the purpose for which the evidence is being offered." *Rondor Music Int'l, Inc. v TVT Records, LLC*, 2006 U.S. Dist. LEXIS 97118, at *34 n. 5 (C.D. Cal. Aug. 21, 2006) (citing *Catullo v. Metzner*, 834 F.2d 1075, 1079 (1st Cir. 1987)). In light of Defendants' voluntary withdrawal of their laches defense, Plaintiff cannot meet this burden.

### A. The 2000 Telephone Conversation And The 2004 Response Letter Were Settlement Communications.

Plaintiff first contends that the 2000 telephone conversation and the March 31, 2004 letter prepared by IPC's then-counsel in response to Plaintiff's unequivocal demand somehow are not settlement communications within the ambit of Rule 408. This argument ignores the plain language of both.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 10**

First, in the 2000 conversation, Barsness stated to Parlet that he "would still like to come to terms with you somehow on that issue if we could break apart some part of land or some part of the country and say, you know, 'Okay, Rick, it's all right for you to use the name in this part of the country and I'll use it over in this part of the country." [See Doc. 90, ¶ 44] By this statement, Barsness clearly was offering to cede some part of the country to Parlet in exchange for reaching a final resolution of the dispute.

The offer to cede some part of the country to Parlet is clearly an offer of valuable consideration to resolve a dispute; Plaintiff cannot seriously argue otherwise. Moreover, the mere fact that Parlet refused Barsness' offer does not void the protections of Rule 408. If it did, then any rejected settlement offer could be offered into evidence for any purpose, without regard to Rule 408. Thus, this conversation falls within Rule 408, which includes within its protection any communication "furnishing or offering or promising to furnish . . . a valuable consideration in compromising or attempting to compromise the claim." Fed. R. Evid. 408(a)(1). Parlet's stubborn refusal to compromise does not obviate Rule 408.

Second, while the March 31, 2004 letter was not labeled as a Rule 408 communication, the letter did include the following offer near the end of the letter:

> Solely for the purposes of exploring an amicable resolution of this matter, IPCI would be willing to consider offering your client exclusive rights to operate under its name in all of the California markets where it is currently operating. Without getting into the particulars here, such an agreement would also require that your client formally recognize that IPCI would continue to exercise its exclusive rights elsewhere. Please let us know if this type of approach will provide a basis for resolving this matter.[1]

[Joint Exhibit List, Doc. 206-2, Exh. 140; first introduced by Plaintiff in this litigation at Doc. 12, Exh. 19] Plaintiff failed to even respond to this settlement communication.

---

[1] If the Court were to determine that abandonment of the laches defense does not require exclusion of the 2004 letter in its entirety, then Defendants believe that the prejudice it would experience from introduction of the letter is sufficient independent reason for excluding it. At a minimum the closing portion of the letter that is clearly settlement communications should be excluded.

However, Plaintiff's refusal to participate in settlement discussions does not remove Defendants' offer of a possible compromise from the protection of Rule 408.

### B. These Settlement Communications Are Not Relevant In Light of Defendants' Withdrawal of Their Laches Defense.

As discussed in the Motion, and confirmed by Plaintiff in its Opposition, the sole reason Plaintiff seeks to introduce any of these settlement communications is to support its argument that "laches is tolled during periods when the parties are engaged in settlement negotiations." [Opposition, p. 3 ll. 9-10; see also p. 4 ll. 3-5 ("In this case, evidence of settlement negotiations is relevant to determine whether any delay in filing suit was excusable due to settlement negotiations and other good faith efforts on the part of the plaintiff to amicably resolve the dispute.")] However, Defendants have withdrawn their laches defense and tolling of the laches period is no longer an issue. Thus, there is no longer any reason for Plaintiff to seek to introduce any of these settlement communications, and they should be excluded as irrelevant pursuant to Rule 402.

