Lawrence P. Ebiner (State Bar No. 122293)
larry.ebiner@hro.com
Blaine J. Benard (UT State Bar No. 005661) (Admitted *pro hac vice*)
blaine.benard@hro.com
HOLME ROBERTS & OWEN LLP
800 West Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal (AZ State Bar No. 006812) (Admitted *pro hac vice*)
glenn.bacal@hro.com
Steven C. Lawrence (AZ State Bar No. 022551) (Admitted *pro hac vice*)
steve.lawrence@hro.com
HOLME ROBERTS & OWEN LLP
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599
*Attorneys for Incredible Pizza Co., Inc.; and Incredible Pizza Franchise Group, LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JIPC Management, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Incredible Pizza Co., Inc.; Incredible Pizza Franchise Group, LLC;<br><br>Defendants. | Case No. CV08-04310 MMM (PLAx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 11**<br><br>**Pretrial Conference**<br>**Date: July 13, 2009**<br>**Time: 9:00 a.m.**<br>**Courtroom: Roybal 780**<br>**Judge: Hon. Margaret R. Morrow** |

Plaintiff's Opposition to Motion in Limine No. 11 complains that Defendants' argument "that use of two taglines may have contributed to actual confusion is a 'red herring.'" However, Plaintiff ignores that *its own expert* seized upon this same "red herring," emphasizing the fact that the parties share similar taglines as part of his argument that "[t]here is substantial overlap among the names used by both companies to describe their brand." [Isaacson Initial Report at ¶ 60] Specifically, Isaacson stated: "Both have slogans that invoke food and fun; JIPC uses the slogan 'All You Can Eat Food & Fun' and 'Experience the Incredible,' while IPC uses 'Great Food, Fun, Family & Friends.'" [Id.] Thus, according to Plaintiff's own expert, a noteworthy source of any alleged confusion between the parties is the shared use of similar taglines that "invoke food and fun." The fact that Defendants used a food and fun tagline first establishes that Plaintiff is partially, and materially, responsible for any confusion that allegedly arose after it adopted its similar "food and fun" tagline.

Evidence of actual confusion arising after Plaintiff adopted a confusingly similar tagline should be excluded because it would be prejudicial, and would confuse and mislead the jury, even if such evidence was otherwise relevant. As Plaintiff knows, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. Plaintiff's Opposition fails to explain how jurors, presented with any evidence of alleged actual confusion arising after Plaintiff adopted what Plaintiff's own expert saw as a confusingly similar tagline, could determine whether such confusion was caused by that tagline or by shared use of the common words "INCREDIBLE PIZZA." Therefore, even if otherwise admissible, this evidence of alleged actual confusion should be deemed inadmissible because it would confuse the jury about the true source of the confusion between the parties.

Finally, it is significant to note, albeit in passing, that Plaintiff recognizes in its Opposition that the authorities cited by Defendants stand for the proposition that "a plaintiff may not be able to obtain equitable relief if the plaintiff takes steps to move its

own mark closer to defendant's mark." [Opposition to MIL No. 11 at p.3 (citing *Kendall-Jackson Winery, Ltd. v. ENJ Winery*, 150 F.3d 1042, 1052-53 (9th Cir. 1988)] That is exactly what happened here, if Plaintiff's own expert is to be believed.

Based on the foregoing, the Court should exclude the following evidence of alleged actual confusion that occurred after Plaintiff adopted its food and fun tagline:

| Description of Evidence | Found At | Why Plaintiff Seeks to Admit | Why It Should Be Excluded |
|---|---|---|---|
| "Consumer Confusion Correspondence" | Joint Exhibit List (Doc. 206-2), Exh. 58 | To establish actual confusion | All of the emails were sent in 2007-09, long after Plaintiff adopted its food & fun tagline |
| "Confusion Emails and Website Inquiries" | Doc. 206-2, Exh. 195 | To establish actual confusion | All of these messages were sent in 2004-09, long after Plaintiff adopted its food & fun tagline |
| "JIPC Employment Application" | Doc. 206-2, Exh. 196 | To establish actual confusion | Application was completed in 2005, long after Plaintiff adopted its food & fun tagline |
| "Pizza Marketplace News Article on JIPC With Link to IPC Story" | Doc. 206-2, Exh. 198 | To establish actual confusion | Article written in 2004, long after Plaintiff adopted its food & fun tagline |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 11**

| | | |
|---|---|---|
| Dated: July 6, 2009 | | HOLME ROBERTS & OWEN LLP |

By: *s/Steven C. Lawrence*
Lawrence P. Ebiner
Blaine J. Benard
800 W. Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal
Steven C. Lawrence
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599

Attorneys for Incredible Pizza Co., Inc. and Incredible Pizza Franchise Group, LLC

# PROOF OF SERVICE

## 1013 A(3) CCP REVISED 5/1/88

STATE OF ARIZONA, COUNTY OF MARICOPA

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to the within action. My business address is 16427 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

On July 6, 2009, I served the foregoing document described as **DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 11** on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Scottsdale, Arizona in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I caused the above-mentioned document to be personally served to the offices of the addressee.

☐ BY FACSIMILE: I communicated such document via facsimile to the addressee as indicated on the attached service list.

☐ BY FEDERAL EXPRESS: I caused said document to be sent via Federal Express to the addressee as indicated on the attached service list.

☒ BY ELECTRONIC MAIL: I caused the above-referenced document to be served to the addressee on the attached service list.

Executed on July 6, 2009, at Scottsdale, Arizona.

X (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Jamie Tuccio*
Jamie Tuccio

# SERVICE LIST

**VIA EMAIL**
Ronald Oines, Esq.
Rutan & Tucker, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-1931
roines@rutan.com
Telephone: (714) 641-5100
Facsimile: (714) 546-9035

*Attorneys for JIPC MANAGEMENT, INC.*

**VIA EMAIL**
Randolph C. Foster, Esq.
Steven E. Klein, Esq.
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
rcfoster@stoel.com
seklein@stoel.com
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

*Attorneys for JIPC MANAGEMENT, INC.*