UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. CV 08-04310-MMM(PLAx) | Date July 13, 2009 |

Title JIPC Managment, Inc. vs. Incredible Pizza Co., Inc., et al

Present: The Honorable MARGARET M. MORROW

| ANEL HUERTA | MARK SCHWEITZER |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:

Steve Klein
Edward Duckess
Ronald Oines

Attorneys Present for Defendants:

Blaine Benard
David Andersen

**Proceedings:** FINAL PRETRIAL CONFERENCE

MOTIONS IN LIMINE:

The court takes the motions in limine under submission. A final order to be issued.

- Plaintiff's Motion in Limine for Evidence to Exclude Evidence and Argument re Alleged Scheme [170]. Defendant is directed to submit copies of licenses addressed in the motion by close of business July 14, 2009;
- Defendants' Motion in Limine No. 1 to Exclude Expert Reports of Dr. Bruce R. Isaacson and to Preclude Him from Testifying [171];
- Defendants' Motion in Limine No. 2 re Evidence from Other Litigation [168];
- Defendants' Motion in Limine No. 3 to Exclude Evidence of Alleged Actual Confusion [169];
- Defendants' Motion in Limine No. 4 to Preclude Reference to "Incredible Marks" [174];
- Defendants' Motion in Limine No. 5 to Exclude Alleged Harm or Damages Prior to Plaintiff's Claims [175];
- Defendants' Motion in Limine No. 6 to Exclude Evidence of Alleged Confusion by Non-consumers [176];
- Defendants' Motion in Limine No. 7 to Exclude Evidence of Harm Outside of Plaintiff's Market Areas [177];
- Defendants' Motion in Limine No. 8 to Exclude Evidence of Alleged Bad Faith Preceeding Plaintiff's Claims [178];
- Defendants' Motion in Limine No. 9 to Exclude Joyce Julius Reports [180];
- Defendants' Motion in Limine No. 10 to Exclude Settlement Communications [181];
- Defendants' Motion in Limine No. 11 to Exclude Evidence of Actual Confusion after Adoption of Similar Tagline [182]

Pretrial Conference:

　　　The parties are directed to file a revised pretrial conference order as submitted no later than August 10, 2009.

Counsel are directed to file briefs, no more than five pages, on the relevance and admissibility of evidence regarding the validity of defendants' federal trademark registration on or before July27, 2009.

Counsel are further directed to file briefs, no more than 20 pages, regarding defendants' affirmative defenses and whether they should be tried to the court or to a jury on or before August 3, 2009.

The Court further directs the parties to submit the following:

- Counsel are to meet and confer and file a revised Joint Exhibit List as instructed in court on or before August 3, 2009.

- The court and counsel discuss the parties' trial time estimates, and the court directs each party to file and serve a pleading on or before August 3, 2009 setting forth each witness reasonably likely to be called on direct, a brief statement of their expected testimony, and an estimate of the amount of time the testimony will require. Each party is further directed to file a pleading on or before August 10, 2009 respecting the estimated amount of time required for cross-examination. The court will use the estimates to allocate time to this trial. At trial, the court will monitor the amount of time each counsel spends examining witnesses (direct or cross), otherwise presenting evidence, or in argument, and will provide counsel with the amount of trial time remaining at the close of each day of trial.

- Counsel shall present to the Courtroom Deputy Clerk with the following documents on the first day of trial:

    a. **THREE copies of the witness list.**

    b. **THREE copies of the exhibit list.**

    c. **A bench book containing a copy of all exhibits, with the small exhibit tags attached.**