

**Exhibit 1**

1  RONALD OINES (SBN #145016)
   roines@rutan.com
2  RUTAN & TUCKER, LLC
   611 Anton Boulevard, Suite 1400
3  Costa Mesa, California 92626-1931
   Telephone: (714) 641-5100
4  Facsimile: (714) 546-9035

5  RANDOLPH C. FOSTER (OSB #784340)
   rcfoster@stoel.com
6  (to apply *pro hac vice*)
   STEVEN E. KLEIN (OSB#051165)
7  seklein@stoel.com
   (to apply *pro hac vice*)
8  STOEL RIVES LLP
   900 SW Fifth Avenue, Suite 2600
9  Portland, OR 97204
   Telephone: (503) 224-3380
10 Facsimile: (503) 220-2480

11 Attorneys for Plaintiff
   JIPC Management, Inc.
12

                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIPC MANAGEMENT, INC., | Case No. CV08-4310 MMM(PLAx) |
| Plaintiff, | **DECLARATION OF JOHN PARLET** |
| v. | DATE: June 8, 2009<br>TIME: 10:00 a.m.<br>CTRM: 780 |
| INCREDIBLE PIZZA CO., INC.;<br>INCREDIBLE PIZZA FRANCHISE<br>GROUP, LLC; CJM RACING, LLC.; | |
| Defendants. | |

I, JOHN PARLET, certify and declare as follows:

1. I am over eighteen years of age and am otherwise competent to testify herein.

**A.  The Business of JIPC Management, Inc.**

2. I am the founder, president, and chief executive officer ("CEO") of plaintiff JIPC Management, Inc. ("JIPC"). I am also the CEO and sole shareholder of JIPC Management Holdings, Inc., which owns all the shares of JIPC.

3. JIPC's business is the licensing and management of restaurants offering all-you-can-eat buffets of pizza, pasta, salad and desserts, in an entertainment complex featuring theme rooms, video games, redemption games, miniature golf, bumper cars, and go-karts under the JOHN'S INCREDIBLE PIZZA CO. mark.

4. There are currently eight JOHN'S INCREDIBLE PIZZA CO. stores operating in California and two under construction. The location of these stores and their opening dates are as follows:

| City | Opened |
|---|---|
| Victorville, CA | September 1997 |
| Bakersfield, CA | November 1998 |
| Fresno, CA | June 2000 |
| Stockton, CA | August 2002 |
| Modesto, CA | July 2003 |
| Montclair, CA | January 2005 |
| Roseville, CA | March 2007 |
| Riverside, CA | October 2007 |
| Buena Park, CA | July 2009 (est.) |
| San Diego, CA | January 2010 (est.) |

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

DECLARATION OF JOHN PARLET IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION

2

Portlnd2-4755049.2 0061355-00004

1   14.   The EXPERIENCE THE INCREDIBLE! mark is featured prominently in marketing literature (Exhibit 5), signage (Exhibit 6), and as an element in a composite "globe" mark (Exhibit 7.)

15.   In March 2002, JIPC first used a composite "globe" mark that included the phrase ALL YOU CAN EAT FOOD & FUN underneath the globe:



This phrase was chosen as an element because of my belief that while the INCREDIBLE PIZZA CO. element of the mark evoked the unique experience offered by JIPC, it did not inform potential customers that the experience included an all you can eat buffet, plus games and amusements.

**D.   The Assignment and Licensing of JIPC's Marks**

16.   The Victorville store was originally owned and managed by John's Incredible Pizza Co., Inc. ("JIPC, Inc."), a California corporation formed on June 3, 1997.  At the time, I was president, CEO and the sole shareholder and owner of JIPC, Inc.

17.   On May 11, 1998, I incorporated JIPC for the purpose of controlling the JOHN'S INCREDIBLE PIZZA CO. brand's intellectual property and serving as the managing entity for all JOHN'S INCREDIBLE PIZZA CO. stores.

