



# Holme Roberts & Owen LLP
*Attorneys at Law*

PHOENIX

BOULDER

COLORADO SPRINGS

DENVER

LONDON

LOS ANGELES

MUNICH

SALT LAKE CITY

SAN FRANCISCO

VIA EMAIL *seklein@stoel.com*
AND FEDERAL EXPRESS OVERNIGHT MAIL

June 10, 2009

Steven E. Klein, Esq.
Stoel Rives LLP
900 SW Fifth Ave., Suite 2600
Portland, OR 97204

Re: JIPC Management Inc. v. Incredible Pizza Co., Inc., et al.

Dear Steve:

This responds to your prior emails regarding IPC's responses to JIPC's Interrogatories Nos. 11, 13, 15, 16 and 17.

Supplementing Defendants' response to Interrogatory 11, and subject to all prior objections thereto, Defendants state that to the best of their knowledge they were contacted by one individual in January 2008 regarding the possibility of opening a franchise in California. See also documents Bates numbered IPC 002468-2472, which have been designated ATTORNEY'S EYES ONLY. Despite this contact, Defendants have not opened, franchised or purchased any restaurant that would operate in California under any of their marks. Defendants also have not had any communications with anyone regarding opening, franchising or purchasing any restaurant that would operate under *Plaintiff's* claimed marks anywhere.

Supplementing Defendants' response to Interrogatory 13, and subject to all prior objections thereto, Defendants state that they do not have any advertisements that solely target California. However, many of Defendants' advertisements may reach into California from time to time, including but not limited to Defendants' website, which is equally accessible in California as it is everywhere else. Defendants have no reasonable method for determining which of its specific advertisements may reach into California, and therefore are unable to estimate the annual expenses for same.

Steven C. Lawrence  480.624.4524  steve.lawrence@hro.com
Promenade Corporate Center, 16427 North Scottsdale Road, Suite 300  Scottsdale, Arizona 85254-1597  tel 480.624.4500  fax 480.624.4505
#8793 v1 phx

## Holme Roberts & Owen LLP
Attorneys at Law

Steven E. Klein, Esq.
Stoel Rives LLP
June 10, 2009
Page 2

Regarding Interrogatory 15, we understand that CJM Racing has provided the requested information. As such, IPC is not required to supplement its response to repeat what CJM already has produced. *See* Rule 26(e)(1)(A).

Supplementing Defendants' responses to Interrogatories 16 and 17, and subject to all prior objections thereto, Defendants again reiterate their objection to JIPC's definition of "IPC Marks" as vague and ambiguous, overbroad, and overinclusive. Please see documents Bates numbered IPC 004347-4362 attached hereto, which state how much "in-focus exposure time" IPC received during certain broadcasts as a sponsor of CJM Racing, and how many mentions IPC received as a sponsor. These reports do not indicate how much airtime the IPC Mark may have received that may fall within the reported "in-focus exposure time," nor do the reports differentiate among viewers by location, i.e. California. Please note that these documents have been designated CONFIDENTIAL pursuant to the Protective Order in this case. Please also note that CJM Racing already has produced other reports regarding "in-focus exposure time" and sponsor mentions during NASCAR races.

Sincerely,

Steven C. Lawrence

SCL:rmc
Enclosures