Lawrence P. Ebiner (State Bar No. 122293)
larry.ebiner@hro.com
Blaine J. Benard (UT State Bar No. 005661) (Admitted *pro hac vice*)
BLAINE.BENARD@HRO.COM
HOLME ROBERTS & OWEN LLP
800 West Olympic Blvd., 4th Floor
Los Angeles, CA  90015
Telephone:  (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal (AZ State Bar No. 006812) (Admitted *pro hac vice*)
glenn.bacal@hro.com
Steven C. Lawrence (AZ State Bar No. 022551) (Admitted *pro hac vice*)
steve.lawrence@hro.com
David M. Andersen (AZ State Bar No. 025309) (Admitted *pro hac vice)*
HOLME ROBERTS & OWEN LLP
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ  85254-1597
Telephone:  (480) 624-4500
Facsimile: (480) 624-4599
*Attorneys for Incredible Pizza Co., Inc.; and*
*Incredible Pizza Franchise Group, LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JIPC Management, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Incredible Pizza Co., Inc.; Incredible Pizza Franchise Group, LLC;<br><br>Defendants. | Case No. CV08-04310 MMM (PLAx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE RE HEARSAY ISSUES REGARDING ACTUAL CONFUSION EVIDENCE AND BARSNESS' MAY 24, 2000 DEPOSITION TRANSCRIPT** |

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE RE HEARSAY ISSUES REGARDING
ACTUAL CONFUSION EVIDENCE  AND BARSNESS' MAY 24, 2000 DEPOSITION TRANSCRIPT**

1

2          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3          PLEASE TAKE NOTICE THAT, pursuant to the Court's Order of July 14,

4   2009, Defendants Incredible Pizza Co., Inc. and Incredible Pizza Franchise Group

5   LLC (collectively, "Defendants") hereby move for an order *in limine* precluding

6   Plaintiff JIPC Management, Inc. ("Plaintiff") from presenting specific exhibits, as

7   discussed below, to establish alleged actual confusion.  Defendants also seek to

8   preclude Plaintiff from introducing portions of a transcript from the May 24, 2000

9   deposition of Rick Barsness from unrelated litigation involving Mr. Gatti's because

10  such portions of the transcript are irrelevant.  This Motion is based on this Notice and

11  the attached Memorandum of Points and Authorities, the entire record before the

12  Court, and any further briefing and argument as may be provided.

13

14  Dated:  July 24, 2009                    HOLME ROBERTS & OWEN LLP

15

16                                           By:  */s/ David M. Andersen*
                                                  Lawrence P. Ebiner
17                                                Blaine J. Benard
                                                  800 W. Olympic Blvd., 4th Floor
18                                                Los Angeles, CA  90015
                                                  Telephone:  (213) 572-4300
19                                                Facsimile: (213) 572-4400

20
                                                  Glenn S. Bacal
21                                                Steven C. Lawrence
                                                  David M. Andersen
22                                                Promenade Corporate Center
                                                  16427 North Scottsdale Road, Suite 300
23                                                Scottsdale, AZ  85254-1597
                                                  Telephone:  (480) 624-4500
24                                                Facsimile: (480) 624-4599

25

26                                                Attorneys for Incredible Pizza Co., Inc. and
                                                  Incredible Pizza Franchise Group, LLC;
27

28

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE RE HEARSAY ISSUES REGARDING
ACTUAL CONFUSION EVIDENCE  AND BARSNESS' MAY 24, 2000 DEPOSITION TRANSCRIPT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Evidence of Actual Confusion

Defendants move to exclude several exhibits offered by Plaintiff to establish actual confusion on the basis that they constitute inadmissible hearsay and/or are irrelevant.  In the Court's Order of July 14, 2009, the Court outlined the relevant standards to determine whether out of court statements offered to show actual consumer confusion are hearsay or otherwise irrelevant.  Specifically, the Court stated that "whether statements indicating confusion on the part of out of court declarants are hearsay depends on whether the fact finder must accept the truth of the statement to conclude that the declarant was confused."  July 14 Order, p. 23 n. 66.  The Court also held that "confusion among non-consumers is relevant only to the extent it establishes that actual consumers are likely to be confused," and therefore, "the probative value of evidence of [non-consumer] confusion turns on whether the circumstances in which the [non-consumer] encountered the mark are similar to those in which consumers generally encounter the mark."  Id. p. 25-26 & n.68.  Based on these standards, the Court found inadmissible two emails attached to Defendants' earlier motion in limine and found admissible two other emails.

