Lawrence P. Ebiner (State Bar No. 122293)
larry.ebiner@hro.com
Blaine J. Benard (UT State Bar No. 005661) (Admitted *pro hac vice*)
blaine.benard@hro.com
HOLME ROBERTS & OWEN LLP
800 West Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal (AZ State Bar No. 006812) (Admitted *pro hac vice*)
glenn.bacal@hro.com
Steven C. Lawrence (AZ State Bar No. 022551) (Admitted *pro hac vice*)
steve.lawrence@hro.com
HOLME ROBERTS & OWEN LLP
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599
*Attorneys for Incredible Pizza Co., Inc.; and Incredible Pizza Franchise Group, LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JIPC Management, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Incredible Pizza Co., Inc.; Incredible Pizza Franchise Group, LLC;<br><br>Defendants. | Case No. CV08-04310 MMM (PLAx)<br><br>**DEFENDANTS' BRIEF RE RELEVANCE AND ADMISSIBILITY OF DEFENDANTS' FEDERAL TRADEMARK REGISTRATION**<br><br>**Date: N/A**<br>**Time: N/A**<br>**Courtroom: Roybal 780**<br>**Judge: Hon. Margaret R. Morrow** |

Pursuant to the Court's July 13, 2009 Order, Defendants Incredible Pizza Co., Inc. ("IPC") and Incredible Pizza Franchise Group LLC ("IPFG") (collectively "Defendants") submit their brief on the relevance and admissibility of Defendants' federal registration for INCREDIBLE PIZZA COMPANY GREAT FOOD, FUN, FAMILY & FRIENDS and Design (the "IPC Mark").

# I. Argument

## A. Defendants' Registration Is Relevant and Admissible.

There can be no dispute that Defendants' federal trademark registration is admissible. *See* 15 U.S.C. § 1115(a) ("[a]ny registration . . . of a mark registered on the principal register provided by this chapter and owned by a party to an action shall be admissible in evidence . . . .").

Defendants' federal registration also is relevant because it is *prima facie* evidence of the validity of the IPC Mark, the registration of the IPC mark, IPC's ownership of the mark, and IPC's exclusive right to use the IPC mark in commerce on or in connection with the goods or services specified in the registration subject to any conditions or limitations stated therein. *Id.*; *Dept. of Parks and Recreation for the State of California v. Bazaar del Mundo Inc.*, 448 F.3d 1118, 1125 (9th Cir. 2006).[1]

Of course, Plaintiff seeks to introduce its registrations for this very reason, asserting the validity of its own registration in support of its claims under the Lanham Act and likely noting that a federal registration is prima facie evidence of certain things as noted above. The same *prima facie* standard applies equally to Defendants'

---

[1] Defendants have followed up on the Court's June 25, 2009 Order regarding whether a triable issue of fact exists as to willful infringement. In this Order, the Court observed that advice of counsel generally negates a finding of willfulness or bad faith. [June 25 Order, p. 32-33] Within the last few days, Defendants became aware of evidence in a warehouse from Rick Barsness' former lawyer related to the filing of the IPC trademark application that gave rise to the registration. Defendants will seek leave of the Court to use this evidence in the event that the jury finds Defendants liable for trademark infringement. Otherwise, the attorney-client privilege will not be waived.

registration, simply as a matter of law. As outlined below, Plaintiff chose not to raise either claims or defenses in this proceeding that Defendants' registration was invalid or subject to cancellation. Plaintiff thus cannot attack Defendant's single registration, while simultaneously asserting that its own registration constitutes *prima facie* evidence of the validity, registration, and right to use its own mark.

Unlike Plaintiff, who bases its infringement claims in part on its registrations, however, Defendants seek to introduce the registration for the IPC Mark for a defensive purpose only. Defendants do not claim that any of Plaintiff's current activities infringe any of Defendants' rights in the IPC Mark or that Defendant's registration can be used offensively against Plaintiff. Defendants seek to introduce the registration primarily to show that the Patent and Trademark Office allowed the IPC Marks and Plaintiff's registered marks to coexist on the Principal Register without an ultimate finding of likelihood of confusion, thus supporting a finding of no likely confusion in this case. Thus, the IPC registration clearly is admissible and relevant.

