# EXHIBIT 1

1                UNITED STATES DISTRICT COURT

2                CENTRAL DISTRICT OF CALIFORNIA

3                         ---

4        **HONORABLE MARGARET M. MORROW, JUDGE PRESIDING**

5                         ---

6    JIPC MANAGEMENT, INC.,        :
                                   :
7            PLAINTIFF,            :
                                   :
8        VS.                      :   NO. CV 08-4310-MMM
                                   :
9    INCREDIBLE PIZZA CO., INC.,   :
     ET AL.,                       :
10                                 :
             DEFENDANT.            :
11   _____:

12

13

14

15           REPORTER'S TRANSCRIPT OF PROCEEDINGS

16               LOS ANGELES, CALIFORNIA

17              MONDAY, JULY 13, 2009

18

19

20

21

22               MARK SCHWEITZER, CSR, RPR, CRR
                 OFFICIAL COURT REPORTER
23               UNITED STATES DISTRICT COURT
                 181-H ROYBAL FEDERAL BUILDING
24               255 EAST TEMPLE STREET
                 LOS ANGELES, CALIFORNIA 90012
25               (213) 663-3494

1          Let's turn to the pretrial conference order and the

2     balance of the pretrial conference issues.

3          First of all, I noted the statement, at the

4     beginning of the pretrial conference order, that the parties

5     want to essentially prepare an amended order once the motions

6     in limine have been ruled on, and, you know, the summary

7     judgment order was finished, but apparently the clerk's office

8     failed to file it.  So for that I apologize.  There was some

9     kind of clerical mix-up in that.

10         But you have that now, too.  So I don't know that we

11    have to spend a great deal of time going, you know, paragraph

12    by paragraph or section by section through this pretrial

13    conference order.  There are, however, a few things that I

14    wanted to bring to counsels' attention.

15         Starting on page 20, line 5, which is the discussion

16    of the May 2000 telephone conversation, to the extent that the

17    Court concludes that that is excludable under 408, then that

18    text, I think, would need to come out.  There is also in the

19    following paragraph a discussion of a statement of use signed

20    by Mr. Barsness.

21         What exactly does plaintiff perceive to be the

22    relevance of that?

23         MR. KLEIN:  Your Honor, the defendants have

24    indicated that they intend on introducing and relying on their

25    federal registration.  We have alleged that that registration

1    is invalid for, among other things, fraud.  And the submission

2    of the statement of use is one of the bases for that

3    contention.  The statement of use claim that defendants were

4    using the mark, had begun using the mark in commerce, and two

5    examples were provided.  One was business stationery for

6    Springfield's Incredible Pizza Company as well as a mock-up of

7    what the store was going to look like.  And this was submitted

8    before -- far before the store ever opened.

9         So in fact there was no use in commerce which would

10   support the claim that that was the basis for these.  And then

11   the other type of evidence which was submitted was evidence of

12   use by Mason Scott's company in Amarillo.  And again, we

13   contend that that use was not -- that wasn't licensed.  That

14   wasn't with the approval -- well, whether or not --

15        THE COURT:  Let's see if I could understand this.

16   You are suggesting that the defense is going to introduce the

17   federal registrations to show lack of confusion?

18        MR. KLEIN:  Among other things, yes.  They have

19   argued that the issuance of that registration by -- and the

20   subsequent issuance of our registrations demonstrates that the

21   PTO termed that there wasn't confusion between the two marks.

22        THE COURT:  And the statement of use and this other

23   evidence that you're referencing is the subject of your

24   cancellation proceeding before the TTAB; right?

25        MR. KLEIN:  Right.  Which has been stayed.

1      THE COURT:  Right.  But we're not trying that here.

2      MR. KLEIN:  We have included those allegations in

3 our complaint.

4      THE COURT:  You don't have a claim for cancellation

5 of their mark.

6      MR. KLEIN:  That is correct.  But I'm not sure we

7 would need it to rebut -- I don't think we need to cancel it

8 to show that it's -- to overcome the presumption that the mark

9 is entitled to.

10      THE COURT:  Well, it's not being introduced for

11 presumption.  It's being introduced to suggest that the PTO

12 found that there was no likelihood of confusion between these

13 two marks because it registered both of them.  A weak

14 inference at best, but in any event, since they register all

15 kinds of things that ultimately turn out to be confusingly

16 similar.

17      So my concern about this, and I'll invite both

18 parties, if you would like, to submit briefs to me of no more

19 than five pages on this issue, is this feels to me like a

20 tangential issue that is going fairly far afield of what the

21 actual claims are that are going to be tried in this case and

22 that it would suggest to the Court that it was properly

23 excluded under 403 because it's just going to consume a lot of

24 time getting into a sizeable debate about whether or not the

25 defendants committed fraud before the PTO in registering their

1  marks.

2          But go ahead and file something on that issue by

3  the -- by the 27th. Either party who wishes to address it.

4          The other thing that I'd like the plaintiffs to

5  think about is they have here, putting aside attorneys' fees

6  claims, four claims for essentially the same thing. I mean

7  four different legal bases for essentially the same thing.

8          I would like the parties to confer as to whether or

9  not they could enter into some kind of a stipulation that

10 would allow us to try one of these claims to the jury and have

11 an agreement that it would result in a judgment for or against

12 the plaintiff on all of the claims so that we don't have to

13 prepare hundred-page jury instructions for these poor folks

14 and ask them to wade through all that.

15         I think the same thing would be true for the

16 declaratory relief counterclaim that the defense has asserted,

17 if we could come to a similar understanding on that. So all

18 we have to give them is a Lanham Act trademark infringement

19 claim, and then they can run with that.

20         I'm on page 28 now of the pretrial conference order.

21 And under Affirmative Defense No. 3, abandonment, under

22 subparagraph 2, it says JIPC acted or failed to act so that

23 the primary significance of the JIPC marks to perspective

24 purchasers has become JIPC's goods and services themselves and

25 not JIPC.

1          MR. KLEIN:  No, your Honor.

2          THE COURT:  Defense?

3          MR. BERNARD:  Just, your Honor, I should have done

4    this at the beginning.  I just wanted to thank you for

5    approving our pro hac admissions, and it's a pleasure to be in

6    the court.

7          THE COURT:  Well, we love to have you here.  Thank

8    you very much.

9          Okay, Counsel.  Thank you.

10

11         (Proceedings concluded at 10:50 A.M.)

12

13                    **C E R T I F I C A T E**

14

15

16         I hereby certify that pursuant to Title 28,

17   Section 753 United States Code, the foregoing is a true and

18   correct transcript of the stenographically reported

19   proceedings in the above matter.

20         Certified on July 14, 2009.

21

22

23

       _____
24     **MARK SCHWEITZER, CSR, RPR, CRR**
       Official Court Reporter
25     License No. 10514