### C. Introduction of These Settlement Communications Would Be Unfairly Prejudicial.

Because Defendants have withdrawn their laches defense, and because Plaintiff's Opposition makes clear that laches was the sole reason Plaintiff sought to introduce these communications, the probative value of these communications now is far outweighed by the prejudice that such communications would cause. Plaintiff's Opposition fails to refute Defendants' contention that, because the 2004-05 settlement communications were made in the context of a TTAB administrative proceeding where the tribunal could not award any damages or injunctive relief, the offers made therein could be misinterpreted by the jury as having been reasonable or unreasonable in the current context of a Lanham Act case in which the Plaintiff seeks broad injunctive and monetary relief. In fact, Plaintiff ignores this point entirely.

Plaintiff's further contention that these communications only would be offered to show that Plaintiff took "good faith action" to resolve the dispute between the parties is

4

DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 10

not a serious assertion. The very communications that Plaintiff seeks to admit clearly show that *Defendants* on multiple occasions attempted to initiate a compromise discussion, and each time were met with silence or unreasonable demands from Plaintiff for unconditional surrender. For example, as noted above, Barsness' 2000 attempt to reach a resolution was met with a refusal from Parlet to even discuss settlement of any dispute. Likewise, IPC's 2004 offer of compromise was never responded to at all by JIPC's lawyers.[2] These conversations never amounted to the kind of serious, mutual settlement communications that could have legitimately tolled any laches clock, and it is outrageous that Plaintiff, having repeatedly rejected Defendants' settlement efforts, adds insult to injury by taking such a position now.

### III. Conclusion

Based on the foregoing, Defendants respectfully request that the Court issue an order in limine excluding the settlement communications offered by Plaintiffs, namely Exhibits 121, 140 and 232 on the Joint Exhibit List.

---

[2] This pattern has continued in later years, as the only "counteroffers" Plaintiff has made were not serious compromise proposals. In fact, the only two proposals Plaintiff made that it seeks to introduce are (1) a 2005 proposal whereby IPC would be given the opportunity to buy out Plaintiff for $66 million, and (2) a February 2008 letter from Plaintiff's current counsel proposing total capitulation whereby Defendants would give up their mark and name at all locations, stipulate to the cancellation of the IPC mark registration and the abandonment of the America's IPC mark application, assign over its domain names to Plaintiff, *and* pay a lump sum of $300,000 to Plaintiff. Thus, even if laches were still at issue in this case—which it is not—Plaintiff cannot seriously contend that these two "offers" constitute the type of ongoing, serious settlement discussions that could have ever legitimately tolled a laches clock, and even arguing such was improper.

| | | |
|---|---|---|
| Dated: July 6, 2009 | | HOLME ROBERTS & OWEN LLP |

By: *s/Steven C. Lawrence*
Lawrence P. Ebiner
Blaine J. Benard
800 W. Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal
Steven C. Lawrence
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599

Attorneys for Incredible Pizza Co., Inc. and Incredible Pizza Franchise Group, LLC

# PROOF OF SERVICE

## 1013 A(3) CCP REVISED 5/1/88

STATE OF ARIZONA, COUNTY OF MARICOPA

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to the within action. My business address is 16427 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

On July 6, 2009, I served the foregoing document described as **DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 10** on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Scottsdale, Arizona in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I caused the above-mentioned document to be personally served to the offices of the addressee.

☐ BY FACSIMILE: I communicated such document via facsimile to the addressee as indicated on the attached service list.

☐ BY FEDERAL EXPRESS: I caused said document to be sent via Federal Express to the addressee as indicated on the attached service list.

☒ BY ELECTRONIC MAIL: I caused the above-referenced document to be served to the addressee on the attached service list.

Executed on July 6, 2009, at Scottsdale, Arizona.

X (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Jamie Tuccio*
Jamie Tuccio

# SERVICE LIST

**VIA EMAIL**
Ronald Oines, Esq.
Rutan & Tucker, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-1931
roines@rutan.com
Telephone: (714) 641-5100
Facsimile: (714) 546-9035

*Attorneys for JIPC MANAGEMENT, INC.*

**VIA EMAIL**
Randolph C. Foster, Esq.
Steven E. Klein, Esq.
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
rcfoster@stoel.com
seklein@stoel.com
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

*Attorneys for JIPC MANAGEMENT, INC.*