18.   On March 31, 1999, JIPC, Inc. transferred to JIPC by written assignment all right, title, and interest in the JOHN'S INCREDIBLE PIZZA CO. name, including all trademark rights in the name, together with the associated

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

DECLARATION OF JOHN PARLET IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION

6

Portlnd2-4755049.2 0061355-00004

1  goodwill, and JIPC immediately granted back a license to JIPC, Inc. to use the
2  mark.  Each agreement was executed by me as an officer of JIPC and JIPC, Inc.
3       19.   It was my intent and understanding at the time I executed the
4  documents that the Assignment and license also included all trademark rights in
5  INCREDIBLE PIZZA CO. and EXPERIENCE THE INCREDIBLE, and all other
6  names or marks then in use by JIPC, Inc. that included the word INCREDIBLE,
7  both with and without designs (collectively, the "INCREDIBLE Marks"), together
8  with associated goodwill.  That continues to be my understanding of the
9  Assignment and license agreement.  True and correct copies of the Assignment and
10 license agreement entered into between JIPC and JIPC, Inc. are attached as,
11 respectively, Exhibits 1 and 2 to the May 8, 2009 Declaration of Betty Parlet.
12      20.   Since March 31, 1999, each JOHN'S INCREDIBLE PIZZA CO. store
13 has been licensed to use the INCREDIBLE Marks pursuant to one or more oral or
14 written license agreements with JIPC.  From time to time, JIPC updates the form of
15 license agreement it uses with its licensees.  For example, attached as Exhibits 2
16 through 5 to the May 8, 2009 Declaration of Betty Parlet are the successive license
17 agreements and amendments that have been entered into by JIPC and JIPC, Inc.
18      21.   In June 2004, JIPC adopted an updated form of license agreement.
19 Due to a misunderstanding while executing the agreements, I inadvertently signed
20 the signature block provided for JIPC, Inc. in two of the agreements: one between
21 JIPC and JIPC, Inc. with an effective date of March 31, 1999 and one between
22 JIPC, Inc. and JIPCOB, Inc. with an effective date of November 1, 1998.[1]  At the
23 time I was no longer an officer of JIPC, Inc. (although I had been as of the effective
24 dates).  Copies of these two documents are attached as Exhibit 8.

---

[1] In late 2007, ownership of Bakersfield was transferred to Incredible Concepts, Inc., a fully-owned subsidiary of JIPC Incredible Concepts Holding Company, Inc., a company for which I am the majority, controlling shareholder.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

DECLARATION OF JOHN PARLET IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION                                    7

Portlnd2-4755049.2 0061355-00004

22.     The signature block error was caught during preparation for my August 15, 2007 deposition in the Trademark Trial and Appeal Board proceeding. Both agreements were re-executed that same day, with my ex-wife Betty signing on behalf of JIPC, Inc. as its president. True and correct copies of the re-executed agreements are attached as Exhibits 5 and 7 to the Declaration of Betty Parlet.

E.     **The Geographic Scope of JIPC's Use of the INCREDIBLE Marks.**

23.     It has always been my belief that one of the best and most effective methods of advertising and promotion is through word of mouth. A customer who comes away happy and satisfied and tells friends, acquaintances or relatives about the INCREDIBLE experience is a very powerful selling tool. For this reason, JIPC has always relied on word of mouth as one of its primary promotional tools.

24.     When JIPC does engage in non-word of mouth advertising and marketing, it does so primarily at the local and regional level in California, where JIPC's operations and stores are located. JIPC advertising and marketing is conducted through multiple channels, including newspaper advertisements, brochures, coupons, direct mail, gift cards, and the JOHN'S INCREDIBLE PIZZA CO. VIP Card frequent customer program.

25.     JIPC also uses its Internet web site as a tool for marketing to the customers and potential customers of its California stores. JIPC has never undertaken any concerted effort to solicit or direct potential customers outside of California and the surrounding states to visit its website. Until approximately March 2008, JIPC merely used its website to make information about its California stores available to potential customers and did not offer any goods for sale or interactive services through its website. Since March 2008, JIPC has sold through its website, gift cards for use in its California stores and has provided an online interface for customers to book reservations for parties at its stores.