Pursuant to the July 14 Order, counsel for Plaintiff and Defendants met and conferred face-to-face in Salt Lake City on July 20, 2009, and later by telephone, regarding the admissibility of various exhibits offered by Plaintiff to establish actual confusion.  After discussing the standards outlined by the Court, Defendants have withdrawn objections to some of the emails initially offered by Plaintiff to establish actual confusion, and Plaintiff also has voluntarily withdrawn some of these emails from the Exhibit List.  With respect to the remaining exhibits offered by JIPC to establish actual confusion, Defendants seek to exclude the following emails and other documents because they are inadmissible hearsay and/or irrelevant to show actual confusion:

. . .

. . .

. . .

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE RE HEARSAY ISSUES REGARDING ACTUAL CONFUSION EVIDENCE  AND BARSNESS' MAY 24, 2000 DEPOSITION TRANSCRIPT**

| Exhibit | Relevant Text | Objection |
|---|---|---|
| **Exhibit 1** May 19, 2005 email from Deja Mitchell (JIPC0636) | hi! there is a new incredible pizza building opening in the oklahoma city, ok area on nw expressway, and i'd like to get an application from you all because i hear they are hiring new employees. could you please email me an application form or let me know how i could possibly complete an online application. thank you. | **Hearsay and irrelevant**. To infer this person was confused, a finder of fact would have to accept the truthfulness of the statements that she heard "incredible pizza" was hiring employees and that she wanted an employment application. Also, because Plaintiff has admitted that its market penetration does not extend to Oklahoma [Doc. 90 ¶ 63], this email is not relevant to any actual confusion relevant to Plaintiff's claims or any disputed territory in this case. This email also is not relevant to consumer confusion because this job applicant apparently only encountered the mark by hearing about a job opportunity, which is not a situation in which an ordinary consumer would encounter the mark.[1] |

---

[1] Counsel for Plaintiff contends that because many of these emails were submitted through the John's website, they are relevant to consumer confusion because consumers also encounter the John's Marks through the John's website. This argument misplaces the relevant context in which the non-consumers (such as job seekers, distributors, etc.) encountered the marks and allegedly were confused. In Exhibit 1, for example, the person allegedly was confused after she heard that there was an "incredible pizza" opening in Oklahoma City and that they were hiring. Because alleged cause of the confusion was not the website but rather hearing about a job opportunity from some other source, the website is not the relevant context in which the non-consumers encountered the mark for purposes of showing actual confusion. The relevant question is whether the alleged confusion occurred during a situation in which a consumer is likely to encounter the mark. *See also* Exhibit 12 (offered by Plaintiff to show alleged confusion by an IPC employee); Exhibit 15 (offered by Plaintiff to show alleged actual confusion by a person submitting an employment application to John's); and Exhibit 17-18 (offered by Plaintiff to show possible confusion from clicking a link on a trade website).

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE RE HEARSAY ISSUES REGARDING ACTUAL CONFUSION EVIDENCE AND BARSNESS' MAY 24, 2000 DEPOSITION TRANSCRIPT**

| Exhibit | Relevant Text | Objection |
|---|---|---|
| **Exhibit 2** May 27, 2005 website comment from SUGAR (JIPC0637) | WHAT IS YOUR OKLAHOMA CITY LOCATION INFO? i WANT TO HAVE A PARTY | **Hearsay and irrelevant.** Because Plaintiff has admitted that its market penetration did not extend to Oklahoma [Doc. 90 ¶ 63], this email is not relevant to Plaintiff's claims or any disputed territory in this case. Plaintiff cannot simultaneously argue that its reputation has never extended to states where Defendants operate (either through the Internet or otherwise) and at the same time attempt to introduce evidence of alleged actual confusion in those states where there is no market overlap. Therefore, Plaintiff has waived any argument that that this evidence, or other evidence of alleged confusion clearly involving persons in states where Defendants operate and Plaintiff does not, is relevant. Further, a question can be hearsay if it also includes an assertion (e.g. "Why do you beat your wife?"). In this case, the assertion inherent in the question is that the person is stating that he or she believes there is an Oklahoma City location, thus making this email hearsay. |