### B. Plaintiff Should Be Precluded From Introducing Evidence of Alleged Fraud in the Application for the IPC Mark.

When a party presents a federal registration in support of a claim or defense, any other party may assert legal or equitable defenses or defects, "including those set forth in subsection (b) of this section, which might have been asserted if such mark had not been registered." 15 U.S.C. § 1115(a). Included among the enumerated defenses of subsection (b) is "[t]hat the registration or the incontestable right to use the mark was obtained fraudulently." 15 U.S.C. § 1115(b)(1). Presumably on that basis, Plaintiff argues that it should be entitled to introduce any and all of its evidence of invalidity of the IPC registration, including alleged fraud in the application process. Plaintiff is wrong.

First, despite having been aware of Defendants' registration for years, and having sought cancellation of the registration before the Trademark Trial and Appeal Board in 2004, Plaintiff failed to plead either a claim for cancellation of the IPC Mark registration or any affirmative defense of fraud under section 1115(b) in this case. *See Philip Morris,*

2

**DEFENDANTS' BRIEF RE: RELEVANCE AND ADMISSIBILITY OF DEFENDANTS' FEDERAL TRADEMARK REGISTRATION**

#9451 v1 phx

*Inc. v. Imperial Tobacco Co., Ltd.*, 251 F. Supp. 362, 379 (E.D. Va. 1965) ("The burden of establishing a defense which falls within one of the exceptions mentioned in 15 U.S.C. § 1115(b) is upon Imperial. The defense must be pleaded affirmatively, Fed.R.Civ.P., 8(c). Imperial has not done this").[2] At oral argument, the Court correctly noted Plaintiff's failure to seek cancellation of the IPC registration. [Transcript of July 13, 2009 Oral Argument, at p. 39, attached as Exhibit 1] As such, Plaintiff is precluded from asserting a fraud / cancellation claim or defense for the first time at this late stage.

Second, as noted above, Defendants do not claim infringement, and do not seek to introduce the IPC Mark registration in support of any affirmative claim against Plaintiff. Rather, Defendants seek to introduce the registration primarily to demonstrate that the Patent and Trademark Office examined the marks and allowed the IPC Mark and Plaintiff's registered marks to coexist on the Principal Register. As such, whatever evidence Plaintiff may seek to introduce to establish alleged fraud would have little, if any, probative value to the issues involved in this case, namely whether Defendants' sponsorship of a NASCAR team and offering of franchises in California and surrounding states beginning in 2008 somehow infringes on Plaintiff's trademark rights.

---

[2] The only mention of "fraud" in Plaintiff's Amended Complaint is in its general allegations which references the pending TTAB proceedings, wherein Plaintiff has claimed that Defendants' federal trademark registration was procured by fraud. [Doc. 90, ¶¶ 58, 60] Plaintiff has never asserted, and has never sought to amend its complaint to assert, a claim of cancellation of the IPC registration on the basis of fraud. In answering Defendants' counterclaims, Plaintiff does not even mention fraud, let alone assert fraud as an affirmative defense.

Plaintiff's mere references to its fraud allegations in the TTAB proceedings is insufficient to plead such fraud "with particularity" as required by Rule 9(b), Fed. R. Civ. P, and therefore such allegations of fraud in support of Plaintiff's claims or defenses should be "disregarded." *See Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2008) ("Rule 9(b) requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting the fraud' . . . . Any averments which do not meet that standard should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule 9(b).").

**DEFENDANTS' BRIEF RE: RELEVANCE AND ADMISSIBILITY OF DEFENDANTS' FEDERAL TRADEMARK REGISTRATION**

#9451 v1 phx

Moreover, whatever probative value such evidence may have would be outweighed by the unnecessary expansion of trial and risk of confusing the jury should Plaintiff be allowed to foray into alleged "fraud" from nearly ten years ago. Fed. R. Evid. 403.