26.     JIPC has never engaged in advertising or promotion of its goods and services targeted to a nationwide audience. It's advertising and promotion of its

Stoel Rives LLP
Attorneys At Law
Portland

DECLARATION OF JOHN PARLET IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION

8

Portlnd2-4755049.2 0061355-00004

1  no association with the stores formerly operating under the INCREDIBLE PIZZA
2  COMPANY name outside of California and to apologize for any bad experience
3  my customers may have had at those stores.

4      56.   I take great pride in the experience that we provide to our customers.
5  That experience is the most effective means of maintaining and expanding our
6  customer base. I don't want a bad experience at one of Rick's stores to hurt my
7  business, and I don't want my efforts to benefit Rick. In light of the evidence of
8  actual confusion among consumers, vendors and job applicants between my
9  business and Rick's (or his franchisees), it is apparent that Rick's intentional
10 adoption of INCREDIBLE PIZZA COMPANY has had its desired effect of trading
11 on my company's good will and concepts, and that no amount of advertising will
12 fully remedy the confusion and damage he has caused. Nevertheless, some of the
13 continuing damage inflicted on my business will be mitigated through an effective
14 corrective advertising campaign following the completion of this case, with such
15 campaign to be funded by a damage award against IPC for that purpose.

16     I declare under penalty of perjury that the foregoing is true and correct.
17 Dated this 11th day of May, 2009.

*/s/ John Parlet*
John Parlet

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

DECLARATION OF JOHN PARLET IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION

16

PortInd2-4755049.2 0061355-00004

# TRADEMARK LICENSE AGREEMENT

This Trademark License Agreement is entered into effective November 1, 1998 between John's Incredible Pizza Company, Inc., 14766 Bear Valley Road, Victorville, CA  92392 ("JIP"), a California corporation, and JIPCOB, Inc., a California corporation, 3709 Rosedale Hwy., Bakersfield, CA  93308 ("JIPCOB").

## RECITALS

A. JIP is the owner of the trademarks, service marks and trade names set forth in Exhibit A (the "Trademarks").

B. JIPCOB has licensed and desires to continue licensing the right to use the Trademarks in connection with restaurant and entertainment services.

## AGREEMENT

1. <u>License</u>.

    1.1 Subject to the terms of this Agreement, JIP hereby grants to JIPCOB, nunc pro tunc, a limited license to use the Trademarks solely in connection with restaurant and entertainment services at a single location.  This license to use the Trademarks is nonexclusive, non-assignable, and nontransferable.

    1.2 All right, title and interest in the Trademarks is and shall remain solely owned by JIP and JIP's licensors, if any.   JIPCOB's use of the Trademarks shall inure solely to the benefit of JIP and JIP's licensors, if any.

    1.3 JIP may, at any time upon request, inspect all JIPCOB materials bearing Trademarks.  JIP may prohibit use of such materials at JIP's sole discretion.

2. <u>Term</u>. This license is effective as of the date set forth above and continued in effect until March 31, 1999.  JIP shall have the right to terminate this license upon thirty (30) days' written notice to JIPCOB.  Upon termination, JIPCOB shall promptly cease all use of the Trademarks.

3. <u>Quality Control</u>. JIPCOB agrees that at all times any goods or services JIPCOB provides in conjunction with the Trademarks will be of a quality consistent with that presently associated with the Trademarks and JIPCOB shall otherwise conduct itself in a manner so as to preserve the goodwill associated with the Trademarks. JIP shall have the right to inspect JIPCOB's facilities and operations on reasonable notice for the purpose of ensuring compliance with this quality control provision.

4. <u>Assignment</u>. This agreement may not be assigned without the prior written consent of JIP.

5. <u>Entire Agreement</u>. This Agreement sets forth the entire agreement between the parties with respect to its subject matter.

| "JOHN'S INCREDIBLE PIZZA COMPANY, INC." | "JIPCOB, INC." |
|---|---|
| By: John Parlet<br>Its: President<br>Date: 6/18/04 | By: *[signature]*<br>Its: _____<br>Date: 6/18/04 |

Exhibit A
Trademarks

1. INCREDIBLE PIZZA CO.

2. JIPCOB CO.

3. JIPCOB CO. ALL YOU CAN EAT FOOD & FUN!

4. EXPERIENCE THE INCREDIBLE!

5. 