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE RE HEARSAY ISSUES REGARDING ACTUAL CONFUSION EVIDENCE AND BARSNESS' MAY 24, 2000 DEPOSITION TRANSCRIPT**

| Exhibit | Relevant Text | Objection |
|---|---|---|
| **Exhibit 3** June 10, 2005 email from vicki (JIPC0638) | I was trying to find out if you had a place in Oklahoma City, Ok ---- I thought I saw one and I was wondering if there is a price difference if there is one here and how much is the entertainment part---like is it extra for the rides-games-other play things…and how they cost also please write me back | **Hearsay and irrelevant**. To infer this person was confused, a finder of fact would have to accept the truthfulness of the statement that this person "thought [she] saw" an Incredible Pizza in Oklahoma City. In other words, the statement is hearsay because it relays the circumstances surrounding the alleged confusion, which the finder of fact must accept as true for this email to be relevant. These statements are hearsay just as the statements by the college student about her Google search already were found by the Court to be inadmissible hearsay. Further, because Plaintiff has admitted that its market penetration did not extend to Oklahoma [Doc. 90 ¶ 63], this email is not relevant to Plaintiff's claims or any disputed territory in this case. |
| **Exhibit 4** August 4, 2005 email from Thomas Henderson (thomas.henderson @cox.net) (JIPC0659) | Do you have a location in Oklahoma city? I could not find it in youe web site.[2] | **Hearsay and Irrelevant**. To infer this person was confused, a finder of fact would have to accept the truthfulness of the statement that this person could not find an Oklahoma City location on the John's website. Such a statement about the circumstances of the confusion is inadmissible hearsay. This email also is not relevant to actual confusion because it concerns an area where Plaintiff claims its reputation has not extended, namely Oklahoma. |

---

[2] Plaintiff withdrew a follow up email string between John Parlet and this individual, in which he states that he "was confused," which is clearly inadmissible hearsay (also attached with Exhibit 4). However, JIPC did not agree to withdraw the initial email.

4

| Exhibit | Relevant Text | Objection |
|---|---|---|
| **Exhibit 5** June 7, 2005 email from Teresa (JIPC0660) | Hey: We have an Incredible Pizza right here in Warr Acres Oklahoma.  Could you please add our Incredible Pizza to your incredible site? | **Irrelevant**.  This instance of alleged actual confusion is not relevant to Plaintiff's claims because Plaintiff has admitted that its reputation does not extend to states such as Oklahoma where Defendants operate. [Doc. 90 ¶ 63] |
| **Exhibit 6** November 27, 2006 email from tawana (JIPC0679) | I want to have a party there, but I need to have the address to one in houston southside or north please | **Irrelevant**.  This is another instance of alleged actual confusion that is not relevant to any disputed area in this case, as Plaintiff has claimed that its reputation does not extend to states such as Texas where Defendants operate.  [Doc. 90 ¶ 63] |
| **Exhibit 7** March 28, 2007 email from Serita Jones (JIPC1283) | I noticed that you are opening a new location near Dallas, TX.  Could you tell me the exact date that location will be open.  I am planning an event in July 2007 and would really be thrilled if that location would be open by that time. | **Hearsay and irrelevant**.  To conclude that this person was confused, a finder of fact would have to accept as true this person's statement that she "noticed that you are opening a new location near Dallas, TX."  Thus, this email is hearsay.  Also, this email is another instance of alleged actual confusion that is not relevant to any disputed area in this case, as Plaintiff has claimed that its reputation does not extend to states such as Texas where Defendants operate. [Doc. 90 ¶ 63] |

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE RE HEARSAY ISSUES REGARDING ACTUAL CONFUSION EVIDENCE  AND BARSNESS' MAY 24, 2000 DEPOSITION TRANSCRIPT**

| Exhibit | Relevant Text | Objection |
|---|---|---|
| **Exhibit 8** July 23, 2007 email from Veronica Hernandez (JIPC1595) | you don't have texas location online | **Hearsay and Irrelevant**. This is a true statement—John's does not have a Texas location on its website. This statement is not relevant to the issue of actual confusion, just as an email telling John's that it does not have a New York or a Seattle location online also would not be relevant. To infer that this email is relevant to actual confusion, the trier of fact would have make the leap of accepting as true the implied assertion that this person believed (and was stating as much) that John's had a Texas location but that this location did not appear on the John's website. Therefore, this comment is inadmissible hearsay. Also, this instance of alleged actual confusion is not relevant to Plaintiff's claims because Plaintiff has admitted that its reputation does not extend to states such as Texas where Defendants operate. [Doc. 90 ¶ 63] |