Plaintiff's argument that it need not assert a claim for cancellation to present evidence of invalidity of the IPC registration does not hold water. The purpose of Plaintiff's attempt to introduce evidence of invalidity is precisely to support its claim (which is not before this Court) that IPC allegedly is not entitled to a registration. Hence, contrary to Plaintiff's arguments, seeking cancellation of a federal trademark registration and asserting its invalidity are one in the same, and Plaintiff's failure to plead or assert cancellation / invalidity should preclude Plaintiff from doing so now. The fact that the USPTO ultimately did not find a likelihood of confusion between the marks certainly is relevant to the claims and defenses ***actually asserted*** in this case. However, Plaintiff's allegations of fraud in the application process has no relevance to the issue of likelihood of confusion between the marks, especially in a case where Plaintiff is not even seeking cancellation of the IPC registration. By failing to plead or raise in a timely manner any claim about cancellation or alleged fraud on the USPTO ***in this case***, Plaintiff failed to put the Court on notice and failed to put Defendants on notice that they apparently intend to try to introduce evidence regarding the alleged invalidity of the IPC registration. Thus, Plaintiff should not be able to introduce such evidence now.

Finally, Plaintiff would not suffer any prejudice should the Court preclude Plaintiff's evidence of alleged fraud on the USPTO. Plaintiff made exactly the same "fraud" arguments in the TTAB proceedings between the parties, as part of its cancellation claim, and Plaintiff had the opportunity to brief those issues fully with before TTAB. Thus, Plaintiff's right to claim invalidity / cancellation of the IPC registration has not been impeded in any way. While the TTAB proceeding is suspended pending the outcome of this case, Plaintiff can continue to pursue its cancellation claim before the TTAB, subject of course to any determination regarding likelihood of confusion which would preclude any inconsistent result in the TTAB.

**DEFENDANTS' BRIEF RE: RELEVANCE AND ADMISSIBILITY OF DEFENDANTS' FEDERAL TRADEMARK REGISTRATION**

#9451 v1 phx

## **CONCLUSION**

For these reasons, Defendants respectfully request that the registration for the IPC Mark be admitted into evidence, and that Plaintiff be precluded from presenting irrelevant and prejudicial evidence pertaining to alleged fraud in the registration process.

Dated: July 27, 2009          HOLME ROBERTS & OWEN LLP

By: *s/Steven C. Lawrence*
Lawrence P. Ebiner
Blaine J. Benard
800 W. Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400

Glenn S. Bacal
Steven C. Lawrence
Promenade Corporate Center
16427 North Scottsdale Road, Suite 300
Scottsdale, AZ 85254-1597
Telephone: (480) 624-4500
Facsimile: (480) 624-4599

Attorneys for Incredible Pizza Co., Inc. and Incredible Pizza Franchise Group, LLC;

# PROOF OF SERVICE

## 1013 A(3) CCP REVISED 5/1/88

STATE OF ARIZONA, COUNTY OF MARICOPA

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to the within action. My business address is 16427 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

On July 27, 2009, I served the foregoing document described as **DEFENDANTS' BRIEF RE RELEVANCE AND ADMISSIBILITY OF DEFENDANTS' FEDERAL TRADEMARK REGISTRATION** on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Scottsdale, Arizona in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I caused the above-mentioned document to be personally served to the offices of the addressee.

☐ BY FACSIMILE: I communicated such document via facsimile to the addressee as indicated on the attached service list.

☐ BY FEDERAL EXPRESS: I caused said document to be sent via Federal Express to the addressee as indicated on the attached service list.

☒ BY ELECTRONIC MAIL: I caused the above-referenced document to be served to the addressee on the attached service list.

Executed on July 27, 2009, at Scottsdale, Arizona.

X (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Jamie Tuccio_
Jamie Tuccio

# SERVICE LIST

**VIA EMAIL**
Ronald Oines, Esq.
Rutan & Tucker, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-1931
roines@rutan.com
Telephone: (714) 641-5100
Facsimile: (714) 546-9035

*Attorneys for JIPC MANAGEMENT, INC.*

**VIA EMAIL**
Randolph C. Foster, Esq.
Steven E. Klein, Esq.
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
rcfoster@stoel.com
seklein@stoel.com
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

*Attorneys for JIPC MANAGEMENT, INC.*

7

**DEFENDANTS' BRIEF RE: RELEVANCE AND ADMISSIBILITY OF DEFENDANTS' FEDERAL TRADEMARK REGISTRATION**

#9451 v1 phx