6. 

7.  Any registrations for items 1-6 above, including without limitation (1) any federal registrations issuing from U.S. Patent and Trademark Office Application Nos. 76/585,945, 76/585,946, 76/585,975, 76/585,976, 76/585,977, 78/435,074, 78/435,080 and 78,435,085; and (2) California Service Mark Registration Nos. 059015, 059016, 059017, 059018 and 058668.

## TRADEMARK LICENSE AGREEMENT

This Trademark License Agreement is entered into effective March 31, 1999 between JIPC Management, Inc. a California corporation, 3450 Broad Street, Suite 105, San Luis Obispo, CA 93401 ("JIPC") and John's Incredible Pizza Company, Inc., a California corporation, 14766 Bear Valley Road, Victorville, CA 92392 ("John's Incredible Pizza").

### RECITALS

A. JIPC is the owner of the trademarks, service marks and trade names set forth in Exhibit A (the "Trademarks").

B. John's Incredible Pizza has licensed and desires to continue licensing the right to use the Trademarks in connection with restaurant and entertainment services.

### AGREEMENT

1. <u>License</u>.

    1.1 Subject to the terms of this Agreement, JIPC hereby grants to John's Incredible Pizza, nunc pro tunc, a limited license to use the Trademarks solely in connection with restaurant and entertainment services at a single location. This license to use the Trademarks is nonexclusive, non-assignable, and nontransferable.

    1.2 All right, title and interest in the Trademarks is and shall remain solely owned by JIPC and JIPC's licensors, if any. John's Incredible Pizza's use of the Trademarks shall inure solely to the benefit of JIPC and JIPC's licensors, if any.

    1.3 JIPC may, at any time upon request, inspect all John's Incredible Pizza materials bearing Trademarks. JIPC may prohibit use of such materials at JIPC's sole discretion.

2. <u>Term</u>. This license is effective as of the date set forth above and will continue in effect until terminated. JIPC shall have the right to terminate this license upon thirty (30) days' written notice to John's Incredible Pizza. Upon termination, John's Incredible Pizza shall promptly cease all use of the Trademarks.

3. <u>Quality Control</u>. John's Incredible Pizza agrees that at all times any goods or services John's Incredible Pizza provides in conjunction with the Trademarks will be of a quality consistent with that presently associated with the Trademarks and John's Incredible Pizza shall otherwise conduct itself in a manner so as to preserve the goodwill associated with the Trademarks. JIPC shall have the right to inspect John's Incredible Pizza's facilities and operations on reasonable notice for the purpose of ensuring compliance with this quality control provision.

4. <u>Assignment</u>. This agreement may not be assigned without the prior written consent of JIPC.

5. *Entire Agreement*. This Agreement sets forth the entire agreement between the parties with respect to its subject matter.

"JIPC MANAGEMENT, INC."                                   "JOHN'S INCREDIBLE PIZZA, INC."

By: *John Parlet*                                                By: 
Its: *President*                                                     Its: 
Date: 6/18/04                                            Date: 6/18/04

Exhibit A
Trademarks

1. INCREDIBLE PIZZA CO.

2. JOHN'S INCREDIBLE PIZZA CO.

3. JOHN'S INCREDIBLE PIZZA CO. ALL YOU CAN EAT FOOD & FUN!

4. EXPERIENCE THE INCREDIBLE!

5.


6.


7. Any registrations for items 1-6 above, including without limitation (1) any federal registrations issuing from U.S. Patent and Trademark Office Application Nos. 76/585,945, 76/585,946, 76/585,975, 76/585,976, 76/585,977, 78/435,074, 78/435,080 and 78,435,085; and (2) California Service Mark Registration Nos. 059015, 059016, 059017, 059018 and 058668.