6

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE RE HEARSAY ISSUES REGARDING ACTUAL CONFUSION EVIDENCE AND BARSNESS' MAY 24, 2000 DEPOSITION TRANSCRIPT**

| Exhibit | Relevant Text | Objection |
|---|---|---|
| **Exhibit 9** June 27, 2008 email from Barry Thompson (JIPC1629) | info about mesquite tx store | **Irrelevant and hearsay.** This email is irrelevant because it is unclear whether this is a statement or an inquiry about either John's or IPC, neither of which is mentioned. Also, this instance of alleged actual confusion is not relevant to Plaintiff's claims because Plaintiff has admitted that its reputation does not extend to states such as Texas where Defendants operate. [Doc. 90 ¶ 63] Further, the only possible way this email would be relevant is if the finder of fact inferred that this person believed (and was stating his belief) that there was a John's location in Mesquite, which would make this email hearsay. |
| **Exhibit 10** July 28, 2008 email from lori (JIPC1630) | please send me promotions for the week for missouri area. | **Irrelevant and hearsay.** This email is irrelevant because it makes no reference to either JIPC or IPC; nor does it refer to any stores. Also, this instance of alleged actual confusion is not relevant to Plaintiff's claims because Plaintiff has admitted that its reputation does not extend to states such as Missouri where Defendants operate. [Doc. 90 ¶ 63] |

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE RE HEARSAY ISSUES REGARDING ACTUAL CONFUSION EVIDENCE AND BARSNESS' MAY 24, 2000 DEPOSITION TRANSCRIPT**

| Exhibit | Relevant Text | Objection |
|---|---|---|
| **Exhibit 11** April 1, 2009 email from Teresa Lipson (JIPC1631) | any idea when the phoenix location will open? | **Irrelevant and hearsay.** This email is irrelevant to the issue of actual confusion because it gives no indication whether it refers to JIPC or IPC, neither of which have a Phoenix location. This email is also hearsay. A question can be hearsay if it also makes an implied statement (e.g. "When will you stop beating your wife?"). To conclude this person was confused, the trier of fact would have to accept as true the stated inference from this question, namely that this person knew (and was stating as much through her question) that IPC had plans to open a Phoenix store. |

8

| Exhibit | Relevant Text | Objection |
|---------|---------------|-----------|
| **Exhibit 12** April 7, 2009 email from maria denogeon (JIPC1632) | I am currently working at the incredible pizza in Memphis Tennessee and I was just wondering if it was possible if i could transfer from there to here. | **Hearsay and irrelevant.** To conclude this emails shows confusion, a trier of fact would have to accept this person's statements as true. First, one would have to accept this person's statement that she works "at the incredible pizza in Memphis" as true. Further, one would have to infer that this person's use of the word "transfer" is a true indication of this person's belief that she was requesting to be transferred within the same company (even though there is no indication that this person did not know the difference between the parties). This email is therefore hearsay. Also, this instance of alleged actual confusion is not relevant to Plaintiff's claims because Plaintiff has admitted that its reputation does not extend to states such as Tennessee where Defendants operate. [Doc. 90 ¶ 63] Further, an employee or potential employee's confusion in asking to be transferred is not a situation in which a consumer would be confused and therefore is not relevant to the issue of consumer confusion. |

9

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE RE HEARSAY ISSUES REGARDING ACTUAL CONFUSION EVIDENCE AND BARSNESS' MAY 24, 2000 DEPOSITION TRANSCRIPT**

| Exhibit | Relevant Text | Objection |
|---|---|---|
| **Exhibit 13** February 28, 2008 email from Tina wynn (JIPC3914) | Where is one located in Memphis TN | **Hearsay and irrelevant.** This email is not relevant to Plaintiff's claims because Plaintiff has admitted that its reputation does not extend to states such as Tennessee where Defendants operate. [Doc. 90 ¶ 63] Also, for this email to be relevant to the issue of actual confusion, the trier of fact would have to accept as true the implied assertion of fact in this question that this person believes (and is stating as much) that there is a John's location in Memphis. In other words, this person is not asking, "Do you have a Memphis, TN location?" Rather, this person is asking, "Where is the *one* located in Memphis TN?" Thus, this email is hearsay. |
| **Exhibit 14** February 2, 2009 email from Sue Conway (JIPC 3999) | Do you have a location or planned location near Phoenix, Arizona? I thought I saw a sign somewhere about it. | **Hearsay and irrelevant.** The statement that this person "thought [she] saw a sign somewhere" about a location near Phoenix is clearly inadmissible hearsay because it is being offered to show the circumstances of this person's alleged confusion. For this email to be relevant to the issue of actual confusion, the trier of fact would have to accept as true the inferences from this email that this person believed there was or would be a John's location near Phoenix and that she saw a sign about it that led her to inquire. |

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE RE HEARSAY ISSUES REGARDING ACTUAL CONFUSION EVIDENCE AND BARSNESS' MAY 24, 2000 DEPOSITION TRANSCRIPT**

| Exhibit | Relevant Text | Objection |
|---|---|---|
| **Exhibit 15** John's Incredible Pizza Company Employment Application submitted by Angela Koehler (JIPC0639-640) (Exh. 196 on the Exhibit List) | Question: Have you ever visited a John's Incredible Pizza Company? Describe your experience. Answer: Yes. Tulsa OK. Very fun, great food! Question: Why would you like to work for John's Incredible Pizza Company? And how would you make a difference? Answer: I visited Incredible Pizza in Tulsa. I was very excited to see such a great family place where every one could have fun, and the price was great. I would love to be a part of that. I had told my husband that would be a great place to open. And then I heard the ad you where opening one here in Houston. I would love to be part of the Incredible Pizza Company team. | **Hearsay and irrelevant.** This employment application is classic hearsay. This applicant states that she has visited an Incredible Pizza in Tulsa and that she heard an ad about another location opening in Houston. To conclude that this person was confused, a trier of fact would have to accept these statements as true. Statements by an applicant for employment also are not relevant to consumer confusion because a typical consumer would not encounter the marks in the context of applying for a job. Finally, this job application is not relevant to Plaintiff's claims because Plaintiff has admitted that its reputation does not extend to states such as Oklahoma and Texas where Defendants operate. |

11

| Exhibit | Relevant Text | Objection |
|---|---|---|
| **Exhibit 16** June 25, 2008 email from John Wyson to John Parlet (Exh. 197 on the Exhibit List) | John, I was watching NASCAR qualifying over the weekend and was surprised to see a car with the large words "Incredible Pizza Company" on it. I did a double-take and had to pause my TIVO to confirm that the smaller letters actually said "America's" and not "John's." I did a google search and found their website at www.incrediblepizza.com and was amazed to see a business that looks strangely similar to yours – themed dining rooms, multiple unique pizza types, games and attractions, ticket for prizes, etc. – the similarity is uncanny. According to the website, the closest location currently is El Paso, but the website claims they have plans to open in Las Vegas and Arizona. I'm certainly not an attorney, but something seems awry here. Take care – John | **Hearsay and Irrelevant.** This email is classic hearsay because it is offered to establish the truth of exactly what it says – that John Wyson was watching NASCAR, did a double-take, paused his TIVO, did a google search, and noticed certain similarities between the parties. Even if a typical consumer might encounter the IPC Mark by watching a NASCAR race, this email is irrelevant because it does not show confusion. Mr. Wyson himself explains that he did a "double-take" but never that he believed that the car that he saw on television was sponsored by John's Incredible Pizza Company. Having already had a business relationship with John's, Wyson then purportedly went onto the Internet to look at IPC's website, but never experienced actual confusion. Thus, this email is not relevant to show actual confusion by a consumer. |

12

| Exhibit | Relevant Text | Objection |
|---|---|---|
| **Exhibit 17 and 18** Two Articles from PizzaMarketplace.com (Exhs. 198, 199 on the Exhibit List) | Plaintiff apparently intends to use these two articles to establish actual confusion by showing that a link in one article related to John's led to another story on the same website about Defendants. | **Irrelevant.** PizzaMarketplace.com is clearly a trade website, not intended for viewing by consumers. Therefore, these articles and the links they contain are not relevant to the issue of consumer confusion (actual or likely). |

## II.    May 24, 2000 Deposition Transcript

Plaintiff informed Defendants that it was withdrawing from the Exhibit List the transcript of the May 24, 2000 deposition of Rick Barsness.  Plaintiff also informed Defendants that it would designate only three portions of the transcript to be read into evidence at trial: (1) page 4 through page 7, line 23; (2) page 19, line 2 through page 24, line 4; and (3) page 31, line 1 through page 32, line 2 (all attached as **Exhibit 19**).

As to those portions of those designated portions of the transcript that are part of a recorded telephone call between Rick Barsness and John Parlet, in light of the Court's July 14 Order on Defendants' Rule 408 Motion in Limine, Defendants have no objections to such portions being read into evidence.  However, Defendants object to the third portion of the transcript designated by Plaintiff because such portion is irrelevant to the issues in this case.  This portion of the transcript relates to questions about why Rick Barsness and John Parlet were no longer friends at the time of the deposition, which has nothing to do with the issue of likelihood of confusion or any other issue in this case.

Finally, Defendants reserve the right to designate additional portions of the transcript strictly for purposes of adding clarity and context to the portions of the transcript that Plaintiff intends to read into the record at trial.

Dated:  July 24, 2009                             HOLME ROBERTS & OWEN LLP

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE RE HEARSAY ISSUES REGARDING ACTUAL CONFUSION EVIDENCE  AND BARSNESS' MAY 24, 2000 DEPOSITION TRANSCRIPT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: */s/ David M. Andersen*
Lawrence P. Ebiner
Blaine J. Benard
800 W. Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal
Steven C. Lawrence
David M. Andersen
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599

Attorneys for Incredible Pizza Co., Inc. and
Incredible Pizza Franchise Group, LLC;

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE RE HEARSAY ISSUES REGARDING
ACTUAL CONFUSION EVIDENCE AND BARSNESS' MAY 24, 2000 DEPOSITION TRANSCRIPT**

## PROOF OF SERVICE

### 1013 A(3) CCP REVISED 5/1/88

STATE OF ARIZONA, COUNTY OF MARICOPA

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to the within action. My business address is 16427 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

On July 24, 2009, I served the foregoing document described as **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE RE HEARSAY ISSUES REGARDING ACTUAL CONFUSION EVIDENCE AND BARSNESS' MAY 24, 2000 DEPOSITION TRANSCRIPT** on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

☐ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Scottsdale, Arizona in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I caused the above-mentioned document to be personally served to the offices of the addressee.

☐ BY FACSIMILE: I communicated such document via facsimile to the addressee as indicated on the attached service list.

☐ BY FEDERAL EXPRESS: I caused said document to be sent via Federal Express to the addressee as indicated on the attached service list.

☒ BY ELECTRONIC MAIL: I caused the above-referenced document to be served to the addressee on the attached service list.

Executed on July 24, 2009, at Scottsdale, Arizona.

X (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Jamie Tuccio_
Jamie Tuccio

13

DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE RE HEARSAY ISSUES REGARDING ACTUAL CONFUSION EVIDENCE AND BARSNESS' MAY 24, 2000 DEPOSITION TRANSCRIPT
#9461 v2 phx

# **SERVICE LIST**

**VIA EMAIL**

Ronald Oines, Esq.

Rutan & Tucker, LLP

611 Anton Boulevard, Suite 1400

Costa Mesa, CA  92626-1931

roines@rutan.com

Telephone:  (714) 641-5100

Facsimile:  (714) 546-9035

**VIA EMAIL**

Randolph C. Foster, Esq.

Steven E. Klein, Esq.

Stoel Rives LLP

900 SW Fifth Avenue, Suite 2600

Portland, OR  97204

rcfoster@stoel.com

seklein@stoel.com

Telephone:  (503) 224-3380

Facsimile:  (503) 220-2480

*Attorneys for JIPC MANAGEMENT, INC.*

*Attorneys for JIPC MANAGEMENT, INC.*

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE RE HEARSAY ISSUES REGARDING ACTUAL CONFUSION EVIDENCE  AND BARSNESS' MAY 24, 2000 DEPOSITION TRANSCRIPT**